1    LATHAM & WATKINS LLP
     Kenneth M. Fitzgerald (SBN 142505)
2      Hassan Elrakabawy (SBN 248146)
   600 West Broadway, Suite 1800
3    San Diego, California 92101-3375
   Telephone: +1.619.236.1234
4    Facsimile: +1.619.696.7419

5    Attorneys for Defendant
   Reed Elsevier Inc.

6

7

8             UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| JERRY CZAJKOWSKI, Ph.D, an individual, | CASE NO. 07 CV 2383 JM (LSP) |
| Plaintiff, | DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS |
| v. | DATE: February 8, 2008 |
| REED ELSEVIER INC., a Massachusetts Corporation, | TIME: 1:30 p.m. COURTROOM: 16 |
| Defendant. | Honorable Jeffrey T. Miller |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SD\614961.1

# TABLE OF CONTENTS

PAGE

I.    INTRODUCTION ...................................................................................1

II.   FACTS .....................................................................................................2

    A.    Plaintiff Becomes a Dissenting Shareholder. .........................................3

    B.    Plaintiff Sues To Enforce His Rights as an HBJ
        Shareholder. ..............................................................................................3

        1.    The Ninth Circuit Determines that Plaintiff's
            Exclusive Remedy is an Appraisal Proceeding. ........................4

            a.    HBJ Obtains Summary Judgment Against
                Plaintiff. .........................................................................5

    C.    Plaintiff's Second and Third Lawsuits Over the
        Disposition of His HBJ Preferred Stock. ...............................................7

III.  ARGUMENT ............................................................................................9

    A.    Plaintiff's Claim is Barred by Claim and Issue
        Preclusion. .................................................................................................9

        1.    Claim Preclusion ..................................................................... 10

            a.    Identity of Claims. ...................................................... 11

            b.    Plaintiff's Breach of Contract Claim is
                Identical to His Prior Cause of Action. ...................... 12

        2.    Issue Preclusion ...................................................................... 16

    B.    Plaintiff's Breach of Contract Claim is Untimely. ............................. 17

IV.   CONCLUSION ...................................................................................... 18

LATHAM&WATKINS<sup>LLP</sup>  SD\614961.1
ATTORNEYS AT LAW
SAN DIEGO

i

CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S POINTS & AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS

# TABLE OF AUTHORITIES

PAGE

## FEDERAL CASES

Clark v. Bear Stearns & Co.,
    966 F.2d 1318 (9th Cir. 1992)................................................17

Costantini v. Trans World Airlines,
    681 F.2d 1199 (9th Cir. 1982).............................. 10, 11, 16

Disimone v. Browner,
    121 F.3d 1262 (9th Cir. 1997)...............................................17

Headwaters Inc. v. Forest Conservation Council,
    399 F.3d 1047 (9th Cir. 2005)................................ 2, 10, 11

Hells Canyon Preservation Council v. United States Forest Serv.,
    403 F.3d 683 (9th Cir. 2005)........................................ 10, 11

International Union of Operating Eng'rs-Employers Construction Ind.
    Pension, Welfare & Training Funds v. Karr,
    994 F.2d 1426 (9th Cir. 1993)........................... 10, 11, 12, 15

Intri-Plex Techs., Inc. v. Crest Group, Inc.,
    499 F.3d 1048 (9th Cir. 2007).........................................2, 11

Jacobs v. CBS Broad. Inc.,
    291 F.3d 1173 (9th Cir. 2002)...............................................11

McLain v. Podaca,
    793 F.2d 1031 (9th Cir. 1986) ......................... 10, 12, 15, 16

Montana v. United States,
    440 U.S. 147 (1979) ...........................................................9

Mullis v. United States Bankruptcy Court for the District of Nevada,
    828 F.2d 1385 (9th Cir. 1987)................................................2

Parklane Hosiery Co., Inc. v. Shore,
    439 U.S. 322 (1979) .........................................................16

Schoenleber v. Harrah's Laughlin, Inc.,
    423 F. Supp. 2d 1109 (9th Cir. 2006).................................16

Southern Pacific R. Co. v. United States,
    168 U.S. 1 (1897) .............................................................9

## OTHER AUTHORITIES

18B Am.Jur.2d 183 ...........................................................5

New York Bus. Corp. Law § 623(e)....................................14

New York Civ. Prac. Law & R. § 213(2) ...........................18

LATHAM&WATKINS LLP   SD\614961.1
ATTORNEYS AT LAW
SAN DIEGO

ii

CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S POINTS & AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS

# I.

## INTRODUCTION

Plaintiff Jerry Czajkowski, acting in pro per, filed this action more than fifteen years after his breach of contract claim accrued. Moreover, this is the third breach of contract suit he has filed to enforce his rights as a preferred stockholder in Harcourt Brace Jovanovich ("HBJ"). Through this case, he seeks to re-litigate a final judgment of this Court, affirmed by the Ninth Circuit, which finally adjudicated the rights and remedies he now tries to resurrect. This Court should dismiss his Complaint with prejudice, because the doctrines of res judicata, collateral estoppel and the statute of limitations bar his claim, as a matter of law.

Plaintiff was an owner of preferred stock in HBJ. HBJ was acquired by General Cinema Corporation ("GCC") though a 1991 merger. Plaintiff was dissatisfied with the effect of that merger on his preferred stock, because under the terms of the merger, his stock was redeemed for $.69 per share in cash, and his rights as a preferred shareholder (to receive a high dividend and redemption at maturity of $13.50 per share) were extinguished. As a result, plaintiff sued HBJ in 1992, alleging (as he does again now) breach of contract, based on the contention that his "vested property rights" in the preferred stock were wrongfully deprived. In his first lawsuit, the Ninth Circuit held that plaintiff's exclusive remedy was an appraisal of the fair value of his shares. Summary judgment was eventually granted against plaintiff on his appraisal claim, and his action was dismissed with prejudice. That judgment of dismissal was affirmed by the Ninth Circuit in 1999.

Undaunted, plaintiff filed this action nearly nine years after entry of the final judgment, again seeking recompense for the deprivation of his purported rights as an HBJ preferred stockholder. As he did in the first lawsuit, plaintiff re-alleges that his "vested property rights" in the HBJ stock were wrongfully deprived as a result of the merger. He also now alleges that his HBJ preferred stock must be honored by a new defendant, Reed Elsevier, Inc. ("Reed"), a company which

LATHAM&WATKINS LLP  SD\614961.1
ATTORNEYS AT LAW
SAN DIEGO                                1

CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S POINTS & AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS

1  acquired the merged company from the 1991 HBJ/GCC merger, Harcourt General,

2  in 2001.  Plaintiff's attempt to impose liability on another successor corporation to

3  HBJ, *over a decade after his HBJ stock was redeemed and his rights thereunder*

4  *extinguished*, must be rejected.  Plaintiff had one remedy – an appraisal – arising

5  from his ownership of HBJ stock.  He pursued that appraisal, suffered a judgment

6  of dismissal in his appraisal action, and therefore has no remaining rights as a

7  stockholder, and no claims left to pursue.

8       In addition, plaintiff's claim is plainly barred by New York's six-year

9  statute of limitations.  Plaintiff's claim accrued in 1991, when HBJ repudiated

10 plaintiff's purported contractual rights to dividends and a $13.50 redemption price.

11 As a result, to the extent that plaintiff's current breach of contract claim could be

12 viewed as distinct from the claim previously litigated to judgment, plaintiff was

13 obligated to file suit by 1997.  Because he did not, his breach of contract claim,

14 even if considered different from his prior lawsuit, is now time-barred.  Therefore,

15 the complaint should be dismissed with prejudice.

16                                  **II.**

17                                 **FACTS**

18       The facts supporting this motion are found in the Complaint, and in

19 the pleadings and orders from plaintiff's prior litigation.  The Court may take

20 judicial notice of those pleadings and orders in considering this motion.  See, e.g.,

21 Intri-Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1052 (9th Cir. 2007)

22 (internal quotations omitted) (finding that a court may consider pleadings filed and

23 opinions rendered in a prior, related action "without converting a motion to dismiss

24 into a motion for summary judgment[.]"); Headwaters Inc. v. Forest Conservation

25 Council, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) (taking judicial notice of filings

26 on a docket); Mullis v. United States Bankr. Court for the Dist. of Nevada, 828

27 F.2d 1385, 1388 (9th Cir. 1987) ("[F]acts subject to judicial notice may be

28 considered on a motion to dismiss.").

LATHAM&WATKINS LLP  SD\614961.1
ATTORNEYS AT LAW
SAN DIEGO
                                         2         CASE NO. 07 CV 2383 JM (LSP)
                                                   DEFENDANT'S POINTS & AUTHORITIES IN
                                                   SUPPORT OF MOTION TO DISMISS

1    **A.    Plaintiff Becomes a Dissenting Shareholder.**

2    Plaintiff (and his mother, now deceased) purchased 5,083 shares of

3    preferred stock in HBJ between October 16, 1989 and November 28, 1990.

4    Complaint ¶ 53, Exh. 1.  In 1991, when HBJ was in extreme financial distress and

5    facing a potential bankruptcy, it was acquired by GCC.  Id. ¶¶ 19, 25; Request For

6    Judicial Notice, Exh. A (Czajkowski v. Jovanovich et al., Case No. 92-CV-0431,

7    Order Granting Defendants' Motion For Summary Judgment (Feb. 9, 1998)) at

8    3:17-28.[1]  Under the terms of the merger, holders of HBJ preferred shares received

9    $.69 per share for their stock.  Plaintiff perfected his right as a dissenting

10   shareholder by objecting to the terms of the merger, and refusing the cash tendered

11   to him for his preferred stock.  See, e.g., Complaint ¶¶ 55-58.

12   **B.    Plaintiff Sues To Enforce His Rights as an HBJ Shareholder.**

13   On February 25, 1992, plaintiff and his mother filed a pro se lawsuit

14   against HBJ in San Diego County Superior Court, and his case was removed to this

15   Court.  See RFN, Exh. A at 1:28-2:6.  In the 1992 action, plaintiff alleged breach

16   of contract and fraud, based on the allegation that HBJ breached a contractual

17   obligation to pay him $13.50 per share plus unpaid dividends (at 12% per year),

18   when it redeemed his stock for $.69/share, pursuant to the terms of the merger.

19   See RFN, Exh. B at 2:19-3:3.  Plaintiff requested that HBJ be "ordered to comply

20   with the terms of the CONTRACT, and pay Plaintiffs the full liquidation price of

21   the HBJ Preferred Stock of $13.50 per share, and unpaid dividends."  Id. at 4:25-

22   5:1.  Plaintiff then filed an Amended Complaint, which alleged that he was entitled

23   to the "liquidation/maturity value of the HBJ preferred Stock of $13.50, plus

24   unpaid dividends and interest."  RFN, Exh. C at 2:21-23 (emphasis added).  He

25   

26   [1]   The prior orders of this Court and the Ninth Circuit and pleadings from
      plaintiff's first lawsuit, Czajkowski v. Jovanovich et al., Case No. 92-CIV-
27   0431-B (AJB), are attached to the accompanying Request For Judicial Notice
      ("RFN"), and will be cited herein as "RFN, Exh. ▨."

28   

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO          SD\614961.1

3          CASE NO. 07 CV 2383 JM (LSP)
          DEFENDANT'S POINTS & AUTHORITIES IN
          SUPPORT OF MOTION TO DISMISS

1   also alleged that HBJ repudiated and irretrievably breached the contractual

2   obligation he was owed to receive $13.50 per share plus 12% dividends. Id. at

3   8:12-17 ("As the GCC and HBJ merger liquidated HBJ Pref. Stock from existence,

4   Plaintiffs will never have a chance to recover their original 1989 investment, nor

5   dividends paid in additional shares, nor interest and profits, unless the Court deems

6   that" plaintiff was entitled to "equitable relief of $13.50 per share."). Plaintiff also

7   alleged that his contract required HBJ to redeem, "on June 30, 2003, and on each

8   June 30 thereafter through June 30, 2006, . . . all remaining shares . . . at the

9   redemption price of $13.50 per share, plus accrued and unpaid dividends, if any, to

10  the date of redemption." Id. at 10:23-27. As such, he alleged, HBJ's preferred

11  stock was "just like other HBJ debentures (bonds)," id. at 11:3-5, and that the

12  merger terms were not "in accordance with the CONTRACT." Id. at 11:25-27.

13  Again, plaintiff prayed for an order compelling defendants to "comply with the

14  terms of the CONTRACT," by paying "in full the liquidation/maturity price of the

15  HBJ Preferred Stock of $13.50 per share, and unpaid dividends and interest . . . ."

16  Id. at 13:14-17.

17          **1.    The Ninth Circuit Determines that Plaintiff's Exclusive**

18                **Remedy is an Appraisal Proceeding.**

19          The District Court (Rhoades, J.) dismissed plaintiff's complaint based

20  on New York Business Corporations Law, which specifies that any action by a

21  dissenting shareholder to a merger had to be brought as an appraisal proceeding in

22  New York. The Ninth Circuit reversed, finding that New York could not deprive a

23  federal court from exercising diversity jurisdiction over a claim by a dissenting

24  shareholder to a merger. RFN, Exh. D (Czajkowski v. Jovanovich et al., No. 92-

25  55787, 1994 WL 247089, at *3 (9th Cir. Jun. 8, 1994) (unpublished opinion)). The

26  Ninth Circuit further held that as a shareholder under New York Law, plaintiff's

27  exclusive remedy arising from the 1991 merger and the resulting redemption of his

28  preferred stock was an appraisal proceeding, to determine the fair value of his

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\614961.1

4

CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S POINTS & AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS

1  shares.  Id. at *2-3.  The Ninth Circuit remanded and directed the District Court to

2  permit plaintiff to recast his complaint as one for appraisal.  Id. at *4.

3              a.       **HBJ Obtains Summary Judgment Against Plaintiff**.

4              After remand, plaintiff filed a Fifth Amended Complaint, which

5  contains many of the same allegations repeated in the instant action.  Plaintiff pled

6  claims for breach of fiduciary duty, breach of contract and fraud, based on HBJ's

7  alleged failure to provide adequate compensation for his preferred shares in

8  accordance with the "contractual $13.50 redemption value of [his] vested stock"

9  and the "explicit assurances of their good return (12% dividend)."  RFN, Exh. E

10  (Fifth Amended Complaint) at 5:10; 2:6.  Plaintiff further complained that HBJ,

11  "without due process of law, in violation of [his] rights guaranteed by the Federal

12  and State Constitutions, had [his] vested property rights destroyed by the

13  defendants, *i.e.*, **[his] ownership of the noncallable HBJ vested stock was**

14  **impaired *before* its maturity date of June 30, 2003.**"  RFN, Exh. E at 8:11-13

15  (emphasis added).

16              More specifically, plaintiff complained that HBJ had wrongfully

17  deprived him of the 12% dividends promised in the "contract" embodied in the

18  HBJ stock certificate, as well as a redemption price of $13.50 a share upon

19  consummation of the merger.  See, e.g., RFN, Exh. E at 2:10-12 ("According to the

20  HBJ CONTRACT and authority of 18B Am.Jur.2d 183, the plaintiffs are entitled

21  to unpaid 12% dividends from 1-01-91 to a notification date of 12-09-91.

22  However, since 1-01-91 defendants did not pay any . . . ."); id. at 5:10 ("plaintiffs

23  have the right to seek the contractual $13.50 redemption value of their vested

24  stock"); id. at 2:17-18 ("The HBJ CONTRACT guaranteed at any redemption time

25  or at the maturity, $13.50 per share to its vested creditors, and cumulative 12%

26  dividends . . . .") (emphasis added); id. at 3:5-7 ("Plaintiffs' right to receive $13.50

27  per share with accrued dividends . . . was a valuable vested property right, and

28  HBJ-GCC two-step merger did not have the authority . . . to take away those

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN DIEGO

SD\614961.1

5

CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S POINTS & AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS

1    vested rights without the plaintiffs' consent.")[2]  The gravamen of plaintiff's

2    complaint was that his preferred shares were being unlawfully divested, since they

3    were being redeemed <u>and</u> <u>extinguished</u>, in exchange for $.69 per share, as a result

4    of the merger.  Thus, plaintiff alleged that "HBJ illegally liquidated its vested 12%

5    preferred stock without any consideration for the plaintiff's vested property rights."

6    <u>Id</u>. at 4:15-17.  Plaintiff ultimately prayed for "equitable relief and appraisal [sic]

7    seek <u>specific performance</u> of the CONTRACT and an appraisal in accordance with

8    said CONTRACT and authorities."  <u>Id</u>. at 6:19-20 (emphasis in original).  In

9    particular, plaintiff requested the Court award him the "<u>redemption price equal to</u>

10   <u>$13.50 per share plus accrued and unpaid dividends</u>."  <u>Id</u>.  at 8:20-22 (emphasis

11   added).  He then moved for summary judgment, seeking payment of $13.50 per

12   share as "equitable relief."  RFN, Exh. F at 2:23-25.  In his motion, plaintiff

13   argued, as he alleges again now, that HBJ was contractually obligated to pay him

14   $13.50 per share plus accumulated dividends for his shares.  <u>Id</u>. at 5:18-20, n.2.  He

15   also argued, as he alleges now, that his stock was really more like a bond.  <u>Id</u>. at

16   5:18-29 ("Plaintiffs in simple terms were asking for . . . **'the maturity value of the**

17   **preferred bond-like stock'** according with the terms of the breached **HBJ**

18   **CONTRACT**.") (emphasis in original); <u>id</u>. at 8:8-10 ("Plaintiffs . . . do not seek

19   'fair value' of the stock or its appraisal, because in legal terms the pref. stock is not

20

21   [2]   In an apparent attempt to avoid the res judicata effect of the judgment in his
22   first action, plaintiff goes to great lengths to differentiate that lawsuit from this
      one, alleging that his first lawsuit concerned only the liquidation preference,
23   and not the requirement for HBJ to redeem the shares for $13.50 per share plus
      unpaid dividends.  <u>See</u> Complaint ¶¶ 34, 65, 75-76.  However, as his Fifth
24   Amended Complaint reveals, plaintiff alleged repeatedly in the first action that
      HBJ breached its contractual obligations by failing to redeem the shares for
25   $13.50 per share, and by failing to pay the 12% dividends.  <u>See, e.g.</u>, RFN, Exh.
      E at 5:10 ("plaintiffs have the right to seek the contractual $13.50 redemption
26   value of their vested stock"); <u>id</u>. at 5:24-27 ("defendants breached their
      fiduciary duty . . . by unlawfully divesting the 12% preferred stock"); <u>id</u>. at
27   7:17-19 ("The **HBJ CONTRACT** itself, which guaranteed to the plaintiffs that
      their 'noncallable' vested stock may be 'callable' but only at the redemption
28   price equal to its maturity price of $13.50 per share.") (emphasis in original).

LATHAM&WATKINS LLP   SD\614961.1
ATTORNEYS AT LAW
SAN DIEGO

6

CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S POINTS & AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS

a 'stock' per se, but a <u>bond</u> with a fixed maturity date (June 30, 2007), and value of $13.50 . . . .") (emphasis in original).  He also argued, as he alleges now, that he was contractually entitled to be paid the "maturity price of the HBJ Preferred Stock of $13.50 per share, and unpaid dividends . . . ." <u>Id</u>. at 8:24-26.  In addition, he claimed that "because of these Court's [sic] errors, Plaintiffs' case for **Breach of Contract and Fraud** has been turned into an illegal Appraisal Proceeding." <u>Id</u>. at 7:19-21 (emphasis in original).[3]  The District Court (Brewster, J.) denied plaintiff's motion, and thereafter granted summary judgment to HBJ, based on undisputed evidence that the price paid to plaintiff under the terms of the merger was fair. RFN, Exh. A at 4:25-5:1.  Rather than appeal that judgment, plaintiff moved for reconsideration, and the Judge Brewster denied the motion.  RFN, Exh. G.[4] Plaintiff failed to timely appeal the order granting summary judgment, but the Ninth Circuit did consider – *and affirm* – the District Court's denial of plaintiff's motion for reconsideration.  RFN, Exh. H (<u>Czajkowski v. Jovanovich</u>, No. 98-55904, 1999 WL 282472, at *1 (9th Cir. Apr. 12, 1999) (unpublished opinion)). The Ninth Circuit's decision finally terminated plaintiff's claims arising from the disposition of his HBJ preferred stock.

### C.    <u>Plaintiff's Second and Third Lawsuits Over the Disposition of His HBJ Preferred Stock.</u>

Notwithstanding the entry of final judgment almost a decade ago, plaintiff filed another action over his HBJ stock on December 12, 2007, against

---

[3]  Plaintiff reiterated these arguments, and asserted that the appraisal proceeding mandated by the Ninth Circuit was unconstitutional, in his reply brief supporting his motion for summary judgment.  <u>See generally</u> RFN, Exh. K at 1-13.

[4]  In his motion for reconsideration, Plaintiff argued that the District Court obstructed justice, because defendant's counsel, a former law clerk in the Southern District of California, was "in solidarity" with the Court's current law clerks.  RFN, Exh. D at 3:4-9.  The District Court (Brewster, J.) characterized Plaintiff's allegations as "hysterical" and "false."  <u>Id</u>. at 4:2-6.

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN DIEGO

SD\614961.1

7

CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S POINTS & AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS

1    Reed, in the Northern District of Illinois. See RFN, Exh. I.[5] On December 13,

2    2007, Judge Shadur dismissed that action, *sua sponte*, for lack of subject matter

3    jurisdiction. RFN, Exh. J. A short time later, on December 19, 2007, plaintiff

4    returned to this Court, filing the Complaint herein.

5           In this action,  plaintiff again alleges breach of the "redemption

6    contract" allegedly embodied in his HBJ preferred stock. See Complaint ¶¶ 52, 94-

7    103. In his Complaint, plaintiff discusses the previous "lengthy and protracted

8    litigation in the Southern District of California's Federal Court[,]" and sets forth

9    the Ninth Circuit's ruling that "there was no *liquidation* of HBJ in 1991, and so the

10   '*exclusive remedy*' of the 12% Preferred Stock in 1991 was an *appraisal*[.]" *Id.* ¶¶

11   59-60 (emphasis in original). He also alleges that his preferred stock was not

12   really stock, but rather a loan he made to HBJ. Complaint ¶ 46 ("To help finance

13   HBJ's 1987 Recapitalization, Plaintiffs loaned money to HBJ at 12% per year via

14   their purchase of the 12% Preferred. Plaintiffs paid for the **Debt Security**, in its

15   full statutory meaning . . . .") (emphasis in original). Otherwise, the Complaint

16   reiterates the central factual allegations previously pled in the earlier suit relating

17   to plaintiff's purchase of the HBJ preferred stock, the merger between HBJ and

18   GCC, and the deprivation of plaintiff's rights as a consequence of the merger. See

19   generally Complaint ¶¶ 6-36, 52, 54-58; RFN, Exh. E at 2-8. In addition, plaintiff

20   alleges: "[T]he 1998 final order granting Defendants Motion for Summary

21   Judgment[] did not order the Plaintiffs to surrender and sell the Loan Certificate for

22   $.69/share. It only affirmed HBJ's 1992 contention, that at the time of the 1991

23

24   [5] Plaintiff was apparently encouraged into filing suit by the recently announced
     sale by Reed of certain of its assets. See Complaint ¶ 94 ("Therefore, the
25   Defendants who are in the process of selling parts of the former HBJ for $4.0
     billion, definitely are financially able to redeem their own HBJ shares . . . for
26   the Plaintiff who possesses *vested property rights* . . . .") (emphasis in original).
     Plaintiff's opportunistic view is misguided, because he has no legal rights
27   against Reed, or anyone else, based on his prior ownership of HBJ preferred
     stock.
28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\614961.1

8

CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S POINTS & AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS

1   merger, the $.69/share was a '*fair price*', and if Plaintiffs should agree to sell

2   (since there was no liquidation of HBJ), HBJ did not have to offer them more than

3   $.69/share." Id. ¶ 62.

4          In his renewed effort to sue over the same rights finally adjudicated in

5   1999, plaintiff misconstrues the prior orders of this Court and the Ninth Circuit,

6   fails to recognize their legal effect, and ignores the fundamental fact that his rights

7   as an HBJ stockholder were extinguished many years ago, as a result of the

8   HBJ/GCC merger, as he himself previously alleged.  Despite plaintiff's attempt to

9   plead around these realities in his new lawsuit, the facts he pleads and judicially

10  noticeable orders of this Court and the Ninth Circuit establish that, as a matter of

11  law, plaintiff's claim is barred by res judicata, collateral estoppel, and the statute of

12  limitations.

13                                    **III.**

14                                  **ARGUMENT**

15  A.    **Plaintiff's Claim is Barred by Claim and Issue Preclusion.**

16          "A fundamental precept of common-law adjudication, embodied in

17  the related doctrines of collateral estoppel and res judicata, is that a 'right . . .

18  distinctly put in issue and directly determined by a court of competent jurisdiction .

19  . . cannot be disputed in a subsequent suit between the same parties or their

20  privies." Montana v. United States, 440 U.S. 147, 153 (1979) (quoting Southern

21  Pacific R. Co. v. United States, 168 U.S. 1, 48-49 (1897)).  These doctrines are

22  fundamental to the purpose of our civil court system – to facilitate conclusive

23  resolution of disputes. Id.  Thus, application of both doctrines precludes parties

24  from "contesting matters that they have had a full and fair opportunity to litigate[,]

25  protects their adversaries from the expense and vexation attending multiple

26  lawsuits, conserves judicial resources, and fosters reliance on judicial action by

27  minimizing the possibility of inconsistent decisions." Montana, 440 U.S. at 153-4.

28

1        Even a cursory review of the pleadings and opinions in the prior

2   action reveal that plaintiff's complaint should be dismissed, based on res judicata

3   and collateral estoppel.  First, plaintiff previously litigated the breach of contract

4   claim based on the alleged deprivation of his "property rights" in his HBJ preferred

5   shares.  Second, the Ninth Circuit determined that plaintiff's <u>sole remedy</u> as an

6   HBJ shareholder was to seek an appraisal of his shares.  His appraisal claim was

7   litigated to final judgment; therefore, this Court should dismiss the Complaint with

8   prejudice.

9        **1.    <u>Claim Preclusion</u>**

10       Under res judicata (or claim preclusion), a final judgment on the

11  merits acts as a bar to a subsequent suit between the same parties (or their privies)

12  involving the same cause of action.  <u>Hells Canyon Pres. Council v. United States</u>

13  <u>Forest Serv.</u>, 403 F.3d 683, 686 (9th Cir. 2005) (quoting <u>Headwaters Inc.</u>, 399 F.3d

14  at 1051-52) ("The doctrine of res judicata provides that a final judgment on the

15  merits bars further claims by parties or their privies based on the same cause of

16  action").  The bar extends to what was actually decided in the first action, as well

17  as those matters that could have been raised.  <u>Int'l Union of Operating Eng'rs-</u>

18  <u>Employers Constr. Ind. Pension, Welfare & Training Funds v. Karr</u>, 994 F.2d

19  1426, 1429 (9th Cir. 1993); <u>McLain v. Podaca</u>, 793 F.2d 1030, 1033 (9th Cir.

20  1986) (internal quotation omitted) ("The doctrine of claim preclusion bars all

21  grounds for recovery which could have been asserted, whether they were or not");

22  <u>Costantini v. Trans World Airlines</u>, 681 F.2d 1199, 1201 (9th Cir. 1982) (finding

23  that a plaintiff "does not avoid the bar of res judicata merely because he now

24  alleges conduct [] not alleged in his prior suit, nor because he has pleaded a new

25  legal theory.").  A claim is precluded by res judicata where: (1) there is a final

26  judgment on the merits rendered by a court of competent jurisdiction; (2) there is

27  an identity of parties (or their privies); and (3) there is an identity of cause of

28

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN DIEGO                SD\614961.1

10

CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S POINTS & AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS

1  action. Hells Canyon, 403 F.3d at 686; Headwaters Inc., 399 F.3d at 1052.[6]

2         It is indisputable that plaintiff's first lawsuit resulted in a final

3  judgment on the merits and that both actions involve the same parties and privies –

4  Czajkowski and Reed, HBJ's corporate successor. See Headwaters Inc., 399 F.3d

5  at 1053 (listing "successors in interest" as prime examples of privity). Further,

6  plaintiff's transparent attempt to cloak the same claim in the language of a new

7  theory does not change the fact that both lawsuits arise from the same

8  "transactional nucleus of facts": the HBJ-GCC merger's effect on plaintiff's

9  "vested property rights" to $13.50 per share and 12% dividends for his HBJ

10 preferred stock. Therefore, plaintiff's breach of contract claim is barred by res

11 judicata.

12         **a.     Identity of Claims.**

13         To determine whether claims are identical for claim preclusion, the

14 Ninth  Circuit considers four factors:

15         (1) whether the rights or interests established in the prior judgment would be
           destroyed or impaired by prosecution of the second action; (2) whether
16         substantially the same evidence is presented in the two actions; (3) whether
           the two suits involve infringement of the same right; and (4) whether the two
17         suits rise out of the same transactional nucleus of facts.

18 Constantini, 681 F.2d at 1201-02. The most important factor - the same

19 "transactional nucleus of facts" - is potentially determinative. See Karr, 994 F.2d

20 at 1430 ("We have previously applied the doctrine of res judicata on the ground

21 that the two claims arose out of the same transaction, without reaching the other

22 factors cited in Costantini."); Hells Canyon, 403 F.3d at 690 (the last of these

23 _____

24 [6]  The Ninth Circuit applies "the law of the forum state" when reviewing a motion
       to dismiss based on res judicata or collateral estoppel. See Intri-Plex Techs.,
25 Inc., 499 F.3d at 1052; Costantini v. Trans World Airlines, 681 F.2d 1199, 1201
       (9th Cir. 1982) ("[A] federal court sitting in diversity must apply the res
26 judicata law of the state in which it sits."). However, "[u]nder California law,
       the preclusive effect of a prior *federal* judgment is a matter governed by federal
27 law." Jacobs v. CBS Broad. Inc., 291 F.3d 1173, 1177 (9th Cir. 2002)
       (emphasis in original).

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\614961.1

11

CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S POINTS & AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS

1    criteria is the most important."). Application of the foregoing factors has led the

2    Ninth Circuit to hold "that claims based on a breach of the same contract should be

3    brought in the same action so long as the alleged breaches antedate the original

4    action." Karr, 944 F.2d at 1426; see McClain, 793 F.2d at 1034 (finding that

5    plaintiff could not litigate his breach of contract claim twice by pleading "conduct

6    not alleged in his prior action or by pleading a new legal theory").

       **b.**      **Plaintiff's Breach of Contract Claim is Identical to**

                 **His Prior Cause of Action.**

9          Plaintiff is barred from re-litigating the same claim which he

10    previously pled and pursued in this Court: that defendant wrongfully deprived him

11    of the contractual right to $13.50 per share, plus dividends of 12% per year, for his

12    HBJ preferred stock. See, e.g., Complaint ¶ 22; RFN, Exh. E at 2:17-3:3. There

13    are only a few differences between the 1995 Fifth Amended Complaint and the

14    Complaint filed in this Court on December 19, 2007, but none are material. First,

15    plaintiff previously claimed he was entitled to redeem his shares as of the time of

16    the HBJ-GCC merger, whereas he now claims his stock was redeemable at the

17    original date of maturity (June 30, 2003). See, e.g., Complaint ¶ 85; RFN, Exh. E

18    at 6-8. Second, the present Complaint characterizes the HBJ preferred shares as

19    "debt" (which has purportedly accrued unpaid interest) rather than stock. See, e.g.,

20    Complaint ¶¶ 26-30, 36-51. Finally, plaintiff characterizes his prior suit as a

21    "liquidation preference' cause of action," in an attempt to make it seem different

22    from what he now casts as a "breach of contract of the mandatory [] redemption

23    provision." Complaint at 19:15-16. None of these attempts to distinguish this case

24    from plaintiff's first lawsuit is availing.

25          First, in his prior pleadings and summary judgment motion, plaintiff

26    made the same contentions he now attempts to paint as new allegations. Thus, he

27    repeatedly alleged and argued that he was entitled to received $13.50 per share,

28    based on the June 30, 2003 maturity date of the stock. See RFN, Exh. C at 2:21-23

LATHAM&WATKINS
ATTORNEYS AT LAW
SAN DIEGO
SD\614961.1
12
CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S POINTS & AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS

1  (plaintiff alleged that he was entitled to the "maturity value of the HBJ preferred

2  Stock of $13.50); id. at 10:23-27 (plaintiff alleged that the contract required HBJ to

3  redeem, "on June 30, 2003, and on each June 30 thereafter through June 30,

4  2006, . . . all remaining shares . . . at the redemption price of $13.50 per share"); id.

5  at 13:14-17 (plaintiff sought order compelling defendants to pay "maturity price of

6  the HBJ Preferred Stock of $13.50 per share"); RFN, Exh. E at 2:17-18 ("The HBJ

7  CONTRACT guaranteed at any redemption time or at the maturity, $13.50 per

8  share") (emphasis added); id. at 8:20-22 (plaintiff's prayer for award of

9  "redemption price equal to $13.50 per share plus accrued and unpaid dividends").

10 He also argued that his preferred stock was really a debt instrument.  RFN, Exh. C

11 at 11:3-5 (plaintiff alleges that his preferred stock was "just like other HBJ

12 debentures (bonds)"); RFN, Exh. F at 8:8-10 ("in legal terms the pref. stock is not

13 a 'stock' per se, but a bond with a fixed maturity date (June 30, 2007), and value of

14 $13.50"); id. at 5:18-29 ("Plaintiffs in simple terms were asking for . . . **'the**

15 **maturity value of the preferred bond-like stock'** according with the terms of the

16 breached **HBJ CONTRACT**.") (emphasis in original).  Finally, he previously

17 argued that he was entitled to $13.50 per share, because that was the redemption

18 price of the stock, and he was therefore not limited to the appraised fair value of

19 his shares.  See, e.g., RFN, Exh. C at 10:23-27 (plaintiff alleged that the contract

20 required HBJ to redeem, "on June 30, 2003, and on each June 30 thereafter through

21 June 30, 2006, . . . all remaining shares . . . at the redemption price of $13.50 per

22 share"); RFN, Exh. F at 8:8-10 ("Plaintiffs . . . do not seek 'fair value' of the stock

23 or its appraisal, because in legal terms the pref. stock is not a 'stock' per se, but a

24 bond with a fixed maturity date (June 30, 2007), and value of $13.50 . . . .")

25 (emphasis in original).  In granting summary judgment on plaintiff's claims, the

26 District Court necessarily rejected these contentions, which are therefore barred by

27 res judicata.

28

1    Plaintiff's allegation that his action did not accrue until the maturity

2   date on his HBJ stock ignores a fundamental and dispositive fact: his rights as a

3   shareholder, including any rights to the redemption of his stock at maturity, were

4   extinguished as a result of the 1991 HBJ-GCC merger.  See New York Bus. Corp.

5   Law § 623(e) (providing that upon consummation of a merger, a dissenting

6   shareholder "shall cease to have any of the rights of a shareholder except the right

7   to be paid the fair market value of his shares and any other rights under this

8   section.").[7]  Indeed, that is why plaintiff sued in the first place, back in 1992.  Then

9   he sought damages stemming from the HBJ-GCC merger because HBJ made it

10  clear **at that time that no further dividends would be paid, and that no**

11  **redemption of the preferred shares would take place**.  See, e.g., RFN, Exh. E at

12  3:5-7 ("Plaintiffs' right to receive $13.50 per share with accrued dividends on June

13  30, 2003, or 'at any time', was a valuable vested property right, and HBJ-GCC

14  two-step merger did not have the authority of equity or of the U.S. Constitution to

15  take away those vested rights without the plaintiffs' consent."); id. at 4:24-5:2

16  ("the merger culminating in the act of liquidation of the HBJ 12% preferred stock

17  without any regard for plaintiff's vested property rights leads to a conclusion that

18  the HBJ-GCC merger was fraudulent and unlawful"); id. at 5:24 ("defendants

19  breached their fiduciary duty . . . by unlawfully divesting the 12% preferred stock);

20  id. at 6:12-15 ("Defendants broke the **CONTRACT** with the plaintiffs and

21  deprived them of those vested property rights") (emphasis in original).

22  Consequently, plaintiff alleged in his first suit that "without due process of law, in

23  _____

24  [7]  Indeed, plaintiff's claim is fundamentally non-sensical as a factual matter, because he is suing to enforce rights as a shareholder in a corporation that ceased to exist as a result of the merger.  See RFN, Exh. L (New York Secretary

25  of State's Record, showing HBJ to be merged out of existence as of September 9, 1994).  His prior pleadings at least recognized this reality.  See

26  RFN, Exh. C (Amended Complaint) at 5:6-10 ("HBJ Preferred Stock has been liquidated, as it no longer trades on the NY Stock Exchange, and cannot be

27  redeemed to anyone but GCC.  In effect HBJ as an independent financial entity ceased to exist, i.e., it has been liquidated." ).

28

LATHAM&WATKINS™   SD\614961.1
ATTORNEYS AT LAW
SAN DIEGO                                                    14

CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S POINTS & AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS

1   violation of [his] rights guaranteed by the Federal and State Constitutions, [he] had

2   [his] vested property rights destroyed by the defendants, *i.e.*, **[his] ownership of**

3   **the noncallable HBJ vested stock was impaired before its maturity date of**

4   **June 30, 2003.**" Id. at 8:11-13 (emphasis added).  Since his own allegations

5   plainly reveal that the alleged breaches accrued before he filed his first lawsuit,

6   plaintiff is precluded from a second bite at the apple.  See Karr, 944 F.2d at 1426;

7   McClain, 793 F.2d at 1034.

8          Moreover, plaintiff cannot override realities, or res judicata, by

9   labeling his preferred stock as a "debt instrument."  By the same token, he cannot

10   avoid the finality of the judgment in his first lawsuit by characterizing it as one for

11   breach of the "liquidation preference," and this action as one for a breach of the

12   "redemption contract."  These labels do not change the fact that both claims stem

13   from the same transactional facts.[8]  Those facts are that plaintiff's preferred shares

14   were extinguished, in exchange for cash of $.69 per share, as a result of the

15   HBJ/GCC merger in 1991.  As plaintiff alleged in his first lawsuit, the effect of the

16   merger was to destroy his "vested property rights" to receive $13.50 share, and

17   dividends at 12% per year.  Thus, the Ninth Circuit aptly recognized that because

18   of the merger, plaintiff "cease[d] to have any of the rights of a shareholder except

19   the right to be paid the fair value of his shares . . . ."  RFN, Exh. D at *2 (quoting

20   N.Y. Bus. Corp. Law § 623(e)).  The Court also recognized that plaintiff's first

21   "action [was] in essence a claim that [he was] **not paid enough for [his] shares**[.]"

22

23

---

24   [8]  Further, though he now characterizes this preferred stock as a form of debt, the

25   undisputed fact is that Plaintiff did not retain ownership of preferred shares in
HBJ after the merger with GCC.  See RFN, Exh. C at Prayer III (alleging that

26   his "ownership of the noncallable HBJ vested stock was impaired before its
maturity date of June 30, 2003.").  Regardless, the characterization of these

27   shares as debt versus equity is irrelevant to the disposition of this motion,
because under any theory, plaintiff's claims arising from his ownership of these

28   shares were extinguished by the judgment in his first action.

LATHAM&WATKINS LLP  SD\614961.1                                CASE NO. 07 CV 2383 JM (LSP)
ATTORNEYS AT LAW                    15       DEFENDANT'S POINTS & AUTHORITIES IN
SAN DIEGO                                  SUPPORT OF MOTION TO DISMISS

1   Id. at *3 (emphasis added).[9]  Likewise, the gravamen of plaintiff's Complaint here

2   is that defendant owes plaintiff money – based on the purported right to receive

3   $13.50 per share plus accumulated dividends at 12%.  See, e.g., Complaint ¶¶ 52,

4   94-107.  Since the two suits clearly "arise out of the same transactional nucleus of

5   facts," this Court should dismiss the Complaint with prejudice.[10]  See Constantini,

6   681 F.2d at 1201-02; McClain, 793 F.2d at 1034 (finding that plaintiff could not

7   re-litigate his breach of contract claim merely by adding new facts, alleging a new

8   theory of recovery, or seeking "a different remedy for violation of the same

9   primary right[.]").

10         **2.    Issue Preclusion.**

11       Collateral estoppel is an equitable doctrine that prevents a party from

12   re-litigating an issue decided in a prior proceeding.  Parklane Hosiery Co., Inc. v.

13   Shore, 439 U.S. 322, 326 (1979) (collateral estoppel reinforces the binding effect

14   of a judgment and serves "the dual purpose of protecting litigants from the burden

15   of relitigating an identical issue with the same party or his privy and of promoting

16   judicial economy by preventing needless litigation.").  Collateral estoppel applies

17   where: (1) the issue decided in the prior adjudication is identical with the one

18   presented in the suit in question; (2) there was a final judgment on the merits in the

19   prior adjudication; (3) resolution of the issue in question was a necessary

20   component of the decision; and (4) the party against whom estoppel is asserted was

21   a party or in privity with a party to the prior adjudication.  Schoenleber v. Harrah's

---

23  [9]  The Ninth Circuit also held that plaintiff had no right to equitable relief under
24  the narrow "appropriate action" exception to the general rule, since plaintiff was seeking money damages, even while trying to cloak that request as one for equitable relief.  Id. at *3.

25  [10]  While not necessary to consider the remaining Constantini factors, they too are
26  easily met: 1) the Ninth Circuit's ruling that Plaintiff's exclusive remedy was an appraisal would be impaired if Plaintiff could pursue the instant action; 2) the
27  same evidence is required to support both suits; and 3) both actions involve infringement of Plaintiff's right to full remuneration for his "vested property
28  right" in his former HBJ preferred stock.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\614961.1

16

CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S POINTS & AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS

1  Laughlin, Inc., 423 F. Supp. 2d 1109, 1112 (9th Cir. 2006); Disimone v. Browner,

2  121 F.3d 1262, 1267 (9th Cir. 1997) ("In order for collateral estoppel to apply, the

3  issue to be foreclosed in the second litigation must have been litigated and decided

4  in the first case."); Clark v. Bear Stearns & Co., 966 F.2d 1318, 1320 (9th Cir.

5  1992).

6          After exhaustive litigation, the Ninth Circuit considered the full scope

7  of plaintiff's rights as an owner of HBJ preferred stock who objected to the

8  HBJ/GCC merger, and concluded that the only relief available to him was an

9  appraisal. RFN, Exh. D at *3-4. On remand, the District Court granted defendants'

10  motion for summary judgment on the ground that, although plaintiff amended his

11  complaint to request an appraisal, he presented no evidence that the redemption

12  price of $.69/share was unfair. Id. at *5. The District Court denied a motion for

13  reconsideration, which the Ninth Circuit later affirmed. RFN, Exh. H at 2-3. The

14  issue necessarily decided by the District Court and the Ninth Circuit – plaintiff's

15  right to compensation arising from his ownership of HBJ preferred stock – is the

16  identical issue presented by this lawsuit. Although plaintiff attempts to use

17  different labels, he cannot change the fact that this Court and the Ninth Circuit

18  necessarily decided that he was not entitled to receive $13.50 per share, or 12%

19  dividends, or anything more than $.69/share for his HBJ stock, under any theory.

20  Accordingly, plaintiff is bound by the Courts' prior rulings and precluded from

21  again seeking compensation for his HBJ preferred stock. Therefore, this Court

22  should dismiss the Complaint with prejudice.

23      **B.      Plaintiff's Breach of Contract Claim is Untimely.**

24          In addition to being barred by res judicata and collateral estoppel,

25  plaintiff's suit is time-barred. The statute of limitations for any breach of contract

26  claim expired over ten years ago. Plaintiff alleges this action is governed by New

27  York law, which it is. See Complaint ¶ 13 ("The issues presented to this Court are

28  governed by New York law"). New York requires that plaintiffs file breach of

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\614961.1

17

CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S POINTS & AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS

1  contract claims six years from the date of accrual.  New York Civ. Prac. Law & R.

2  § 213(2).  As previously discussed, plaintiff's claim accrued in 1991, when HBJ

3  made it clear that no further dividends would be paid, and that no redemption of

4  his preferred shares for $13.50 would ever take place.  If plaintiff had a contract

5  with HBJ, that contract was repudiated in 1991.  If his current claim were viewed

6  as somehow different from his first suit, which it is not, then the statute of

7  limitations ran on this claim six years after the merger was announced, in 1997.

8  Thus, plaintiff's breach of contract claim is time-barred.  For that reason alone, his

9  claim must be dismissed with prejudice.

10                                  IV.

11                            **CONCLUSION**

12              For the foregoing reasons, defendant respectfully requests the Court to

13  dismiss plaintiff's complaint with prejudice.

14

15  Dated:  January 3, 2008

                                    LATHAM & WATKINS LLP
16                                  Kenneth M. Fitzgerald
                                    Hassan Elrakabawy
17

18                                  By    s/Kenneth M. Fitzgerald
                                        Kenneth M. Fitzgerald
19                                      Attorneys for Defendant Reed
                                        Elsevier, Inc.
20

21

22

23

24

25

26

27

28

LATHAM&WATKINSᴸᴸᴾ   SD\614961.1
ATTORNEYS AT LAW
SAN DIEGO

18

CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S POINTS & AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS