1  Jerry Czajkowski, Ph.D., in Pro Se
2  6370 Streamview Dr
   San Diego, CA 92115
3  619-287-2944

4              UNITED STATES DISTRICT COURT

5              SOUTHERN DISTRICT OF CALIFORNIA

6

7  JERRY CZAJKOWSKI, Ph.D., an individual,   Case No.: 07 CV 2383 JM (LSP)

8              Plaintiff,
                                              Opposition to the Judicial Notice Request
9       vs.
                                              Date: February 8, 2008
10 REED ELSEVIER, INC., a Massachusetts Cor-  Time: 13:30
   poration,                                  Courtroom: 16
11
                                              Honorable Jeffrey T. Miller
12             Defendant

13

14                    **PREAMBLE**

15 1.      In 1999 the 9th Circuit Court of Appeals denied Defendants' Request of Judicial Notice

16 (RJN) - "*We deny Appellees' request of judicial notice*". (Complaint, p.2, Exh.5). The District

17 Court bound by the 9th Circuit ruling should do the same and deny an almost identical RJN.

18                     **FACTS**

19 2.      In 1999 the 9th Circuit denied (see Comp. p.2, Exh.5), an almost identical RJN (Exh. A,

20 B, C, D, E, F, G, K), except for 4 documents not existing then (H, I, J, L). This Court being

21 bound by the 9th Circuit ruling should also deny Defendant's RJN as to Exhibits (A, B, C, D, E,

22 F, G, K) and Exhibits (H, I, J, L), because most of the pleadings filed by the Plaintiffs were hear-

23 say and "*without merit*", and many other documents contained gross errors, or were in error, like

24 the 11/21/91 Certificate of Stock which does not list all the 83,165.5 shares Plaintiffs possessed

25 on 11/21/91, except for those that they bought, 4710 shares, and owned on or about 10/11/90

26 (5083 shares, see Table 1, Complaint at ¶.53, and Exh.1).

27 3.      In the 12/13/07 Complaint (RJN, Exhibit I), that the Plaintiff incorrectly filed and which

28 was dismissed (due to *lack of subject matter jurisdiction*) in the USDC Northern District of Illi-

nois, Eastern Division, he made a major accounting error, requesting as damages $479,926.24 instead of the correct sum $7,084,923.58. This mistake stems from the HBJ's future-dating the Certificate or an HBJ accounting error. Plaintiff's 5083 share Certificate should had been dated as of about 10/11/90 (see Table 1, Complaint at ¶.53), for it doesn't show any dividend shares in arrears on 11/21/91 (except for 373 shares), when in fact, on 11/25/91 Plaintiff possessed in all 83,165.5 shares, of those 78,455.5 shares were in arrears (Complaint at ¶53). For this reason too, Defendant's RJN as to the 12/13/07 Complaint (Item I) should be denied.

4.  On 12/09/91, HBJ issued a payment of $2,810.90 as a partial statutory (per NY BCL § 623(g)), 80% offer to pay for 5083 shares at $0.69/share ($3,507.27 being the 100%). As the Plaintiff has now discovered, supra, this offer should have been for all the outstanding 83,165.50 shares at $0.69/share or $45,907.35 (80%), or $57,384.19 (100%). Because this 80% offer was also in error ($2,810.90 versus $45,907.35), for this reason too, RJN should be denied.

5.  On 12/20/91 the Plaintiff and his Mother rejected the 100% $3,507.27 offer, bringing to HBJ's attention that the Merger Prospectus stated, that the 12% Preferred required payment in full of $13.50/share *upon liquidation, dissolution or winding up of HBJ*. In reliance on the provisos of the Merger Prospectus, and trusting HBJ accountants, the Plaintiff made a counteroffer for the balance at the face value of $13.50 per 5083 shares in the amount of $65,809.60 (less the 80% $2,810.90 prepayment, and without including the unknown to him, and hidden by HBJ, 78,455.5 dividend shares in arrears). This $65,809.60 Counteroffer was much less than what the HBJ should have offered on 12/09/91 for 83,165.50 shares at $13.50/share, i.e., $1,122,734.31 (see Table 1, Complaint at ¶.53). In effect, HBJ by not disclosing all the Plaintiff's shares in arrears on 11/21/91, tried to exchange $1,122,734.31 worth of shares for $3,507.27. As granting of the RJN would lead to the approval of the HBJ 1991 accounting error or future-dating of the Certificate, for this reason too, RJN should be denied in its entirety.

6.  In 1994 Plaintiffs had no permission of the 9th Circuit to continue their Breach of Contract and Fraud allegations as they related to the Liquidation Preference claim of the HBJ Contract (see Opposition to Motion to Dismiss at ¶¶.25,26). In fact Plaintiffs were only permitted to

seek Appraisal, the right stemming from the 1991 HBJ-GCC merger, and only at the Appraisal inform the Court of their *"various allegations of fraud and breach of fiduciary duty which can be considered in conducting an appraisal under New York law"*, such as the 2003-07 Mandatory Redemption, when the 12% Preferred must be redeemed at $13.50/share. Therefore, because the Plaintiffs did not have the leave of the 9th Circuit to file the 5th Amended Complaint as a Breach of Contract and Fraud Complaint, this would make their 5th Amended Complaint "illegal", and its further consideration by the District Court barred. Furthermore, Defendant's own Financial Expert stated that there was no breach of any contract in 1991. Because the surrender of the 12% Preferred at $0.69/share was voluntary, and per NY BCL §906(b)(3), the 12% Preferred as a debt liability had to be taken over by the surviving corporation- Harcourt General and then Reed Elsevier, the Plaintiffs had to wait until 2003-07 to have their stock redeemed at $13.50/share and not in 1991 (Complaint, p.1,2, Exh.3)

> *"The clause (the HBJ redemption clause) was never triggered. Specifically, for this clause to have any effect: a). HBJ must invoke its option to redeem the preferred shares, or b). HBJ preferred shares must be outstanding in the year 2003. Because neither of these events took place, this clause has no bearing on my opinion that the price offered to the holders of the preferred stock of HBJ was a fair price".*

For these reasons too, Defendant's RJN should be denied in its entirety, as it requests this Court to accept the 5th Amended Complaint (RJN, Exhibit E) as true and correct, when in fact it wasn't.

7.  Defendants in their MOPA heavily rely on Plaintiffs' 1994-1998 "illegal" allegations which in addition to being "illegal", were not timely. This was the reason why the 9th Circuit in 1999 denied an almost identical Defendants' RJN, as it called Plaintiffs' allegations <u>without any merit</u>, as it did in 1994 –

> *"the Czajkowskis contend that their action falls within the "appropriate action" exception because they sought equitable relief for fraud. <u>This contention also lacks merit</u>"*, and *"the Czajkowskis contend that the merger was in fact liquidation of HBJ and, therefore, that they were entitled to payment of $13.50 per share liquidation preference. <u>This contention lacks merit</u>".* (Complaint, p.2,3, Exh.4).

This court being bound by the 1999 and 1994 9th Circuit rulings, should also deny Defendant's similar if not identical RJN of all the Plaintiffs pleadings (1992-1999), which the 9th Circuit

deemed to be "*without any merit*", as well as District Court's Orders containing similar factual errors as in Plaintiff's pleadings.

8. Judge Brewster's Orders possess factual errors as well, for example, almost all (Exhibits A,G) inform that Plaintiffs sold the 12% Preferred to HBJ for $2,810.00. This is not correct nor true per NY BCL 623(g) (see Opposition at ¶.69, Comp. ¶.35 and ¶¶.3-5, supra ). It even contradicts Defendant's own statement (Opposition, p.3, Exh.15),

> "*Alternatively, you were offered a net share price of 69¢ per share for your HBJ shares. At the time, had you accepted this offer, you would have received $3,507.27.*" (p.3 of 5/3/1996 letter signed by Kyle W. Hoffman Esq of LATHAM & WATKINS, Exh.15).

Plaintiff never sold the Certificate for $2,810.00, because, contrary to the requirements of the NY BCL §623(e) and §623(g):

> (e)."*In order to be effective, withdrawal of a notice of election to dissent must be accompanied by the return to the corporation of any advance payment made to the shareholder...* (g). *If..., the corporation making the offer and any shareholder agree upon the price to be paid for his shares, payment therefor shall be made ..., upon the surrender of the certificates for any such shares represented by certificates.*"

Plaintiff never returned to the corporation the 80% advance payment, never agreed to the redemption price of the Certificate, and never surrendered it, so the surviving Plaintiff per NY BCL §623(j) retains his status as a Claimant, and HBJ's 2003-2007 debt obligation according to the NY BCL §906 (b)(3) and §514 (a)(b), is actual and outstanding until fully satisfied. For these reasons too, the RJN should be denied.

## CONCLUSION

For all the foregoing reasons, and mainly because of the prior RJN's denial by the 9th Circuit, and because granting the RJN would validate the HBJ accounting error or future-dating of the Certificate, Plaintiff respectfully requests the Court that the present Judicial Notice Request likewise be denied.

Dated this January 25, 2008

_____
Jerry Czajkowski, Ph.D., in Pro Se