LATHAM & WATKINS LLP
  Kenneth M. Fitzgerald (SBN 142505)
  kenneth.fitzgerald@lw.com
  Hassan Elrakabawy (SBN 248146)
  hassan.elrakabawy@lw.com
600 West Broadway, Suite 1800
San Diego, California 92101-3375
Telephone: +1.619.236.1234
Facsimile: +1.619.696.7419

Attorneys for Defendant Reed Elsevier Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY CZAJKOWSKI, Ph.D., an individual,<br><br>Plaintiff,<br><br>v.<br><br>REED ELSEVIER INC., a Massachusetts Corporation, and DOES 1-20, inclusive,<br><br>Defendant. | CASE NO. 07 CV 2383 JM (LSP)<br><br>DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS AND FOR PRE-FILING ORDER AGAINST VEXATIOUS LITIGANT<br><br>DATE: March 7, 2008<br>TIME: 1:30 p.m.<br>COURTROOM: 16, 5th Fl.<br><br>Honorable Jeffrey T. Miller |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\615086.2

CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S P'S & A'S IN SUPPORT OF
MOTION FOR SANCTIONS

# TABLE OF CONTENTS

PAGE

I. INTRODUCTION ..................................................................................................... 1

II. FACTS ....................................................................................................................... 2

    A. Plaintiff's Claim Is Absolutely Barred by Claim Preclusion, Issue Preclusion, and the Statute of Limitations ........................................................................................... 2

    B. Plaintiff's Campaign of Harassment and Threats of Litigation. ................................................................................................. 3

    C. Plaintiff's Second and Third Lawsuits Over the Disposition of His HBJ Preferred Stock. ........................................... 4

III. ARGUMENT ............................................................................................................ 5

    A. Rule 11 Sanctions Should Be Imposed on Plaintiff ........................... 5

    B. Plaintiff Should Be Ordered to Stop Suing Over His HBJ Stock. ............................................................................................. 7

    C. Plaintiff's Claim is Barred by Claim and Issue Preclusion. ........................................................................................... 8

    D. Plaintiff's Breach of Contract Claim is Untimely. ............................ 12

IV. CONCLUSION ....................................................................................................... 12

LATHAM&WATKINS LLP   SD\615086.2
ATTORNEYS AT LAW
SAN DIEGO

i

CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S POINTS & AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS

# I.

# INTRODUCTION

Defendant Reed Elsevier Inc. ("Reed") seeks the imposition of Rule 11 sanctions against plaintiff Jerry Czajkowski, based on his vexatious pursuit of claims that are clearly barred by the New York Business Corporations Law, the statute of limitations, and the doctrines of res judicata and collateral estoppel. Plaintiff, acting in pro per, filed this action more than fifteen years after his breach of contract claim accrued. Moreover, this is the third breach of contract suit he has filed to enforce his rights as a preferred stockholder in Harcourt Brace Jovanovich ("HBJ"). Through this case, he improperly seeks to re-litigate a final judgment of this Court, which adjudicated the rights and remedies he now tries to resurrect.

It is clear that plaintiff's suit is barred by the doctrines of res judicata, collateral estoppel and the statute of limitations. This was made absolutely clear to plaintiff and several lawyers who represented him, before he filed suit. As a result, this case should never have been filed. Unfortunately, although the lawyers plaintiff hired were unwilling to file suit and subject themselves to Rule 11 sanctions, plaintiff chose to ignore the obligations imposed on him by that rule. Even though plaintiff was warned repeatedly that he had no plausible basis for suing again over his HBJ preferred stock, he chose to burden the defendant and this Court with his meritless complaint nonetheless. Because plaintiff filed suit without a good faith basis in law or fact, and because plaintiff has shown himself unwilling to end his campaign of harassment and vexatiousness, sanctions should be imposed on him under Rule 11. In addition, an order prohibiting him from filing future suits over his HBJ preferred stock, or otherwise communicating with the defendant or its successors about that stock, should be entered.

/ / /

/ / /

/ / /

LATHAM&WATKINS  SD\615086.2
ATTORNEYS AT LAW
SAN DIEGO
1
CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S P'S & A'S IN SUPPORT OF
MOTION FOR SANCTIONS

## II.

## FACTS

### A. Plaintiff's Claim Is Absolutely Barred by Claim Preclusion, Issue Preclusion, and the Statute of Limitations.

As detailed in defendant's motion to dismiss, plaintiff was an owner of preferred stock in HBJ. HBJ was acquired by General Cinema Corporation ("GCC") though a 1991 merger. Plaintiff was dissatisfied with the effect of that acquisition on his preferred stock, because under the terms of the merger, his stock was redeemed for $.69 per share in cash, and his rights as a preferred shareholder (to receive a high dividend and redemption at maturity of $13.50 per share) were extinguished. As a result, plaintiff sued HBJ in 1992, alleging (as he does again now) breach of contract, based on the contention that his "vested property rights" in the preferred stock were wrongfully deprived.

In his first lawsuit, the Ninth Circuit held that plaintiff's exclusive remedy was an appraisal of the fair value of his shares. Request For Judicial Notice ("RFN"), Exh. D (Czajkowski v. Jovanovich et al., No. 92-55787, 1994 WL 247089, at *2-3 (9th Cir. Jun. 8, 1994) (unpublished opinion)). The court also held that, pursuant to New York Bus. Corp. Law § 623(e), beyond an appraisal, plaintiff's rights as a shareholder were extinguished as a result of the merger. Id. at *1 (applying New York Bus. Corp. Law § 623(e), which provides that upon consummation of a merger, a dissenting shareholder "shall cease to have any of the rights of a shareholder except the right to be paid the fair market value of his shares and any other rights under this section."). Summary judgment was eventually granted against plaintiff on his appraisal claim, and his action was dismissed with prejudice. See RFN, Exh. A (Czajkowski v. Jovanovich et al., Case No. 92-CV-0431, Order Granting Defendants' Motion For Summary Judgment (Feb. 9, 1998)). That judgment of dismissal was affirmed by the Ninth Circuit in

///

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\615086.2

2

CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S POINTS & AUTHORITIES IN
SUPPORT OF MOTION FOR SANCTIONS

1999. RFN, Exh. H (<u>Czajkowski v. Jovanovich</u>, No. 98-55904, 1999 WL 282472, at *1 (9th Cir. Apr. 12, 1999) (unpublished opinion)).

### B. Plaintiff's Campaign of Harassment and Threats of Litigation.

Although plaintiff's claims over his HBJ preferred stock were litigated to final judgment in 1999, and although his rights as a shareholder were extinguished, and although the statute of limitations ran on his breach of contract claim years ago, he continued to harass HBJ's successors after his first lawsuit was dismissed.

On January 6, 2004, in the first letter of a new wave of correspondence to executives at Reed, plaintiff conceded the duplicative nature of his legal claims, writing that "on two occasions (1994 and 1999) [plaintiffs] failed to get specific performance of the contract." Declaration of Kenneth M. Fitzgerald ("Fitzgerald Dec.") ¶ 3, Exh. A (letter from J. Czajkowski to H. Z. Horbaczewski dated January 6, 2004). Plaintiff then repeated the same "hysterical, false allegations of law clerk bias, unsubstantiated by evidence" that had been previously rejected by the District Court and Ninth Circuit. <u>Id.</u> at 1; RFN Exh. F (<u>Czajkowski v. Jovanovich et al.</u>, Case No. 92-CV-0431, Order Denying Plaintiff's Application for Reconsideration (Feb. 5, 1998)) at 4. Adding a bizarre ethnic twist to his campaign, a subsequent letter to Reed made appeals to plaintiff's common Polish heritage with the company's General Counsel. This letter was accompanied with several documents purporting to evidence plaintiff's "contribution to the global peace and stability."[1] Fitzgerald Decl. ¶ 4, Exh. B (letter from J. Czajkowski to H. Z. Horbaczewski dated March 24, 2004). Plaintiff sent the same package of materials to Reed's outside defense counsel, from whom he also tried to solicit a recommendation for a securities litigation attorney to bring his case.

---

[1] Plaintiff asserted that the documents attached demonstrated that, as a 12 year-old boy, he had played a role in opening diplomatic relations with China by delivering a suitcase to the Chinese Embassy in Warsaw.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN DIEGO

SD\615086.2

3

CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS

Fitzgerald Decl. ¶ 5, Exh. C (e-mail from J. Czajkowski to K. Fitzgerald dated June 26, 2004); Fitzgerald Decl. ¶ 6, Exh. D (e-mail from J Czajkowski to K. Fitzgerald dated June 27, 2004).

Subsequently, several lawyers surfaced on plaintiff's behalf, advancing claims in correspondence that plaintiff was entitled to compensation for his HBJ preferred stock. In response, defendant's counsel educated these lawyers about the prior litigation with plaintiff, and warned them that the lawyers would face sanctions and malicious prosecution liability if they sued on plaintiff's behalf. See e.g., Fitzgerald Decl. ¶ 7, Exh. E (letter from K. Fitzgerald to C. L. Davidson dated July 20, 2005); Fitzgerald Decl. ¶ 8, Exh. F (letter from K. Fitzgerald to P. Lewis dated April 11, 2007). These lawyers apparently heeded these warnings, because they ceased pursuing plaintiff's claims after being apprised.

Plaintiff, however, continued his efforts undaunted by the facts and prior directives of the courts. Thus, he attempted to interest plaintiffs' class action firms in his cause without apprising them of the prior judgment and orders of this Court and the Ninth Circuit. See Fitzgerald Decl ¶ 9, Exh. G (e-mail from J. Czajkowski to C. J. Faruki dated September 24, 2007). Then, despite finding no attorneys to pursue his claims, plaintiff filed suit himself, in two different courts.

C.  **Plaintiff's Second and Third Lawsuits Over the Disposition of His HBJ Preferred Stock.**

On December 12, 2007, notwithstanding the entry of final judgment nearly a decade ago, plaintiff filed another action over his HBJ stock against Reed in the Northern District of Illinois. See RFN, Exh. I.[2] (Czajkowski v. Reed

---

[2] Plaintiff was apparently encouraged into filing suit by the recently announced sale by Reed of certain of its assets. See Complaint ¶ 94 ("Therefore, the Defendants who are in the process of selling parts of the former HBJ for $4.0 billion, definitely are financially able to redeem their own HBJ shares . . . for the Plaintiff who possesses *vested property rights* . . . .") (emphasis in original). Plaintiff's opportunistic view is misguided, because he has no legal rights

Elsevier, Inc et al., Case No. 07 C 6971, Complaint for Breach of Contract (Dec. 12, 2007)). On December 13, 2007, Judge Shadur dismissed that action, *sua sponte*, for lack of subject matter jurisdiction. RFN, Exh. J (Czajkowski v. Reed Elsevier, Inc et al., Case No. 07 C 6971, Memorandum Opinion and Order (Dec. 13, 2007)). A short time later, on December 19, 2007, plaintiff returned to this Court, filing the Complaint herein. On January 4, 2008, defendant's counsel served defendant's motion to dismiss and this motion for sanctions on plaintiff. Pursuant to Rule 11, plaintiff was requested to withdraw his complaint, but he has refused. Fitzgerald Dec. ¶ 9. Because plaintiff persists in his vexatious and frivolous effort to obtain compensation for his HBJ preferred stock, and because his Complaint has no basis in fact or law, he should be sanctioned under Rule 11, and he should be barred from filing future actions or communicating with Reed or its successors about his HBJ stock, absent leave of Court.

## III.

## ARGUMENT

### A.    Rule 11 Sanctions Should Be Imposed on Plaintiff

Rule 11 of the Federal Rules of Civil Procedure provides that by filing a pleading, a party is certifying that "to the best of that person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." The Ninth Circuit has made clear that pro se litigants are subject to Rule 11 sanctions and their filings, like those of attorneys, are judged by an objective standard of

/ / /

---

against Reed, or anyone else, based on his prior ownership of HBJ preferred stock.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN DIEGO

SD\615086.2

5

CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S POINTS & AUTHORITIES IN
SUPPORT OF MOTION FOR SANCTIONS

reasonableness. Cook v. Peter Kiewit Sons, Co., 775 F.2d 1030, 1037 n.13 (9th Cir. 1985).

An award of attorneys' fees may be made under Rule 11, which provides that a sanction may consist of, "if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." Fed. R. Civ. P. 11(c)(2); see also Fed. R. Civ. P. 11(c)(1)(A) ("If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorneys' fees incurred in presenting or opposing the motion.").

Here, a "reasonable inquiry" by plaintiff would have made it obvious that his claim is barred by res judicata and collateral estoppel, as well as the statute of limitations. Indeed, this was made clear to several lawyers representing plaintiff, who apparently agreed, since they did not choose to file the suit plaintiff chose to file himself. Unfortunately, plaintiff violated Rule 11 by initiating a frivolous action. By doing so, he has demonstrated that sanctions are necessary to deter him from continuing his never-ending quest to obtain compensation for his HBJ preferred stock.

Several courts have recognized that the imposition of sanctions is particularly appropriate where the doctrines of res judicata and collateral estoppel plainly preclude relitigation of the suit. See Robinson v. National Cash Register, 808 F.2d 1119, 1131 (5th Cir. 1987); Huettig & Schromm v. Landscape Contractors Council, 582 F. Supp. 1519, 1521 (N.D. Cal. 1984). The imposition of sanctions is one of the few options available to a court to deter and punish people who relitigate cases which are hopelessly foreclosed. McLaughlin v. Bradlee, 602 F. Supp. 1412, 1417 (D.D.C. 1985). And Rule 11 is particularly appropriate when the offending party, although proceeding pro se, has shown an ability to find and understand the applicable law. See Cornett v. Bank of New York, 1992 WL

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN DIEGO

SD\615086.2

6

CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS

88197, *16 (S.D.N.Y.) (since "[p]laintiff has shown an ability to find the law and make legal arguments . . . he may be held to a somewhat higher standard than other pro se parties"). Here, plaintiff, a Ph.D., surely possesses the education and intelligence necessary to understand the import of the prior orders of this Court and the Ninth Circuit.[3] Moreover, plaintiff retained multiple attorneys to pursue his claim, but they declined to file suit on his behalf after being provided with the relevant orders of the District Court and Ninth Circuit. In pursuing his original claim, plaintiff himself alleged that his rights in HBJ's preferred stock were extinguished by the 1991 HBG/GCC merger. See RFN Exh. C (Czajkowski v. Jovanovich et al., Case No. 92-CV-0431, Amended Civil Complaint for Breach of Contract and Fraud (filed April 27, 1992)) at *8. Knowing and understanding this fundamental reality, and fully capable of understanding the Ninth Circuit's mandate that an appraisal was his only remedy, plaintiff should never have filed this action. He should now be held responsible for the expense he inflicted on Reed, since sanctions are apparently necessary to deter his misconduct.

        Accordingly, Reed requests an award of its attorneys' fees incurred in moving to dismiss plaintiff's Complaint, and in bringing this motion, pursuant to Rule 11. Reed will be prepared to submit, at or after the hearing on this motion, substantiation of its recoverable fees and costs.

    **B.**    **Plaintiff Should Be Ordered to Stop Suing Over His HBJ Stock.**

        In federal court, the All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants. Molski v. Evergreen Dynasty Corp., No. 05-56452, slip. op. at 11069-70 (9th Cir. Aug. 31, 2007). Such pre-filing orders may enjoin the litigant from filing further actions or papers unless he or she first meets certain requirements, such as

---

[3]  Indeed, to his credit, plaintiff was successful in his first appeal to the Ninth Circuit.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\615086.2

7

CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S POINTS & AUTHORITIES IN
SUPPORT OF MOTION FOR SANCTIONS

obtaining leave of the court or filing declarations that support the merits of the case. See e.g., O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir. 1990). District courts should examine four factors before entering pre-filing orders: (1) the litigant must be given notice and a chance to be heard before the order is entered; (2) the district court must compile an adequate record for review; (3) the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation; and (4) the vexatious litigant order must be narrowly tailored to closely fit the specific problem encountered. Molski, No. 05-56452, slip op. at 11069-70.

Here, plaintiff has a long history of harassment and vexatious conduct. This has included allegations that the Ninth Circuit and this Court acted illegally and deprived him of his constitutional rights. He accused the District Court of obstructing justice because its law clerks were "in solidarity" with defendant's counsel, who clerked in the same court many years earlier. Plaintiff pestered defendant's executives with his demands, and ignored directives to cease and desist from doing so. Put simply, plaintiff does not get it, and apparently will not accept reality. His frivolous and harassing conduct and litigation efforts must cease. "District courts do have the power to reinforce the effects of [collateral estoppel and res judicata] by issuing an injunction against repetitive litigation." Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515, 1524 (9th Cir. 1983), cert. denied, 465 U.S. 1081 (1984). Accordingly, defendant requests the Court enter a narrowly tailored pre-filing order, barring plaintiff from initiating further litigation over his HBJ preferred stock absent leave of court. In addition, defendant requests that plaintiff be ordered to stop communicating with defendant or its successors regarding his HBJ preferred shares.

C.   **Plaintiff's Claim is Barred by Claim and Issue Preclusion.**

"A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a 'right . . .

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN DIEGO

SD\615086.2

8

CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS

distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies." Montana v. United States, 440 U.S. 147, 153 (1979) (quoting Southern Pacific R. Co. v. United States, 168 U.S. 1, 48-49 (1897)). These doctrines are fundamental to the purpose of our civil court system – to facilitate conclusive resolution of disputes. Id. Thus, application of both doctrines precludes parties from "contesting matters that they have had a full and fair opportunity to litigate[,] protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." Montana, 440 U.S. at 153-4.

Even a cursory review of the pleadings and opinions in the prior action reveal that plaintiff's Complaint should never have been filed, based on res judicata and collateral estoppel. Plaintiff previously litigated the breach of contract claim based on the alleged deprivation of his "property rights" in his HBJ preferred shares. Second, the Ninth Circuit determined that plaintiff's sole remedy as an HBJ shareholder was to seek an appraisal of his shares. His appraisal claim was litigated to final judgment, which bars this suit as a matter of law. The Ninth Circuit made this unavoidably clear when it affirmed the district court's denial of plaintiffs' motion for reconsideration, stating "plaintiffs essentially only sought to relitigate issues that were previously rejected by this court . . . ." RFN, Exh. H at 2-3

Under res judicata (or claim preclusion), a final judgment on the merits acts as a bar to a subsequent suit between the same parties (or their privies) involving the same cause of action. Hells Canyon Pres. Council v. United States Forest Serv., 403 F.3d 683, 686 (9th Cir. 2005) (quoting Headwaters Inc., 399 F.3d at 1051-52) ("The doctrine of res judicata provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action"). The bar extends to what was actually decided in the first action, as well

LATHAM&WATKINS<sup>LLP</sup>  SD\615086.2
ATTORNEYS AT LAW
SAN DIEGO

9

CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S POINTS & AUTHORITIES IN
SUPPORT OF MOTION FOR SANCTIONS

as those matters that could have been raised. <u>Int'l Union of Operating Eng'rs-Employers Constr. Ind. Pension, Welfare & Training Funds v. Karr</u>, 994 F.2d 1426, 1429 (9th Cir. 1993); <u>McLain</u>, 793 F.2d at 1033 (internal quotation omitted) ("The doctrine of claim preclusion bars all grounds for recovery which could have been asserted, whether they were or not"); <u>Costantini</u>, 681 F.2d at 1201 (finding that a plaintiff "does not avoid the bar of res judicata merely because he now alleges conduct [] not alleged in his prior suit, nor because he has pleaded a new legal theory."). A claim is precluded by res judicata where: (1) there is a final judgment on the merits rendered by a court of competent jurisdiction; (2) there is an identity of parties (or their privies); and (3) there is an identity of cause of action. <u>Hells Canyon</u>, 403 F.3d at 686; <u>Headwaters Inc.</u>, 399 F.3d at 1052.

It is indisputable that plaintiff's first lawsuit resulted in a final judgment on the merits and that both actions involve the same parties and privies – Czajkowski and Reed, HBJ's corporate successor. See <u>Headwaters Inc.</u>, 399 F.3d at 1053 (listing "successors in interest" as prime examples of privity). Further, plaintiff's transparent attempt to cloak the same claim in the language of a new theory does not change the fact that both lawsuits arise from the same transactional nucleus of facts: the HBJ-GCC merger's affect on plaintiff's "vested property rights" to $13.50 per share and 12% dividends for his HBJ preferred stock. Therefore, plaintiff's breach of contract claim is barred by res judicata.[4]

Plaintiff's allegation that his action did not accrue until the maturity date on his HBJ stock ignores a fundamental and dispositive fact: his rights as a shareholder, including any rights to the redemption of his stock at maturity, were <u>extinguished</u> as a result of the 1991 HBJ-GCC merger. See New York Bus. Corp.

---

[4] Under the transactional approach, a claim is defined in factual terms instead of by the rights infringed. Consequently, res judicata can apply to a certain factual situation even though that single factual situation could support different legal theories. <u>Tahoe Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency</u>, 322 F.3d 1064, 1077-1078 (9th Cir. 2003)

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN DIEGO

SD\615086.2

10

CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS

Law § 623(e) (providing that upon consummation of a merger, a dissenting shareholder "shall cease to have any of the rights of a shareholder except the right to be paid the fair market value of his shares and any other rights under this section.").[5] Indeed, that is why plaintiff sued in the first place, back in 1992. At that time, he sought damages stemming from the HBJ-GCC merger because HBJ made it clear **at that time that no further dividends would be paid, and that no redemption of the preferred shares would take place**.

After exhaustive litigation, the Ninth Circuit considered the full scope of plaintiff's rights as an owner of HBJ preferred stock who objected to the HBJ/GCC merger, and concluded that the only relief available to him was an appraisal. RFN, Exh. D at *3-4. On remand, the District Court granted defendants' motion for summary judgment on the grounds that, although plaintiff amended his Complaint to request an appraisal, he presented no evidence that the redemption price of $.69/share was unfair. RFN, Exh. A at *5.[6] The District Court denied a motion for reconsideration, which the Ninth Circuit later affirmed. RFN, Exh. H at 2-3. The issue necessarily decided by the District Court and the Ninth Circuit – plaintiff's right to compensation arising from his ownership of HBJ preferred stock – is the identical issue presented by this lawsuit. This would be obvious even to a non-lawyer. Plaintiff's two complaints "clearly arise from the

---

[5] Indeed, plaintiff's claim is fundamentally nonsensical as a factual matter, because he is suing to enforce rights as a shareholder in a corporation that ceased to exist as a result of the merger. See RFN, Exh. L (New York Secretary of State's Record, showing HBJ to be inactive corporation as of 1994). His prior pleadings at least recognized this reality. See RFN, Exh. C (Amended Complaint) at 5:6-10 ("HBJ Preferred Stock has been liquidated, as it no longer trades on the NY Stock Exchange, and cannot be redeemed to anyone but GCC. In effect HBJ as an independent financial entity ceased to exist, i.e., it has been liquidated.").

[6] In contrast to plaintiffs' complete lack of evidence on summary judgment, the District Court noted that defendants had submitted an expert witness declaration stating that HBJ preferred stock was trading in a range of $.375 to $.5625 per share in the month prior to the General Cinema offer and that the $.69 redemption price represented fair value.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\615086.2

11

CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S POINTS & AUTHORITIES IN
SUPPORT OF MOTION FOR SANCTIONS

same transactional nucleus of facts." Frank v. United Airlines, Inc., 216 F.3d 845, 851 (9th Cir. 2000) (citation omitted). Although plaintiff attempts to use different labels, he cannot change the fact that this Court and the Ninth Circuit necessarily decided that he was not entitled to receive $13.50 per share, or 12% dividends, or anything more than $.69/share for his HBJ stock, under any theory. Accordingly, plaintiff is bound by the Courts' prior rulings and precluded from again seeking compensation for his HBJ preferred stock.

### D. Plaintiff's Breach of Contract Claim is Untimely.

In addition to being barred by res judicata and collateral estoppel, plaintiff's suit is time-barred. The statute of limitations for any breach of contract claim expired over ten years ago. Plaintiff alleges this action is governed by New York law, which it is. See Complaint ¶ 13 ("The issues presented to this Court are governed by New York law"). New York requires that plaintiffs file breach of contract claims six years from the date of accrual. New York Civ. Prac. Law & R. § 213(2). As previously discussed, plaintiff's claim accrued in 1991, when HBJ made it clear that no further dividends would be paid, and that no redemption of his preferred shares for $13.50 would ever take place. If plaintiff had a contract with HBJ, that contract was repudiated in 1991. If his current claim were viewed as somehow different from his first suit, which it is not, then the statute of limitations ran on this claim six years after the merger was announced, in 1997. Thus, plaintiff's breach of contract claim is obviously time-barred.

## IV.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests the Court to assess Rule 11 sanctions against plaintiff and issue an order prohibiting plaintiff from filing any further litigation related to his HBJ shares without pre-filing

///

///

1  approval, or from communicating with Reed or its successors regarding his HBJ
2  stock.
3
4  Dated: January 29, 2008

                                    LATHAM & WATKINS LLP
                                    Kenneth M. Fitzgerald
                                    Hassan Elrakabawy

                                    By   s/Kenneth M. Fitzgerald
                                         Kenneth M. Fitzgerald
                                         Attorneys for Defendant Reed
                                         Elsevier, Inc.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\615086.2

13

CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S POINTS & AUTHORITIES IN
SUPPORT OF MOTION FOR SANCTIONS