LATHAM & WATKINS LLP
   Kenneth M. Fitzgerald (SBN 142505)
   kenneth.fitzgerald@lw.com
   Hassan Elrakabawy (SBN 248146)
   hassan.elrakabawy@lw.com
600 West Broadway, Suite 1800
San Diego, California 92101-3375
Telephone: +1.619.236.1234
Facsimile: +1.619.696.7419

Attorneys for Defendant Reed Elsevier Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY CZAJKOWSKI, Ph.D., an individual,<br><br>               Plaintiff,<br><br>    v.<br><br>REED ELSEVIER INC., a Massachusetts Corporation, and DOES 1-20, inclusive,<br><br>               Defendant. | CASE NO. 07 CV 2383 JM (LSP)<br><br>**DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>DATE: February 8, 2008<br>TIME: 1:30 p.m.<br>COURTROOM: 16, 5th Fl.<br><br>Honorable Jeffrey T. Miller |

## I.

## INTRODUCTION

    Plaintiff's Complaint seeks to enforce rights he had as a shareholder in Harcourt Brace Jovanovich, Inc. ("HBJ"). In his opposition, he goes to great lengths to describe those rights, and to argue that they differ from those previously adjudicated by this Court and the Ninth Circuit. His opposition, however, ignores a fundamental, undisputed reality that dooms his complaint: the 1991 General Cinema/HBJ merger <u>extinguished</u> his rights as an owner of HBJ preferred stock. That merger, and the consideration paid to plaintiff pursuant to its terms, forever

LATHAM&WATKINS™ SD\618811.1
ATTORNEYS AT LAW
SAN DIEGO
1
CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S REPLY POINTS & AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

1  extinguished <u>all</u> of plaintiff's rights as a stockholder, except for his exclusive
2  remedy to obtain an appraisal of the fair value of his shares. Plaintiff went through
3  that appraisal proceeding, and Judge Brewster determined that he was entitled to
4  no additional compensation. As a result of that decision, rendered final by the
5  Ninth Circuit in 1999, all of plaintiff's rights as an HBJ stockholder were
6  extinguished. No amount of creative argument, clever diagrams or invocations of
7  the Constitution can change that reality. As a result, plaintiff's Complaint must be
8  dismissed.

## II.

## DISCUSSION

### A. New York Business Corporations Law

There is no dispute that plaintiff's claim is governed by New York law. Plaintiff's opposition, however, relies upon several inapplicable New York Business Corporations Code provisions, and ignores the applicable sections which this Court and the Ninth Circuit properly applied in making their prior rulings.

Under the New York Business Corporations Code, a corporation that participates in a merger must follow certain procedures in adopting a plan of merger and in submitting it to the shareholders for their approval by a two-thirds vote. N.Y. Bus. Corp. Law §§ 902, 903. Shareholders who do not assent to the merger have the right to receive payment for the "fair value" of their shares. N.Y. Bus. Corp. Law § 910(a). "The remedy available to those who have perfected their status as dissenting shareholders – through compliance with the various procedures set forth in section 623 – is to enforce their right through an appraisal proceeding. 1 <u>Cawley v. SCM Corp.</u>, 72 N.Y.2d 465, 470 (N.Y. 1988); <u>Burke v. Jacoby</u>, 981 F.2d 1372, 1380 (2d Cir. 1992); N.Y. Bus. Corp. Law § 623(h)(4). Importantly, where equitable relief based upon unlawful or fraudulent corporate action is not pursued, the appraisal proceeding is the dissenting shareholders' exclusive remedy.

///

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\618811.1

2

CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S REPLY POINTS & AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

See N.Y. Bus. Corp. Law § 623(k); Breed v. Barton, 54 N.Y.2d 82, 85-87 (N.Y.2d 1981).[1]

Plaintiff surely is familiar with the applicable law, as several courts have explained it to him, on a number of occasions. Nevertheless, he pleads another claim for damages based on two new provisions of the New York Business Corporations Code: sections 514(a)(b) and 906(b)(3). His reliance on these provisions is misguided. Section 514 discusses, generally, the enforceability of an agreement for the purchase by a corporation of its own shares. Section 906 discusses, generally, the effect of merger or consolidation on a corporation's assets and liabilities. Neither section speaks to the rights of a dissenting shareholder in the context of a merger. Plaintiff has not cited a single case applying sections 514 or 906 in the context of a shareholder dissenting from a merger; nor has he cited a decision by any court enforcing an agreement for mandatory redemption of shares to a shareholder in the context of a merger. This is because appraisal is the exclusive remedy for common and preferred voting shares under New York law. N.Y. Bus. Corp. Law § 623(k). The Ninth Circuit's first decision established this, Judge Brewster repeatedly applied this holding after remand, and the Ninth Circuit ultimately affirmed the dismissal of plaintiff's appraisal claim. As a matter of law, plaintiff's claim is now foreclosed forever.

Plaintiff argues that his rights "per NY BCL § 623(j), §514(a)(b), §906(b)(3), legally could not have been extinguished by the merger." Opp. at 16. This is wrong, as this Court and the Ninth Circuit have held. The Ninth Circuit found that "the Czajkowskis were dissenting shareholders in the HBJ merger with GCC" and therefore "the Czajkowskis' exclusive remedy was an appraisal proceeding." Request For Judicial Notice ("RFN"), Exh. D (Czajkowski v.

---

[1] The Ninth Circuit held that plaintiff's action was not an "appropriate action" for equitable relief. Exh. D (Czajkowski v. Jovanovich et al., No. 92-55787, 1994 WL 247089, at *8-9 (9th Cir. Jun. 8, 1994) (unpublished opinion).

LATHAM&WATKINS SD\618811.1
ATTORNEYS AT LAW
SAN DIEGO

3

CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S REPLY POINTS & AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

Jovanovich et al., No. 92-55787, 1994 WL 247089, at *5-6 (9th Cir. Jun. 8, 1994) (unpublished opinion)) (citing N.Y. Bus. Corp. Law § 623(k)). Under section 623(e), a dissenting shareholder "cease[s] to have any of the rights of a shareholder except the right to be paid the fair value of his shares and any other rights under . . . section [623]." N.Y. Bus. Corp. Law § 623(e). In this case, the Ninth Circuit held that, as an owner of preferred stock, plaintiff was not entitled to the liquidation or redemption preferences specified in his stock certificates as a result of the merger of the corporation. Thus, even if plaintiff retained an interest in the shares (which he does not), he could not enforce the rights conferred to him through those shares.

Plaintiff himself previously alleged that those rights were destroyed as a result of the merger – the same rights he now seeks to somehow enforce. Specifically, he alleged because of the 1991 merger, his rights to dividends and redemption were destroyed. See RFN, Exh. C (Amended Complaint) at 5:6-10 ("HBJ Preferred Stock has been liquidated, as it no longer trades on the NY Stock Exchange, and cannot be redeemed to anyone but GCC. In effect HBJ as an independent financial entity ceased to exist, i.e., it has been liquidated." ); RFN, Exh. E (Fifth Amended Complaint) at 3:5-7 ("Plaintiffs' right to receive $13.50 per share with accrued dividends on June 30, 2003, or 'at any time', was a valuable vested property right, and HBJ-GCC two-step merger did not have the authority of equity or of the U.S. Constitution to take away those vested rights without the plaintiffs' consent."); id. at 4:24-5:2 ("the merger culminating in the act of liquidation of the HBJ 12% preferred stock without any regard for plaintiff's vested property rights leads to a conclusion that the HBJ-GCC merger was fraudulent and unlawful"); id. at 5:24 ("defendants breached their fiduciary duty . . . by unlawfully divesting the 12% preferred stock); id. at 6:12-15 ("Defendants

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\618811.1

4

CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S REPLY POINTS & AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

1 broke the **CONTRACT** with the plaintiffs and deprived them of those vested
2 property rights") (emphasis in original).[2] Then, plaintiff was correct in one sense:
3 the 1991 merger extinguished his rights as a shareholder. He was incorrect in
4 contending that result was unlawful, because Judge Brewster ultimately
5 determined, based on undisputed evidence, that plaintiff received fair value for the
6 stock that was extinguished by the merger.

    **B.**    **Claim Preclusion**

Plaintiff's rights in the HBJ preferred stock have been fully and finally adjudicated. Plaintiff had one remedy – an appraisal – arising from his ownership of HBJ stock. He pursued that appraisal, suffered a judgment of dismissal, and therefore has no remaining rights as a stockholder, and no claims left to pursue. Plaintiff mistakenly asserts that the prior decision by the Ninth Circuit "did not adjudicate all of his rights because one of them [2003 Mandatory Redemption] was not available." Initially, plaintiff ignores the fact that *any* remedy beyond an appraisal proceeding, including his newest breach of contract claim, is "not available" to a dissenting shareholder under New York law. But more importantly, even if plaintiff could bring his claim for breach of contract under New York law, that claim would be precluded by res judicata.

The doctrine of claim preclusion bars "all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action, if the prior suit concluded in a final judgment on the merits." Int'l Union of Operating Eng'rs-Employers Constr. Indus. Pension, Welfare & Training Trust Funds v. Karr, 994 F.2d 1426, 1429 (9th Cir. 1993). The most important criteria is whether the two suits arise out of the

---

[2]    Though plaintiff now derides his own prior allegations and statements as "hearsay," they are actually judicial admissions and statements of a party opponent, which are both admissible and dispositive.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\618811.1

5

CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S REPLY POINTS & AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

same transactional nucleus of facts. Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982). "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." Western Sys., Inc. v. Ulloa, 958 F.2d 864, 871 (9th Cir. 1992).

Plaintiff fails to allege or argue a different set of facts that his purportedly new claim is based on.[3] It is indisputable that plaintiff's first lawsuit resulted in a final judgment on the merits and that both actions involve the same parties and privies – Czajkowski and Reed, HBJ's corporate successor. The Complaint reiterates the central factual allegations previously pled in the earlier suit relating to plaintiff's purchase of the HBJ preferred stock, the merger between HBJ and GCC, and the deprivation of plaintiff's rights as a consequence of the merger. See generally, Complaint ¶¶ 6-36, 52, 54-58; RFN, Exh. E at 2-8. The redemption of plaintiff's HBJ shares in 1991 extinguished his rights in the shares. Obviously, the compulsory redemption of his shares for $.69 per share "related to the same set of facts" as his ability to obtain redemption for $13.50 per share years later.

Any right to a 2003-2007 redemption of his HBJ preferred shares was finally adjudicated by this Court and the Ninth Circuit. Indeed, plaintiff's pleading in his prior action alleged that HBJ, "without due process of law, in violation of [his] rights guaranteed by the Federal and State Constitutions, had [his] vested property rights destroyed by the defendants, *i.e.*, **[his] ownership of the noncallable HBJ vested stock was impaired *before* its maturity date of June**

---

[3] Instead, plaintiff incomprehensibly argues that "in fact the NY BCL 623(j), 514(a)(b), 906(b)(3), and the U.S. Constitution, Art. I, § 10, Amendment XIV, § 1, all prohibit claims of Res Judicata in cases where the stock has at least two separate Rights (Arms), and one of them is the Mandatory Redemption possessing vested property rights." Again, plaintiff misconstrues the law and ignores the prior holdings of this Court and the Ninth Circuit.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\618811.1

6

CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S REPLY POINTS & AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

**30, 2003.**" RFN, Exh. E at 8:11-13 (emphasis added). This belies plaintiff's contention that the 2003-2007 redemption right "had not accrued" during the prior suit. It is unavailing for plaintiff to now claim that he was "mistaken" when he assumed that his rights as an HBJ stockholder were extinguished. He was not mistaken; his rights were extinguished, which is why he sued, and which is why he cannot sue for the same alleged wrong again in this case.

### C. Issue Preclusion

Plaintiff never squarely addresses the argument that the issue necessarily decided by the District Court and Ninth Circuit – plaintiff's right to compensation arising from his ownership of HBJ preferred stock – is the identical issue presented by this lawsuit. There is no valid argument to the contrary.

The Ninth Circuit considered the full scope of plaintiff's rights as an owner of HBJ preferred stock and concluded that the only relief available to him was an appraisal. RFN, Exh. D at *3-4. On remand, the District Court granted defendants' motion for summary judgment on the ground that, although plaintiff amended his Complaint to request an appraisal, he presented no evidence that the redemption price of $.69/share was unfair. Id. at *5. The District Court denied a motion for reconsideration, which the Ninth Circuit later affirmed. RFN, Exh. H at 2-3. Although plaintiff attempts to use different labels, he cannot change the fact that this Court and the Ninth Circuit necessarily decided that he was not entitled to receive $13.50 per share, or 12% dividends, or anything more than $.69/share for his HBJ stock, under any theory. Plaintiff's so-called "first separate, and non-identical Breach [sic]" claim is merely a duplicative breach of contract claim related to his HBJ shares. Accordingly, plaintiff is bound by the Courts' prior rulings and precluded from again seeking compensation for his HBJ preferred stock.

///

///

LATHAM&WATKINS  SD\618811.1
ATTORNEYS AT LAW
SAN DIEGO
7
CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S REPLY POINTS & AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

### 1. Statute of Limitations

Plaintiff essentially claims that his claim is not barred by the statute of limitations because the mandatory redemption of HBJ shares did not "accrue" until 2003-2007. Again, plaintiff ignores the fact that his rights as a shareholder, including any rights to the redemption of his stock at maturity, were extinguished in 1991 as a result of the merger. See New York Bus. Corp. Law § 623(e) (providing that upon consummation of a merger, a dissenting shareholder "shall cease to have any of the rights of a shareholder except the right to be paid the fair market value of his shares and any other rights under this section."). Plaintiff's claim accrued in 1991, when (according to plaintiff) HBJ repudiated plaintiff's purported contractual rights to dividends and a $13.50 redemption price. As a result, to the extent that plaintiff's current breach of contract claim could be viewed as distinct from the claim previously litigated to judgment, plaintiff was obligated to file suit by 1997. Because he did not, his breach of contract claim, even if considered different from his prior lawsuit, is now time-barred.

### D. Plaintiff's Inadmissible Evidence Does Not Support Any Viable Legal Theory.

While plaintiff may still possess pieces of paper that used to constitute HBJ stock, he no longer possesses any rights as a result of that fact, except perhaps the right to possess those pieces of paper. By claiming some substantive rights arising from his preferred share certificates, plaintiff seeks to relitigate a matter finally adjudicated in prior litigation. As set forth above, he is prohibited from doing so, and the exhibits submitted with his opposition do not alter this conclusion.

First and foremost, those exhibits are largely inadmissible. They include letters from his former lawyers, which are hearsay. They also include a plainly inadmissible offer of compromise, and a draft complaint that his former lawyer never filed, for the very good reason that he would have been sanctioned or

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\618811.1

8

CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S REPLY POINTS & AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

sued for malicious prosecution for doing so.[4]  Moreover, they are simply irrelevant, since they prove nothing to help the merits of plaintiff's case.  Indeed, their only relevance, as explained more fully in defendant's Rule 11 motion for sanctions, is to show the vexatiousness of plaintiff's never-ending litigation crusade.

That crusade must end now.  Plaintiff's Complaint must be dismissed, without leave to amend.

## III.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court dismiss plaintiff's Complaint with prejudice.

Dated:  February 1, 2008

LATHAM & WATKINS LLP
Kenneth M. Fitzgerald
Hassan Elrakabawy

By   s/Kenneth M. Fitzgerald
   Kenneth M. Fitzgerald
   Attorneys for Defendant Reed Elsevier, Inc.
   E-mail:  kenneth.fitzgerald@lw.com

---

[4]  Plaintiff fails to apprise the Court that his lawyers' letters were responded to by defendant's counsel, and that his lawyers retreated after being apprised of the facts and warned that they would be held accountable for pursuing plaintiff's frivolous demands.  These facts are set forth more fully in defendant's Motion For Sanctions, calendared for hearing on March 7, 2008.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\618811.1

9

CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S REPLY POINTS & AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS