LATHAM & WATKINS LLP
  Kenneth M. Fitzgerald (SBN 142505)
  kenneth.fitzgerald@lw.com
  Hassan Elrakabawy (SBN 248146)
  hassan.elrakabawy@lw.com
600 West Broadway, Suite 1800
San Diego, California 92101-3375
Telephone: +1.619.236.1234
Facsimile: +1.619.696.7419

Attorneys for Defendant Reed Elsevier Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY CZAJKOWSKI, Ph.D., an individual,<br><br>Plaintiff,<br><br>v.<br><br>REED ELSEVIER INC., a Massachusetts Corporation, and DOES 1-20, inclusive,<br><br>Defendant. | CASE NO. 07 CV 2383 JM (LSP)<br><br>OBJECTION TO EVIDENCE SUBMITTED WITH PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS<br><br>DATE: February 8, 2008<br>TIME: 1:30 p.m.<br>COURTROOM: 16, 5th Fl.<br><br>Honorable Jeffrey T. Miller |

## I.

## INTRODUCTION

Defendant Reed Elsevier Inc., hereby objects to and moves to strike the following evidence, submitted with the plaintiff's Opposition to the Motion to Dismiss. See Travelers Cas. & Sur. Co. v. Telstar Constr. Co., 252 F. Supp. 2d 917, 923 (D. Ariz. 2003) ("It is . . . clear . . . that . . . affidavits and exhibits submitted in support of [a motion] must comply with the Rules of Evidence.").

///

///

LATHAM&WATKINS  SD\618714.1
ATTORNEYS AT LAW
SAN DIEGO
1
CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S OBJECTION TO PLAINTIFF'S
EVIDENCE SUBMITTED WITH OPPOSITION TO
MOTION TO DISMISS

| EVIDENCE | OBJECTION |
|---|---|
| Exhibit 8 – Draft of breach of contract complaint by Atkins & Davidson | (1) **Hearsay**: A written assertion, not made by the declarant while testifying at the trial, offered in evidence to provide the truth of the matter asserted is hearsay. The draft complaint is hearsay and does not fall under any exception.<br><br>(2) **Relevance**: To be legally relevant, the proffered evidence must be "of consequence" to the action. Fed. R. Evid. 401. That plaintiff's attorney prepared a draft complaint, which he never filed nor served, is of no import to the issue of the validity of plaintiff's claim. *See* Fed. R. Evid. 401 (relevant evidence must have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"); Fed. R. Evid. 403 (all evidence "which is not relevant is not admissible"). |
| Exhibit 10 – Letter from plaintiff's attorney, C. L. Davidson, to K. Fitzgerald dated July 18, 2005 | (1) **Hearsay**: A written assertion, not made by the declarant while testifying at the trial, offered in evidence to provide the truth of the matter asserted is hearsay. The letter from plaintiff's counsel to defendant's counsel is hearsay and does not fall under any exception.<br><br>(2) **Relevance**: To be legally relevant, the proffered evidence must be "of consequence" to the action. Fed. R. Evid. 401. Plaintiff's attorney's letter to defense counsel is of no import to the issue of the validity of plaintiff's claim. *See* Fed. R. Evid. 401 (relevant evidence must have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"); Fed. R. Evid. 403 (all evidence "which is not relevant is not admissible"). |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\618714.1

2

CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S OBJECTION TO PLAINTIFF'S
EVIDENCE SUBMITTED WITH OPPOSITION TO
MOTION TO DISMISS

| | |
|---|---|
| <u>Exhibit 11</u> – Letter from plaintiff's attorney, C. L. Davidson, to K. Fitzgerald dated September 5, 2005 | (1) **Hearsay**: A written assertion, not made by the declarant while testifying at the trial, offered in evidence to provide the truth of the matter asserted is hearsay. The letter from plaintiff's counsel to defendant's counsel is hearsay and does not fall under any exception.<br><br>(2) **Relevance**: To be legally relevant, the proffered evidence must be "of consequence" to the action. Fed. R. Evid. 401. Plaintiff's attorney's letter to defense counsel is of no import to the issue of the validity of plaintiff's claim. *See* Fed. R. Evid. 401 (relevant evidence must have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"); Fed. R. Evid. 403 (all evidence "which is not relevant is not admissible"). |
| <u>Exhibit 12</u> – Letter from plaintiff's attorney, C. L. Davidson, to Jerry Czajkowsi dated January 11, 2006 | (1) **Hearsay**: A written assertion, not made by the declarant while testifying at the trial, offered in evidence to provide the truth of the matter asserted is hearsay. The letter from plaintiff's counsel to plaintiff is hearsay and does not fall under any exception.<br><br>(2) **Relevance**: To be legally relevant, the proffered evidence must be "of consequence" to the action. Fed. R. Evid. 401. Plaintiff's attorney's letter to plaintiff is of no import to the issue of the validity of plaintiff's claim. *See* Fed. R. Evid. 401 (relevant evidence must have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"); Fed. R. Evid. 403 (all evidence "which is not relevant is not admissible"). |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\618714.1

3

CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S OBJECTION TO PLAINTIFF'S EVIDENCE SUBMITTED WITH OPPOSITION TO MOTION TO DISMISS

| | |
|---|---|
| Exhibit 13 – Letter from plaintiff's attorney, P. Lewis, to K. Fitzgerald dated April 2, 2007 | **(1) Hearsay**: A written assertion, not made by the declarant while testifying at the trial, offered in evidence to provide the truth of the matter asserted is hearsay. The letter from plaintiff's counsel to defendant's counsel is hearsay and does not fall under any exception.<br><br>**(2) Relevance:** To be legally relevant, the proffered evidence must be "of consequence" to the action. Fed. R. Evid. 401. Plaintiff's attorney's letter to defense counsel is of no import to the issue of the validity of plaintiff's claim. *See* Fed. R. Evid. 401 (relevant evidence must have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"); Fed. R. Evid. 403 (all evidence "which is not relevant is not admissible"). |
| Exhibit 15 – "Offer to Compromise" from defendant's attorney, K. W. Hoffman, to Jerry Czajkowsi dated May 3, 1996 | **(1) Inadmissible offer to compromise:** Evidence of an offer-to compromise a claim is not receivable in evidence as an admission of, as the case may be, the validity or invalidity of the claim. Fed. R. Evid. 408. The "Offer to Compromise" from defendant to plaintiff is inadmissible. |

Dated:  February 1, 2008

LATHAM & WATKINS LLP
Kenneth M. Fitzgerald
Hassan Elrakabawy


By   s/Kenneth M. Fitzgerald
    Kenneth M. Fitzgerald
    Attorneys for Defendant Reed Elsevier, Inc.
    E-mail: kenneth.fitzgerald@lw.com

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\618714.1

4

CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S OBJECTION TO PLAINTIFF'S
EVIDENCE SUBMITTED WITH OPPOSITION TO
MOTION TO DISMISS