Jerry Czajkowski, Ph.D., in Pro Se
6370 Streamview Dr
San Diego, CA 92115
619-287-2944

FILED

08 FEB -1 PM 3:40

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY         CP         DEPUTY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY CZAJKOWSKI, Ph.D., an individual,<br><br>Plaintiff,<br><br>vs.<br><br>REED ELSEVIER, INC., a Massachusetts Corporation,<br><br>Defendant | Case No.: 07 CV 2383 JM (LSP)<br><br>**Reply Memorandum in Support of the Opposition to the Motion to Dismiss**<br><br>Date: February 8, 2008<br>Time: 13:30<br>Courtroom: 16<br><br>Honorable Jeffrey T. Miller |

## INTRODUCTION

1.      Per NY BCL §514(a)(b), "*an agreement for the purchase by a corporation of its own shares shall be enforceable by the shareholder and the corporation*", alike, and per NY BCL §906(b)(3), explicit or implicit repudiation of such an agreement, in effect of any merger is prohibited - "*No liability or obligation due or to become due... shall be released or impaired by such merger or consolidation*".

2.      Plaintiff's present action was brought based on the NY BCL §514(a)(b) and §906(b)(3), both of which give him the right to demand purchase back of the Corporation's shares according with its agreement - the 1987 promise to redeem in 2003-07 all the outstanding 12% HBJ Preferred shares, plus all the cumulative dividends by then in arrears.

3.      Defendant purposely ignores these two statutes - §514(a)(b) and §906(b)(3), and proceeds as if, only the Appraisal Statute §623(e) were to exist. In 1998 there was a summary judgment on the barred Right to Appraisal, infra. This Right to Appraisal, per §623(h)(1)(2), Plaintiffs lost on 02/27/92, and which, even if it were not barred by the 80 day statute of limitations, was a volun-

tary and an <u>unperfected</u> right, i.e., Plaintiffs per §514(a)(b) and §906(b)(3) did not have to sell (and never sold to HBJ) their Certificate possessing redemption and *vested property rights,* at $0.69/share.

4.      Without citing any <u>applicable</u> authority, the Defendant claims that, Plaintiff's 2003-07 mandatory redemption right (protected by the NY BCL §906(b)(3), §514(a)(b), §623(j), the U.S. Constitution Art.I §10 and Amendment XIV, §1), has been extinguished by the merger and fore-closed by the *exclusive remedy* of appraisal per §623(e), when in fact this *exclusive remedy* is not *exclusive,* and those two rights, claims, issues and transactional nucleuses (Appraisal and Manda-tory Redemption) were never the same (see ¶¶.9,10,17 and ¶.5 of the Opposition), because the Right to Appraisal which had expired on 02/27/92, stemmed from the 1991 HBJ-GCC merger (transactional nucleus #1), and the 2003 Right to Redemption stems from the transactional nu-cleus #3 - the 1987 HBJ promise of the mandatory redemption in 2003-07.

## ARGUMENT

**Per NY BCL §623(h)(1)(2), Plaintiffs' 1992-1999 Federal Litigation was barred by the 80 day Statute of Limitations as to the Appraisal Right, which expired on 2/27/1992.**

5.      In addition to the reasons given in the Plaintiff's 1/25/08 Opposition, based on the 9th Circuit rulings in the <u>*USA v. Northrop*</u>, No. 96-55349, and <u>*Adams v. State of California*</u>, No. 04-56880, and CA Supreme Court's in <u>*Romano v. Rockwell, Inc.*</u> (1996) 14 Cal.4th 479, as to why the doctrines of Res Judicata and Collateral Estoppel are inapplicable to the present Breach of the 2003-07 Mandatory Redemption, the Court has to also consider the NY BCL §623(h)(1)(2), and the 80 day Statute of Limitations codified therein, affecting the Right to Appraisal in result of any merger. This 80 day Statute of Limitations provides that a dissenting shareholder has only **80 days** from the date the offer to purchase dissenters shares (which in this case was made on 12/09/91), to institute an Appraisal Proceeding, <u>or lose his dissenter's rights.</u>

> NY BCL §623(h)(1)(2), *(h) The following procedure shall apply if the corporation ... makes the offer and any dissenting shareholder ... fail(s) to agree with it within the period of 30 days thereafter upon the price to be paid for their shares: (1) The corporation shall, within 20 days after the expiration of ... the ... period last mentioned, institute a special proceeding in the supreme court in the judicial district in which the office of the corpora-tion is located to determine the rights of dissenting shareholders and to fix the fair value of their shares. (2) If the corporation fails to institute such proceeding within such period of*

*20 days, any dissenting shareholder may institute such proceeding for the same purpose not later than **30** days after the expiration of such 20 day period. If such proceeding is not instituted within such 30 day period, all dissenter's rights shall be lost unless the supreme court, for good cause shown, shall otherwise direct.*

6.      Instead of an Appraisal Proceeding Demand, on 2/25/92 Plaintiffs brought their action for Breach of Contract of the *liquidation preference* and Fraud, in the California Superior Court, just two days before the right to appraisal were to expire on 2/27/92. On 3/24/92 Defendants moved this action to the US District Court. Therefore, because the Plaintiffs did not seek or ask for an Appraisal in their 2/25/92 Complaint, Plaintiffs lost the Right to an Appraisal on 02/27/92, and the District Court erred in its 6/15/92 Order, by stating that an *"Appraisal in New York is Plaintiffs' exclusive remedy"* (Opposition, Exh.14, p.53).

7.      In addition, Defendant's Counsel Mr. K. Fitzgerald, in 1994 on appeal, misinformed the 9th Circuit by stating in person, that the only Right the Plaintiffs have is an Appraisal (see ¶27, Opp.), when in fact Plaintiffs lost that Right 2 years prior, on 02/27/92. Therefore, due to this misinformation, the first Judicial Error which happened on 6/15/92 had led to the second Judicial Error on 6/08/94, when the Plaintiffs were given leave to amend the Complaint with Appraisal, which Right was long barred by the NY BCL §623(h)(1)(2) 80 day Statute of Limitations.

8.      Because per 80 day Statute of Limitations, ever since 02/27/92, Plaintiffs did not possess the Right to Appraisal, and before the time of the 6/15/92 District Court Order (which referred them to New York in search of an Appraisal), never asked for Appraisal, and legally could not have been given such a Right by the District Court, nor by the 9th Circuit, as this would violate the 80 day Statute of Limitations imposed by the NY legislature, the Defendant's Motion to Dismiss based on the argument of Res Judicata and Collateral Estoppel as to the barred 1992-1999 litigation for Appraisal, additionally is without any merit, and moot.

9.      Therefore, on 02/27/92 Plaintiffs possessed only one remaining Right, that of Mandatory Redemption which was still 11 years away (2003-07), and the 1992-1999 Federal Litigation for Appraisal that followed, per NY BCL §623(h)(1)(2) was barred and illegal, and therefore of academic interest only.

**<u>CONCLUSION</u>**

For these additional foregoing reasons, but mainly because per NY BCL §623(h)(1)(2), the 1992-1999 Federal Litigation for Appraisal was barred by the 80 day Statute of Limitations as to the Appraisal Right, Plaintiff respectfully requests the Court that the Defendant's Motion to Dismiss be denied.

Dated this February 1, 2008

Jerry Czajkowski, Ph.D., in Pro Se

Jerry Czajkowski, Ph.D., in Pro Se
6370 Streamview Dr
San Diego, CA 92115
619-287-2944

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY CZAJKOWSKI, Ph.D., an individual, | Case No.: 07 CV 2383 JM (LSP) |
| Plaintiff, | |
| vs. | **Declaration of Service** |
| REED ELSEVIER, INC., a Massachusetts | |
| Corporation, | Honorable Jeffrey T. Miller |
| Defendant | |

    I am a resident of the State of California, over the age of 18 years, and not a party to the within action. On February 1, 2008, I served the within document(s):

**Reply Memorandum in Support of the Opposition to the Motion to Dismiss**

**By regular mail** (C.C.P. § 1013(a)): I caused the above document(s) to be deposited in the US mail in San Diego, with postage thereon fully prepaid addressed to the party listed below.

    K.Fitzgerald, Esq
    Latham & Watkins LLP
    600 West Broadway, Suite 1800
    San Diego, CA 92101-3375

Executed on February 1, 2008

M.Czajkowski