1 | Jerry Czajkowski, Ph.D., in Pro Se
6370 Streamview Dr
2 | San Diego, CA 92115
619-287-2944
3 |

FILED

08 FEB 22 PM 2: 34

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

CP

DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| JERRY CZAJKOWSKI, Ph.D., an individual, | Case No.: 07 CV 2383 JM (LSP) |
|---|---|
| Plaintiff, | **Opposition to the Motion for Pre-Filing Order Against Vexatious Litigant** |
| vs. | |
| REED ELSEVIER, INC., a Massachusetts Corporation, | Date: March 7, 2008 |
| | Time: 13:30 |
| | Courtroom: 16, 5th Floor |
| Defendant | Honorable Jeffrey T. Miller |

## PREAMBLE

This Opposition to the *Motion for Pre-Filing Order Against Vexatious Litigant (MPFO)*, is based on the *Restatement (Second) of Judgments* and the NY case law of *Rehberger v. MRW Group, Inc.*, see Exh.26, 2/22/08, Opposition to *Motion for Sanctions Against Vexatious Litigant (MSAV)*.

The Plaintiff offers the following arguments based on the close review of the applicable sections of the *Restatement (Second) of Judgments*, and the NY case law of *Rehberger v. MRW Group, Inc*, id., in additional support of Plaintiff's previous assertions that the doctrines of Res Judicata and Collateral Estoppel do not apply to his two different claims, (1) that of the 1995 Appraisal and (2) 2007 Breach of Contract, and to the two different issues, (1) whether the 1991 HBJ $0.69/share offer was "*fair*" or "*unfair*", and (2) whether in 2003-07 Defendant was obligated to "*buy-out*" the Plaintiff.

CR

# TABLE OF CONTENTS AND AUTHORITIES

**PREAMBLE**...................................................................... **I**

*§ 13. Requirement Of Finality, Restatement (Second) of Judgments* ................... **1**

*§ 20. Judgment For Defendant -Exceptions To The General Rule Of Bar* ............ **2**
*6.     Disclaimer:*............................................................ **3**

*§ 26. Exceptions To The General Rule Concerning Splitting* ............................ **3**

*§ 19. Judgment for Defendant – The General Rule of Bar* ................................ **3**

*§ 20. Judgment For Defendant - Exceptions To The General Rule Of Bar* ............ **4**

*(2) A valid and final personal judgment for the defendant, which rests on the prematurity of the action or on the plaintiff's failure to satisfy a precondition to suit, does not bar another action by the plaintiff instituted after the claim has matured, or the precondition has been satisfied, unless a second action is precluded by operation of the substantive law* ......................................................... **4**
*m. Where a condition precedent has not been performed* ................................ **5**

*TITLE D. THE SCOPE OF CLAIM, p.195* ............................................. **5**

*§ 24. Dimensions of "Claim" For Purposes of Merger or Bar - General Rule Concerning "Splitting"* ............................................................ **6**
*Comment: a. Rationale of a transactional view of claim* ................................ **6**
*b. Transaction: application of a pragmatic standard* ................................... **7**

*Among the factors relevant to a determination whether the facts are so woven together as to constitute a single claim are their relatedness in time, space, origin, or motivation, and whether, taken together, they form a convenient unit for trial purposes* ...................................................................... **7**

*A single transaction ordinarily gives rise to but one claim by one person against another* ...................................................................... **8**
*17.     Disclaimer:* ......................................................... **9**

*§ 26. Exceptions To The General Rule Concerning Splitting* ............................ **9**

*g. Contracts - plaintiff's option in case of material breach* ............................ **10**

*i. Extraordinary situations where merger or bar is inapposite* ......................... **10**

*j. Mistake or fraud, concealment, or misrepresentation by the defendant* .............. **11**

22.  **Disclaimer:** ....................................................................... **11**

*TITLE E. ISSUE PRECLUSION, p.249* .............................................. **11**

*§ 27. Issue Preclusion - General Rule* ............................................. **12**
*c. Dimensions of an issue* .............................................................. **13**

*Is there a substantial overlap between the evidence or argument to be advanced in the second proceeding and that advanced in the first?* ............................... **13**

*Does the new evidence or argument involve application of the same rule of law as that involved in the prior proceeding?* ............................................... **13**

*Could pretrial preparation and discovery relating to the matter presented in the first action reasonably be expected to have embraced the matter sought to be presented in the second* ........................................................................ **13**

*How closely related are the claims involved in the two proceedings ?* .................. **14**

*e. Issues not actually litigated* .......................................................... **14**
*The party contending that an issue has been conclusively litigated and determined in a prior action has the burden of proving that contention* ............................... **14**

*§ 28. Exceptions to the General Rule of Issue Preclusion* ............................. **15**
*b. Issues of law* ........................................................................ **15**

*A rule of law declared in an action between two parties should not be binding on them for all time* ........................................................................ **15**

*c. Change in applicable legal context; avoidance of inequitable administration of the laws* ................................................................................ **15**

*Refusal of preclusion is ordinarily justified if the effect of applying preclusion is to give one person a favored position in current administration of a law* .................. **16**

*j. Lack of fair opportunity to litigate in the initial action* ............................. **17**

*Or the amount in controversy in the first action may have been so small in relation to the amount in controversy in the second that preclusion would be plainly unfair* .... **17**

*...discretion to deny preclusive effect to a determination under the circumstances stated is central to the fair administration of preclusion doctrine* .......................... **18**

**CONCLUSION** ...................................................................... **18**

## ***Restatement (Second) of Judgments***

### *§ 13. Requirement Of Finality*

*The rules of res judicata are applicable only when a final judgment is rendered. However, for purposes of issue preclusion (as distinguished from merger and bar), "final judgment" includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect.*

1.    **In this case,** Plaintiff's current issue of the mandatory per NY BCL §514(a)(b) *"buy-out"* (see *Rehberger v. MRW Group, id.*), was not, and because it was premature, could not have been litigated in the 1992-1999 litigation for appraisal. In addition, the former appraisal issue of whether the 1991 offer $0.69/share was *"fair"* or *"unfair"*, arising from the 1991 HBJ-GCC merger (subject to the *condition precedent* - to be requested within the 80 day statute of limitations), was barred, for the Plaintiffs' 5th Amended Complaint did not relate back to the original complaint, and so was not *"sufficiently firm to be accorded conclusive effect"*. Most importantly, since Plaintiff is not seeking appraisal anymore, it is immaterial to the present cause of action for breach of contract, whether it was barred or not, and what was the *"fair"* value.

*§ 13. Comment c. The res judicata consequences of such judgments follow normal lines while circumstances remain constant, but those consequences may be affected when a material change of the circumstances occurs after the judgment. Thus if the judgment denied on the merits the continuing relief sought, but there has been a later material change of conditions, a new claim may arise upon the later facts (to be considered sometimes in combination with the old), and that claim will be held not barred by the previous judgment. See § 24, Comment f.*

2.    **In this case,** Plaintiff's current claim and issue of the mandatory per NY BCL §514(a)(b) *"buy-out"* (see *Rehberger v. MRW Group, id.*), was not, and because it was premature, could not have been litigated in the 1992-1999 litigation for appraisal (see 1/25/08 Opposition, ¶¶.24-44), and so *"that claim will be held not barred by the previous judgment"*.

*§ 24. f. Change of circumstances. Material operative facts occurring after the decision of an action with respect to the same subject matter may in themselves, or taken in conjunction with the antecedent facts, comprise a transaction which may be made the basis of a second action not precluded by the first. See Illustration 10.*

3.    **In this case,** Plaintiff's current subject matter of the mandatory per NY BCL §514(a)(b) *"buy-out"* (see <u>Rehberger v. MRW Group,</u> *id.*), was not, and because it was premature, could not have been litigated in the 1992-1999 litigation for appraisal, hence it *"comprises a transaction which may be made the basis of a second action not precluded by the first."*

*Compare §13, Comment c (judgments granting or denying continuing relief); §20(2) (judgment for defendant when action is premature); §26(f) (extraordinary situations where merger or bar is inapposite).*

*Illustrations: 10. A brings an action against B to set aside a transfer of land on the ground that it was procured by fraud. A fails to prove the fraud and judgment is given for the defendant. A is not precluded from maintaining an action to recover the land on the ground that since judgment was rendered B has forfeited the land to the plaintiff for breach of a condition in the conveyance.*

4.    **In this case,** Plaintiff originally brought an action for breach of contract and fraud, of the *"liquidation preference"* clause of the contract. It was found that there was no liquidation and no fraud, and in error, the Plaintiffs were given leave to seek appraisal two years too late. There was no appraisal proceeding ever held, and the only issue of whether the $0.69/share HBJ 1991 offer was *"fair"* or *"unfair"*, was answered as being *"fair"* upon granting summary judgment for the Defendants. Plaintiff did not accept this *"fair"* offer, but chose instead to continue waiting for the *mandatory redemption* provision of the contract to mature. Plaintiff should not be precluded from maintaining an action for the *"buy-out"* of the 12% Preferred, because after the summary judgment was rendered, Defendant became obligated to redeem the 12% Preferred per 1987 Stock Redemption Agreement, which matured in 2003-07 (see <u>Rehberger v. MRW Group,</u> *id.* and NY BCL §514(a)(b)).

### § 20. Judgment For Defendant—Exceptions To The General Rule Of Bar

*(2) A valid and final personal judgment for the defendant, which rests on the prematurity of the action or on the plaintiff's failure to satisfy a precondition to suit, does not bar another action by the plaintiff instituted <u>after the claim has matured</u>, or the precondition has been satisfied, unless a second action is precluded by operation of the substantive law.*

5.    **In this case,** Plaintiff present action for breach of the *mandatory redemption* provision of the 1987 contract was premature in 1992. Therefore, he should not be precluded from maintaining an action for the *"buy-out"* of the 12% Preferred because after the summary judgment was

2

rendered, Defendant became obligated to redeem the 12% Preferred per 1987 Stock Redemption Agreement, which matured in 2003-07 (*Rehberger v. MRW Group, id.*).

6.     **Disclaimer:** Although the Plaintiff has had two separate issues and claims (causes of action) – first claim the 1992 *"liquidation preference"* breach of contract stemming from the 1991 transaction, turned into a barred 1995 appraisal, and second, in 2007, the cause of action for the breach of *mandatory redemption* resulting from the 1987 transaction, he is not engaged in the single *"claim splitting"*, however, the following is illustrative that under certain circumstances it is possible to even split a single claim.

### § 26. Exceptions To The General Rule Concerning Splitting

*(1) When any of the following circumstances exists, the general rule of § 24 does not apply to extinguish the claim, and part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant:*
*(f) It is clearly and convincingly shown that the policies favoring preclusion of a second action are overcome for an extraordinary reason, such as the <u>apparent invalidity of a continuing restraint</u> ... or the <u>failure of the prior litigation to yield a coherent disposition of the controversy.</u>*

7.     **In this case,** under *"the apparent invalidity of a continuing restraint"*, Plaintiff rose a Federal Question (Issue) based on the Constitution of the United States, asking, Can a State Statute for appraisal (NY BCL §623), without due process, invalidate the obligation of a Contract protected by the United States Constitution Article I, §10, Amendment XIV, §1 ? In addition Plaintiff asserts that the prior litigation for appraisal, which only addressed a single issue of whether the 1991 $0.69/share offer was *"fair"* or *"unfair"*, can not dispose of the 2003-07 mandatory *"buy-out"* issue, and so it falls under the exception of *"failure of the prior litigation to yield a coherent disposition of the controversy"*.

### § 19. Judgment for Defendant – The General Rule of Bar

*A valid and final personal judgment rendered in favor of the defendant bars another action by the plaintiff on the same claim.*
*This general rule is subject to the exceptions stated in §§ 20 and 26.*

8.     **In this case,** the Plaintiff has had two separate claims (causes of action) – first the 1992 *"liquidation preference"* breach of contract stemming from the 1991 transaction, turned into a barred 1995 appraisal, and second, in 2003-07, the cause of action for the breach of *mandatory*

*redemption* resulting from the 1987 transaction. Therefore the final 1998 judgment rendered in favor of the defendant does not bar another action by the plaintiff on a different claim and issue.

### § 20. Judgment For Defendant—Exceptions To The General Rule Of Bar

*(1) A personal judgment for the defendant, although valid and final, does not bar another action by the plaintiff on the same claim:*

*(c) When by statute or rule of court the judgment does not operate as a bar to another action on the same claim, or does not so operate unless the court specifies, and no such specification is made.*

9.    **In this case,** even though the Plaintiff has had two separate claims (causes of action) – first the 1992 *"liquidation preference"* breach of contract stemming from the 1991 transaction, turned into a barred 1995 appraisal, and second, the 2003-07 cause of action for the breach of *mandatory redemption* resulting from the 1987 transaction; assuming that he only had a single transaction, the second claim would not be barred because the NY appraisal statute §623, does not operate as a bar to another action on the same transaction when the *vested property right* is or would be destroyed. Such a bar would be in conflict with the NY BCL §514(a)(b) and §906(b)(3), which expressly prohibit destruction of *vested property rights* without Plaintiff's consent. For illustrative case law, see *Breslav, Weckler*, ¶¶.13-23 in the Additional P&A of 2/06/08, and *Rehberger v. MRW Group, id.*

*(2) A valid and final personal judgment for the defendant, which rests on the prematurity of the action or on the plaintiff's failure to satisfy a precondition to suit, does not bar another action by the plaintiff instituted after the claim has matured, or the precondition has been satisfied, unless a second action is precluded by operation of the substantive law.*

*Illustrations: 3. A brings an action against B for breach of contract and after trial without a jury, the court holds for B on the basis that (a) the contract is unenforceable because not in writing and (b) in any event B was induced to enter the agreement by A's fraud. A is barred from bringing a second action on the same claim. 4. The facts are the same as in Illustration 3, but the trial court also holds that the action is premature because the time for B's performance has not yet arrived. A is not barred from bringing suit on the claim after that time has arrived.*

10.    **In this case,** based on the above combined illustration 3 and 4, because Plaintiff's second 2003-07 claim, in 1992 was premature, as the time for Defendant's performance has not yet ar-

rived, he is not barred from bringing suit on his second claim of *mandatory redemption*, after that time has arrived. See also an explanation to § 20(2), ¶.5, supra.

*m. Where a condition precedent has not been performed. The rule stated in this Subsection is applicable where the liability of the defendant is conditional upon the happening of some event. As a matter of substantive law, however, the failure of the plaintiff to establish the existence of the condition precedent in the original action may fix the relationship of the parties so that it is no longer open to him to satisfy that condition. ... In addition, the failure of a party to satisfy a condition precedent within a reasonable time may defeat a second action even though the first dismissal does not itself operate as a bar.*

11.    **In this case,** Plaintiff's Federal Litigation and his amended complaint for appraisal were precluded by operation of the *substantive law*, namely the 80 day statute of limitations prescribed by the NY BCL §623(h)(1)(2), for his 5th Amended Complaint of 12/26/95 requesting appraisal did not relate back to the original complaint for the breach of contract and fraud of the *"liquidation preference"*. Therefore, Plaintiff's failure to satisfy the *condition precedent* within a reasonable time (80 days) defeated a second appraisal action. In effect, in 1992 Plaintiff was only left with a single premature claim and issue relating to the *mandatory redemption* in 2003-07.

## TITLE D. THE SCOPE OF CLAIM, p.195

*Under these formulations of the law of merger and bar (sometimes referred to as the law of "claim preclusion"), it becomes necessary to determine what is the scope or extent or dimension of the claim that has been extinguished, or, stated in another way, what is the scope of the matter as to which a second action by the plaintiff against the defendant is precluded.*

*The term "claim", or the older cognate term "cause of action", appears in a variety of contexts to refer to a unit of litigation... The meaning or scope of claim is not necessarily the same in all the contexts. However, the "transactional" meaning or scope ascribed in this Restatement to claim for purposes of res judicata is not singular to that subject; it is a meaning that is being progressively ascribed to claim in a number of the contexts in which it appears in a modern system of procedure.*

*It is to be noted that when a second action is brought upon a claim different from that which underlay the first action, the results of the first action may still affect the second: issues litigated and determined between the parties in the first action are conclusive upon them in the second action under the rules as to collateral estoppel. See §§ 27-28.*

12.    **In this case,** Plaintiff rose two issues, first a Federal Question issue based on the Constitution of the United States, asking, Can a State Statute for appraisal (NY BCL §623(e)), without

due process, invalidate the obligation of a Contract protected by the United States Constitution Article I, §10, Amendment XIV, §1 ? And because the prior litigation for appraisal addressed only a single issue of whether the 1991 $0.69/share offer was "*fair*" or "*unfair*", can it preclude adjudication of a different issue of the year 2003-07 mandatory "*buy-out*", in effect bar Plaintiff's present action by issue preclusion (collateral estoppel) ? For illustrative case law, see *Breslav, Weckler*, ¶¶.13-23, 2/06/08 Additional P&A, *Rehberger v. MRW Group, id.*

### § 24. Dimensions of "Claim" For Purposes of Merger or Bar—General Rule Concerning "Splitting"

*(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see § § 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.*

*(2) What factual grouping constitutes a "transaction", and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.*

*The general rule of this Sect. is exemplified in §25, and is subject to the exceptions stated in §26.*

*Comment: a. Rationale of a transactional view of claim. In defining claim to embrace all the remedial rights of the plaintiff against the defendant growing out of the relevant transaction (or series of connected transactions), this Section responds to modern procedural ideas which have found expression in the Federal Rules of Civil Procedure and other procedural systems.*

*The present trend is to see claim in factual terms and to make it coterminous with the transaction regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff; regardless of the number of primary rights that may have been invaded; and regardless of the variations in the evidence needed to support the theories or rights. The transaction is the basis of the litigative unit or entity which may not be split.*

13.    **In this case,** the record reveals that there were two different transactional nucleuses of facts leading to an appraisal and to the *mandatory redemption*, see ¶.5, 1/25/08, Opposition. Namely, first transaction, the 1991 HBJ-GCC merger triggering right to appraisal subject to the *condition precedent* of the 80 day statute of limitations (which appraisal was barred for the Plaintiffs' 5th Amended Complaint did not relate back to the original complaint), and leading to the

issue of whether the 1991 $0.69/share offer was *"fair"* or *"unfair"*; and second transactional nucleus, the 1987 HBJ promise, codified in its amended Certificate of Incorporation, of the year 2003-07 *mandatory redemption* per NY BCL §514(a)(b), leading to the right of the *mandatory redemption* and to the new issue of whether the Defendant *"becomes obligated to buy-out the Plaintiff"* and redeem the 12% Preferred as promised at maturity in 2003-07. In conclusion, quoting *Rehberger*, *"In this case, the issue* (right to *"buy-out"* in 2003-07) *was not raised in the previous litigation, nor could it have been litigated in the previous proceeding for the reasons mentioned above* (as it was premature). *The issue could not have been litigated at the time the state court action was pending and therefore should not be barred. Thus, Defendant's Motion to Dismiss pursuant to 12(b)(6) must be denied." Rehberger v. MRW Group, id.*

*b. Transaction: application of a pragmatic standard. The expression "transaction, or series of connected transactions," is not capable of a mathematically precise definition; it invokes a pragmatic standard to be applied with attention to the facts of the cases. And underlying the standard is the need to strike a delicate balance between, on the one hand, the interests of the defendant and of the courts in bringing litigation to a close and, on the other, the interest of the plaintiff in the vindication of a just claim.*

*In general, the expression connotes a natural grouping or common nucleus of operative facts. Among the factors relevant to a determination whether the facts are so woven together as to con-stitute a single claim are their relatedness in time, space, origin, or motivation, and whether, taken together, they form a convenient unit for trial purposes.*

14.    **In this case,** there is no common nucleus of operative facts between the 1995 claim for appraisal and 2007 claim from breach of contract of the *mandatory redemption*. These two trans-actions are separated in *time* (appraisal a 1991 "80 day" claim; *"buy-out"* a 2007 six year claim), *space* (appraisal right was granted by the NY Legislature and arose by error of the 9th Circuit in Pasadena, CA; the *"buy-out"* claim arose from the 1987 HBJ promise in NY to redeem the 12% Preferred in 2003-07), *origin* (appraisal claim stemmed from the 1991 HBJ-GCC merger, *condi-tion precedent* – 80 days to request; the *"buy-out"* claim stemming from the 1987 HBJ promise to redeem, *condition precedent* – 12% Preferred outstanding in 2003-07), and *motivation* (ap-praisal claim served those who could not wait until maturity in 2003-07 to redeem their 12% Pre-ferred; the *"buy-out"* claim serves those who bought the 12% Preferred as a long term invest-ment), and both of these claims could not be taken together, to form a convenient unit for trial purposes, *due to the lack of their relatedness in time, space, origin and motivation.*

7

*c. Transaction may be single despite different harms, substantive theories, measures or kinds of relief. A single transaction ordinarily gives rise to but one claim by one person against another.*

15.    **In this case,** there were two transactions ((1) appraisal claim stemming from the transaction of the 1991 HBJ-GCC merger, *condition precedent* – 80 days to request appraisal; (2) the *"buy-out"* claim stemming from the 1987 transaction of the HBJ promise to redeem, *condition precedent* – 12% Preferred outstanding in 2003-07), and each *transaction separately gives rise to one claim by one person against another.*

*f. Change of circumstances. Material operative facts occurring after the decision of an action with respect to the same subject matter may in themselves, or taken in conjunction with the antecedent facts, comprise a transaction which may be made the basis of a second action not precluded by the first. See Illustration 10. Compare § 20(2) (judgment for defendant when action is premature); § 26(f) (extraordinary situations where merger or bar is inapposite).*

*Illustrations: 10. A brings an action against **B** to set aside a transfer of land on the ground that it was procured by fraud. A fails to prove the fraud and judgment is given for the defendant. A is not precluded from maintaining an action to recover the land on the ground that since judgment was rendered **B** has forfeited the land to the plaintiff for breach of a condition in the conveyance.*

16.    **In this case,** Plaintiff brought an action in 1992 for Breach of Contract and Fraud of the 12% Preferred's *"$13.50 liquidation preference"*. This right stemmed from the 1991 transaction of Defendant's merger. Plaintiff failed to prove the breach of contract and fraud of *"liquidation preference"*, and in 1998 the judgment was given for the Defendant on the barred by the 80 day statute of limitations, right to appraisal, as Plaintiffs failed to prove its single issue in question whether in 1991 the offered price of $0.69/share was *"fair"* or *"unfair"*. Despite the court finding for the Defendant that the offered price was *"fair"*, Plaintiffs did not consent to the exchange of their 12% Preferred at $0.69/share, but instead chose to wait for the subsequent event in 2003-07, of the promised *mandatory redemption* of the 12% Preferred at $13.50/share plus all the cumulative dividends by then in arrears. Therefore, the Plaintiff should not be precluded from maintaining an action for breach of contract of *mandatory redemption* to recover the full value of the 12% Preferred together with the cumulative dividends, on the ground that since the judgment was rendered in 1998, the 12% Preferred's contractual obligation has matured, and the Defendant must redeem (*"buy-out"*) the 12% Preferred according with the terms of a different transaction -

8

its 1987 promise of *mandatory redemption* in 2003-07 as stated in its amended Certificate of In-
corporation.

17.    **Disclaimer:** Although, the Plaintiff has had two separate claims (causes of action), the
1992 *"liquidation preference"* breach of contract stemming from the 1991 transaction, in error
turned into a barred 1995 appraisal request, and in 2003-07 the cause of action of the breach of
*mandatory redemption* resulting from the 1987 transaction, and so he is not engaged in a single
"claim splitting", the following is illustrative that under certain circumstances it is possible to
even split a single claim.

*§ 26. Exceptions To The General Rule Concerning Splitting*

*(1) When any of the following circumstances exists, the general rule of § 24 does not apply to
extinguish the claim, and part or all of the claim subsists as a possible basis for a second action
by the plaintiff against the defendant:*

*(c) The plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy or
form of relief in the first action because of the limitations on the subject matter jurisdiction of the
courts or restrictions on their authority to entertain multiple theories or demands for multiple
remedies or forms of relief in a single action, and the plaintiff desires in the second action to rely
on that theory or to seek that remedy or form of relief; or*

*(d) The judgment in the first action was plainly inconsistent with the fair and equitable imple-
mentation of a statutory or constitutional scheme, or it is the sense of the scheme that the plain-
tiff should be permitted to split his claim; or*

*(f) It is clearly and convincingly shown that the policies favoring preclusion of a second action
are overcome for an extraordinary reason, such as ... the failure of the prior litigation to yield a
coherent disposition of the controversy.*

*Cross-reference. This Section presents a set of exceptional cases in which, after judgment that
would otherwise extinguish the claim under the rules of merger or bar (see § § 18, 19), the plain-
tiff is nevertheless free to maintain a second action on the same claim or part of it.*

*(1) Limitations on the jurisdiction of a system of courts. A given transaction may result in possi-
ble liability under the law of a state and alternatively under a federal statute enforceable exclu-
sively in a federal court. When the plaintiff brings an action in the state court, and judgment is
rendered for the defendant, the plaintiff is not barred from an action in the federal court in which
he may press his claim against the same defendant under the federal statute.*

18.    **In this case,** Plaintiff's original 2/25/92 action (Exh.27, 2/22/08, MSAV), was brought in
the State Court under the common law for the Breach of Contract and Fraud. Under the diversity

jurisdiction Defendants moved this case to the Federal Court, where Plaintiff filed an amended complaint (Defendant's 1/03/08, RJN, Exh.C), also for the Breach of Contract and Fraud without requesting the NY State right to appraisal, and without raising any Federal Question. In 1995, Plaintiff's action, in error, was amended with the NY State appraisal right, even though this amendment did not relate back to the original complaint. In effect, Plaintiff's first action was a State action in the Federal Court, whereas, the current action raises the Federal Question of Constitutional protections on the common law Breach of Contract Claim. Therefore, the Plaintiff should not be barred from an action in the Federal Court in which he may press his second claim (*"buy-out"*) against the same defendant under the Federal Statute.

*g. Contracts--plaintiff's option in case of material breach. A judgment in an action for breach of contract does not normally preclude the plaintiff from thereafter maintaining an action for breaches of the same contract that consist of failure to render performance due after commencement of the first action.*

19.    **In this case,** Plaintiff's original 2/25/92 action was brought in the State Court under the common law for the Breach of Contract and Fraud of the *"liquidation preference"*, in effect of the 1991 HBJ-GCC merger. Whereas, the current action raises the Federal Question of Constitutional protections on the Breach of Contract of the *mandatory redemption* provision (*"buy-out"*) of the 1987 Stock Redemption Agreement. Therefore, a judgment in an action originally for breach of contract, in error, transformed two years later into an action for appraisal, should not preclude the plaintiff from thereafter maintaining an action for a breach of a different contract, based on the *failure to render performance due after commencement of the first action.*

*i. Extraordinary situations where merger or bar is inapposite (Subsection (1)(f)).*
*Another instance is a case in which the prior litigation has failed to yield a coherent disposition of the controversy. Such cases are extremely rare, but may occur, for example, when the disposition of a claim and counterclaim in a prior action has left the parties with inconsistent interests in disputed property.*

20.    **In this case,** Plaintiff rose two issues. First a Federal Question issue based on the Constitution of the United States, asking, Can a State Statute for appraisal (NY BCL §623), without due process, invalidate the obligation of a Contract protected by the United States Constitution Article I, §10, Amendment XIV, §1 ? And, because the prior litigation for appraisal *has failed to yield a coherent disposition of the controversy,* as it only addressed the issue of whether the 1991

$0.69/share offer was *"fair"* or *"unfair"*, can this determination preclude a different issue of the year 2003-07 mandatory *"buy-out"* from going forward ? For illustrative answers based on the case law, see <u>Breslav, Weckler</u>, ¶¶.13-23 in the Additional P&A of 2/06/08, and <u>Rehberger v. MRW Group,</u> id.

*j. Mistake or fraud, concealment, or misrepresentation by the defendant. The result is the same when the defendant was not fraudulent, but by an innocent misrepresentation prevented the plaintiff from including the entire claim in the original action.*

21.    **In this case,** it might be concluded that Defendant's 6/15/92 *"innocent misrepresenta-tion"* informing the District Court that Plaintiff's exclusive remedy is an appraisal, when this right was already lost on 2/27/92, and then two years later on appeal advocating the same *"inno-cent misrepresentation",* which has led to the erred remand and a *"futile amendment"* of 12/26/95 requesting an appraisal, when in fact, Plaintiff's action should have been dismissed on 6/15/92 for lack to state any cause of action (i.e., per 80 day Statute of Limitations right to ap-praisal long passed, and in 1991 there was no breach of any contract), even if the two claims were identical, because the Plaintiff is not seeking appraisal, this *"innocent misrepresentation"* which created in 1994 an illegal cause of action (the appraisal), now should not bar the Plaintiff's current action for breach of *mandatory redemption.* In other words, the bar, if any, should not be based on the *"mistake or fraud, concealment, or misrepresentation by the defendant".*

22.    **Disclaimer:** Although, the Plaintiff had litigated two issues (see ¶.5, 1/25/08, Opposition, and <u>Rehberger v. MRW Group,</u> id.), the 1992 issue of the right to the $13.50/share *liquidation preference,* stemming from the 1991 transaction (which was turned into a barred 1995 appraisal), and an issue of whether the 1991 $0.69/share offer was *"fair"* or *"unfair"*, the current issue of the right to *mandatory redemption* in 2003-07 (resulting from the 1987 transaction - HBJ promise to redeem), is non-identical and so the Plaintiff is not engaged in a relitigation of any past "issues". The following illustrative shows that under certain circumstances it is possible to even relitigate the single issue.

### TITLE E. ISSUE PRECLUSION, p.249

*There are a number of instances in which the policies against relitigation of an issue may be overcome. For example, when the two actions involve different claims and the claims are totally*

11

*unrelated, or when the amount in controversy in the subsequent action far exceeds that involved in the initial action, unyielding application of estoppel doctrine may operate unfairly against the party which is precluded from relitigating an issue. Conversely, if a party is aware of the potential preclusive effects of a judgment, he may feel compelled to over-litigate an issue, or to pursue an appeal that might not otherwise be taken, out of fear of the consequences in later litigation. Courts and commentators have therefore recognized the need for flexibility in the operative principles, and this recognition has served as the basis for the exceptions to the rule of issue preclusion set forth in § 28.*

*There is a close relationship between the definition of a "claim" and the sweep of the rule of issue preclusion. Under the transaction approach to the concept of a claim, on the other hand, there is less need to rely on issue preclusion to put an end to the litigation of a particular controversy.*

## § 27. Issue Preclusion - General Rule

*When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.*

*Exceptions to this general rule are stated in § 28.*

*b. Direct and collateral estoppel. In some cases, a judgment does not preclude relitigation of all or part of the claim on which the action is brought. See § § 20, 26. In such cases, the rule of this Section precludes relitigation of issues actually litigated and determined in the first action when a second action is brought on the same claim. Issue preclusion in a second action on the same claim is sometimes designated as direct estoppel. If, as more frequently happens, the second action is brought on a different claim, the rule of this Section also applies; in such cases, preclusion is sometimes designated as collateral estoppel.*

23.   **In this case,** the record reveals that there were two different transactional nucleuses of facts leading to an appraisal and to the mandatory redemption, see ¶.5 of the 1/25/08 Opposition. First, the 1991 HBJ-GCC merger triggered right to appraisal, subject to the *condition precedent* of the 80 day statute of limitations (which appraisal incidentally was barred, for the Plaintiffs' 5th Amended Complaint did not relate back to the original complaint), leading to the resolution of an issue of whether the 1991 $0.69/share offer was *"fair"* or *"unfair"*. The second transactional nucleus, the 1987 HBJ promise codified in its amended Certificate of Incorporation, of the year 2003-07 *mandatory redemption* per NY BCL §514(a)(b), leading to the right of the *mandatory redemption ("buy-out")* and a new issue of whether the Defendant *"becomes obligated to "buy-out" the Plaintiff"* and redeem the 12% Preferred as promised at maturity in 2003-07. In

12

conclusion, quoting <u>*Rehberger*</u>, *"Furthermore, the preclusive effect* (of issue preclusion) *of the prior state court declaratory judgment action "is limited to the subject of the declaratory relief sought", and "In this case, the issue* (the right to *"buy-out"* in 2003-07) *was not raised in the previous litigation, nor could it have been litigated in the previous proceeding for the reasons mentioned above* (as it was premature). *The issue could not have been litigated at the time the state court action was pending and therefore should not be barred. Thus, Defendant's Motion to Dismiss pursuant to 12(b)(6) must be denied."* <u>*Rehberger v. MRW Group, id.*</u>

c. *Dimensions of an issue. One of the most difficult problems in the application of the rule of this Section is to delineate the issue on which litigation is, or is not, foreclosed by the prior judgment. The problem involves a balancing of important interests: on the one hand, a desire not to deprive a litigant of an adequate day in court; on the other hand, a desire to prevent repetitious litigation of what is essentially the same dispute. When there is a lack of total identity between the particular matter presented in the second action and that presented in the first, there are several factors that should be considered in deciding whether for purposes of the rule of this Section the "issue" in the two proceedings is the same, for example:*

**Is there a substantial overlap between the evidence or argument to be advanced in the second proceeding and that advanced in the first?**

24.    **In this case,** there is no *substantial overlap between the evidence or argument to be advanced in the second proceeding and that advanced in the first,* because the first 1991 *"fair value"* issue adjudicated in 1998 has no bearing on the present issue of the obligation of the Defendant to *"buy-out"* the Plaintiff's 12% Preferred as promised in 1987.

**Does the new evidence or argument involve application of the same rule of law as that involved in the prior proceeding?**

25.    **In this case,** the *"buy-out"* issue is based on the §514(a)(b) and §906(b)(3) of the NY BCL, whereas the former case for appraisal was strictly based on §623 of the NY BCL.

**Could pretrial preparation and discovery relating to the matter presented in the first action reasonably be expected to have embraced the matter sought to be presented in the second?**

26.    **In this case,** there is no need for any pretrial preparation and discovery which was advanced in the first action, for it is strictly based on the interpretation of the 1987 *"buy-out"* promise made by HBJ to its holders of the 12% Preferred.

*How closely related are the claims involved in the two proceedings?*

27.    **In this case,** there is no relation between the claims involved in the two proceedings, the first was for the right to appraisal, second for the right to *mandatory redemption* or *"buy-out"*.

*Sometimes, there is a lack of total identity between the matters involved in the two proceedings because the events in suit took place at different times.... In other instances the burden of show-ing changed or different circumstances should be placed on the party against whom the prior judgment is asserted. In still other instances, the bearing of the first determination is so marginal because of the separation in time and other factors negating any similarity that the first judg-ment may properly be given no effect.*

28.    **In this case,** the 1994-1999 litigation for the State remedy of appraisal, and its ultimate conclusion that in 1991 the *"fair value"* was indeed as the Defendants had asserted- $0.69/share, should have no bearing on the final determination in this breach of the *mandatory redemption* of the 12% Preferred, based on the new issue of whether the Defendant *"became obligated to buy-out the Plaintiff"* in 2003-07 at $13.50/share per NY BCL §514(a)(b), because *the separation in time and different causes of action and issues are negating any similarity, such that the first "fair value" judgment may properly be given no effect in the second "buy-out" issue action.*

*e. Issues not actually litigated. A judgment is not conclusive in a subsequent action as to issues which might have been but were not litigated and determined in the prior action. There are many reasons why a party may choose not to raise an issue, or to contest an assertion, in a particular action. The action may involve so small an amount that litigation of the issue may cost more than the value of the lawsuit.*

29.    **In this case,** Plaintiff's current issue of the mandatory per NY BCL §514(a)(b) *"buy-out"* (see *Rehberger v. MRW Group, id.*), was not, and because it was premature, could not have been litigated in the prior 1992-1999 litigation for appraisal.

***The party contending that an issue has been conclusively litigated and determined in a prior action has the burden of proving that contention.***

30.    **In this case,** Defendant has been contending that the *"buy-out"* issue was conclusively litigated and determined in the prior action, without proving this contention, the least, based on the applicable statute or case law, such as *Rehberger v. MRW Group, id.*

*§ 28. Exceptions to the General Rule of Issue Preclusion*

*Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:*

*(2) The issue is one of law and (a) the two actions involve claims that are substantially unrelated, or (b) a new determination is warranted in order to take account of an intervening change in the applicable legal context or otherwise to avoid inequitable administration of the laws; or*

*(4) The party against whom preclusion is sought had a significantly heavier burden of persuasion with respect to the issue in the initial action than in the subsequent action; the burden has shifted to his adversary; or the adversary has a significantly heavier burden than he had in the first action; or*

*(5) There is a clear and convincing need for a new determination of the issue (a) because of the potential adverse impact of the determination on the public interest or the interests of persons not themselves parties in the initial action, or (c) because the party sought to be precluded, as a result of the conduct of his adversary or other special circumstances, did not have an adequate opportunity or incentive to obtain a full and fair adjudication in the initial action.*

*b. Issues of law (Subsection (2)). The distinction between issues of fact and issues of law is often an elusive one. In an action tried to a jury, a party may be entitled to a directed verdict "as a matter of law," or a question like that of the meaning of a written contract may be a question of "law" in the sense that it is decided by the judge rather than the jury.*
*<u>A rule of law declared in an action between two parties should not be binding on them for all time</u>, especially as to claims arising after the first proceeding has been concluded, when other litigants are free to urge that the rule should be rejected. Such preclusion might unduly delay needed changes in the law and might deprive a litigant of a right that the court was prepared to recognize for other litigants in the same position.*

31.    **In this case,** Plaintiff's 1994-1999 litigation for the State remedy of appraisal, and the final issue conclusion that in 1991 the *"fair value"* was indeed as the Defendants had asserted - $0.69/share, should have no bearing on the final determination in this breach of *mandatory redemption* based on the new issue of whether the Defendant *"became obligated to buy-out the Plaintiff"* in 2003-07 at $13.50/share per NY BCL §514(a)(b), because any ruling for the Defendant based on the prior adjudicated issue of the *"fair value"*, would affect only the Plaintiff and not all the remaining Debtholders, who would not be precluded from obtaining a *"buy-out"* of their 12% Preferred because of Defendant's claim of collateral estoppel in the Plaintiff's action.

*c. Change in applicable legal context; avoidance of inequitable administration of the laws.*

15

*In determining whether the applicable legal context has changed, or that applying preclusion would result in inequitable administration of the law, it is important to recognize that two concepts of equality are in competition with each other. One is the concept that the outcomes of similar legal disputes between the same parties at different points in time should not be disparate. The other is that the outcomes of similar legal disputes being contemporaneously determined between different parties should be resolved according to the same legal standards. Applying issue preclusion invokes the first of these concepts, treating temporally separated controversies the same way at the expense of applying different legal standards to persons similarly situated at the time of the second litigation. The problem is illustrated by the situation where a taxpayer's liability for tax in a certain transaction in one tax year is determined according to a particular interpretation of the tax law, and that interpretation is thereafter abandoned in favor of another interpretation. If issue preclusion is applied in a subsequent tax year, the taxpayer will receive treatment different from that accorded to other taxpayers similarly situated at that time. On the other hand, refusing to apply issue preclusion invokes the second concept of equality. Thus, in the situation posed, if the taxpayer's liability in subsequent years is determined according to the new interpretation of the law, the taxpayer will be treated in those years in the same way as other taxpayers but in a way inconsistent with the determination previously made with respect to him. Comparable problems can arise in other types of transactions in which the same fact pattern presents itself in adjudications occurring over the course of time.*

*In deciding whether to apply issue preclusion, or instead to apply a subsequent emerging legal standard, the choice is between two forms of disparity in resolution of legal controversy. In making the choice, the courts sometime pose the question as whether the "rights" involved in the two successive actions are the same.*

***Refusal of preclusion is ordinarily justified if the effect of applying preclusion is to give one person a favored position in current administration of a law.***

32.    **In this case,** as was stated above, Plaintiff's 1994-1999 litigation for the State remedy of appraisal, and the final issue conclusion that in 1991 the "*fair value*" of the 12% Preferred was indeed as the Defendants had asserted - $0.69/share, should have no bearing on the final determination in this breach of *mandatory redemption* based on the new issue of whether the Defendant "*became obligated to buy-out the Plaintiff*" in 2003-07 at $13.50/share per NY BCL §514(a)(b), because any ruling for the Defendant based on the prior adjudicated issue of the "*fair value*" in 1991, would affect only the Plaintiff and not all the remaining 12% Preferred's Debtholders, who would not be precluded from obtaining a "*buy-out*" of their 12% Preferred because of the Defendant's claim of collateral estoppel in the Plaintiff's action, and if they were permitted to proceed with their breach of contract claim, and Plaintiff was barred due to the prior litigation on a different claim and issue, this would "*give one person* (or a group*) a favored position*

*in current administration of a law"*, and would permit the Defendant to be unjustly enriched at the expense of the Plaintiff.

*j. Lack of fair opportunity to litigate in the initial action. In an action in which an issue is litigated and determined, one party may conceal from the other information that would materially affect the outcome of the case. Such concealment may be of particular concern if there is a fiduciary relationship between the parties….*

33.    **In this case,** there was a strong fiduciary relationship between the parties, and because Plaintiff trusted HBJ accountants, and HBJ had "future-dated" the Plaintiff's Stock Certificate to the date of 11/21/91 (or had made an accounting error), as the Certificate should had shown all the shares the Plaintiff possessed on 11/21/91, including those in arrears, totaling 83,165.5 shares (see Table 1, p.13, 12/19/07 Complaint), Plaintiff had no *"fair opportunity to litigate in the initial action"* for appraisal (whether it was barred or not). This is so, because no accounting was ever performed, due to the summary judgment for the Defendant before any appraisal were to take place. Had there been an actual appraisal proceeding and a necessary accounting, the total 83,165.5 shares even at the 1991 *"fair value"* of $0.69/share would have amounted to $57,384.19, much more than the offered by *concealment* or in error, $3,507.27.

**Or the amount in controversy in the first action may have been so small in relation to the amount in controversy in the second that preclusion would be plainly unfair.**

34.    **In this case,** on 2/25/92 in the original Breach of Contract and Fraud of the *"liquidation preference"* action, the Plaintiff sought $13.50/share *"liquidation preference"* totaling $65,809.60, Due to the *concealment*, supra, Defendants offered $2,810.90 (80% of the total tender of $3,507.27). On 12/19/07 in the present Breach of Contract of the *mandatory redemption* action, the Plaintiff seeks $13.50/share maturity value plus all the 12% cumulative dividends in arrears, or in all $7,084,923.58. Therefore, the amount in controversy in the first action was so small ($3,507.27), in relation to the amount in controversy in the second ($7,084,923.58), *that preclusion would be plainly unfair*. Applying the doctrines of Res Judicata or Collateral Estoppel definitely would permit the Defendant to be unjustly enriched at the expense of the Plaintiff, and Defendant's 1991 *concealment*, deceit or an error, to prevail.

*In some of these instances, relief from the first judgment may be available…. But whether or not*

17

*relief from the first judgment may be obtained, the court in the second proceeding may conclude that issue preclusion should not apply because the party sought to be bound did not have an adequate opportunity or incentive to obtain a full and fair adjudication in the first proceeding. Such a refusal to give the first judgment preclusive effect should not occur without a compelling showing of unfairness, nor should it be based simply on a conclusion that the first determination was patently erroneous. But confined within proper limits, **discretion to deny preclusive effect to a determination under the circumstances stated is central to the fair administration of preclusion doctrine.***

## CONCLUSION

For all the foregoing reasons, based on the *Restatement (Second) of Judgments* and NY case law of *Rehberger v. MRW Group, id.*, Plaintiff respectfully requests the Court that the *Motion for Pre-Filing Order Against Vexatious Litigant* be denied as well as the Motion to Dismiss, and per FRCP Rule 11 (c)(1)(A), that Plaintiff be awarded the reasonable expenses incurred in opposing the motion.

Dated this 22 February 2008

*J. Czajkowski*

Jerry Czajkowski, Ph.D., in Pro Se

18