1  LATHAM & WATKINS LLP
      Kenneth M. Fitzgerald (SBN 142505)
2     kenneth.fitzgerald@lw.com
      Hassan Elrakabawy (SBN 248146)
3     hassan.elrakabawy@lw.com
   600 West Broadway, Suite 1800
4  San Diego, California 92101-3375
   Telephone: +1.619.236.1234
5  Facsimile: +1.619.696.7419

6  Attorneys for Defendant Reed Elsevier Inc.

7

8               UNITED STATES DISTRICT COURT

9               SOUTHERN DISTRICT OF CALIFORNIA

10

| 11 JERRY CZAJKOWSKI, Ph.D., an individual, | CASE NO. 07 CV 2383 JM (LSP) |
| 12 | DEFENDANT'S CONSOLIDATED REPLY IN SUPPORT OF MOTIONS FOR SANCTIONS AND FOR PRE-FILING ORDER AGAINST VEXATIOUS LITIGANT |
| 13 Plaintiff, | |
| 14 v. REED ELSEVIER INC., a Massachusetts Corporation, and DOES 1-20, inclusive, | |
| 15 | DATE: March 7, 2008 TIME: 1:30 p.m. COURTROOM: 16, 5TH Floor |
| 16 Defendant. | |
| 17 | Honorable Jeffrey T. Miller |
| 18 | **ORAL ARGUMENT NOT REQUIRED** |

19
20
21
22
23
24
25
26
27
28

LATHAM&WATKINS LLP    SD\621649.2
ATTORNEYS AT LAW
  SAN DIEGO
                                                    CASE NO. 07 CV 2383 JM (LSP)
                                      DEFENDANT'S CONSOLIDATED REPLY ISO MOTIONS FOR
                                          SANCTIONS AND FOR PRE-FILING ORDER

I.

# INTRODUCTION

Dr. Czajkowski's oppositions may be the best demonstrations of why Rule 11 sanctions and a pre-filing vexatious litigant order against him are warranted. In those oppositions, he ignores the fundamental fact that his rights as a Harcourt Brace Jovanovich, Inc. ("HBJ") shareholder were extinguished by the General Cinema/HBJ merger. He disregards this reality despite affirmatively alleging himself, in prior pleadings from his first lawsuit, that his rights as a shareholder were, in fact, destroyed by the merger. In addition, plaintiff raises a host of frivolous and bizarre arguments, including that Reed "failed to obtain an approval from the United States Government before making of public record, Government's Cold War covert operations behind the Iron Curtain in Warsaw, Poland, in which Plaintiff's parents Lonia and W. Czajkowski participated." Opposition to Motion for Sanctions Against Vexatious Litigant at 5:8-10. He also argues that his case is reasonable, because his former lawyers believed in it. Yet, their correspondence shows that at least one lawyer warned Dr. Czajkowski about filing it, and neither would do so themselves. In all respects, the frivolousness and vexatiousness of plaintiff's litigation crusade are apparent, and the Court should exercise its powers to make it stop.

II.

# ARGUMENT

A. **Plaintiff Had One Exclusive Remedy Arising From One Transactional Nucleus Of Facts.**

Attempting to split his claim into two actions, plaintiff argues that there were actually "two different transactional nucleuses of facts" giving rise to two separate claims with respect to his HBJ shares. See Sanctions Opposition at 3. According to the plaintiff, the first transaction was the 1991 HBJ-GCC merger, and the second was the "1987 promise codified in [HBJ's] amended Certificate of

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\621649.2

1

CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S CONSOLIDATED REPLY ISO MOTIONS FOR SANCTIONS AND FOR PRE-FILING ORDER

1  Incorporation, of the year 2003-2007 mandatory redemption." Id. In other words,
2  according to the plaintiff, the merger triggered his appraisal right, but later (from
3  2003 to 2007), the plaintiff had a redemption right, that is, the right to have his
4  stock redeemed at $13.50 per share. Plaintiff argues that this right was not
5  triggered until 2003-2007.

6  The problem with this argument is that it fails to recognize that the
7  1991 merger destroyed plaintiff's redemption right. That is because the 1991
8  merger destroyed all of plaintiff's rights as an HBJ shareholder (except the right to
9  receive fair value, based on an appraisal, if he dissented, which he did). See RFN,
10 Exh. D (Czajkowski v. Jovanovich et al., No. 92-55787, 1994 WL 247089, at *1
11 (9th Cir. Jun. 8, 1994) (unpublished opinion)). The Ninth Circuit made it very
12 clear then that beyond an appraisal to determine the "fair value" of his shares,
13 plaintiff could not request damages in any other form. Id. at *4 (citing Burke v.
14 Jacoby, 981 F.2d 1372, 1380 (2d Cir.1992)). It does not matter what plaintiff "has
15 now discovered" regarding the first action for appraisal or that plaintiff now claims
16 the appraisal issue was "moot." Sanctions Opposition at 9. Plaintiff has no rights
17 as an HBJ shareholder. His only remaining right after the merger, to an appraisal,
18 was extinguished by the final judgment in the prior litigation.

19  **B.   Plaintiff's Interests Were Eliminated By Merger.**
20  The Ninth Circuit made clear to plaintiff that "[A] minority stock
21 interest may be eliminated by merger. And, where a merger of corporations is
22 permitted by law, a shareholder's preferential rights are subject to defeasance.
23 Stockholders are charged with knowledge of this possibility at the time they
24 acquire shares." See RFN, Exh. D at 3 (quoting Rothschild Int'l Corp. v. Liggett
25 Group, 474 A.2d 133, 136-37 (Del. 1984)); see also Rauch v. RCA Corp., 861 F.2d
26 29, 32 (2nd Cir. 1998). In both Rauch and Rothschild, the courts held that owners
27 of preferred stock were not entitled to a liquidation or redemption preference
28 specified in their stock agreements as a consequence of a merger. See e.g.,

LATHAM&WATKINS
ATTORNEYS AT LAW
SAN DIEGO

SD\621649.2

2

CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S CONSOLIDATED REPLY ISO MOTIONS FOR
SANCTIONS AND FOR PRE-FILING ORDER

1    Rothschild, 474 A.2d at 136.  The Rauch court noted that plaintiff could have
2    sought an appraisal proceeding (Delaware Business Code has a provision similar to
3    N.Y.Bus.Corp.Law § 623), but did not.  Rauch, 861 F.2d at 32.  Here, the Ninth
4    Circuit and Judge Brewster made clear to plaintiff that he had no rights whatsoever
5    under the shareholder agreement because, under New York Business and
6    Corporation Law § 623, his rights as a shareholder were extinguished by the
7    merger.  See N.Y. Bus. Corp. Law § 623(k); Breed v. Barton, 54 N.Y.2d 82, 85-87
8    (N.Y.2d 1981).  See also N.Y. Bus. Corp. Law §623(e) (a dissenting shareholder
9    "cease[s] to have any of the rights of a shareholder except the right to be paid the
10   fair value of his shares and any other rights under . . . section [623]").
11             Defendant cites Rehberger v. MRW Group, Inc., No. 05-CV0210,
12   2005 WL 1544806, at *1 (E.D.N.Y. June 28, 2005) (unpublished opinion)
13   repeatedly for the proposition that claims that could not have been litigated in a
14   previous proceeding should not be barred by res judicata or collateral estoppel.
15   Rehberger is easily distinguished.  There, the plaintiff, as well as the other
16   shareholders, had entered into a Stock Redemption Agreement after the merger of
17   Richtberg & Rehberger, Inc. and Mills-Muller-Wood Corporation to form the
18   MRW Group. Id. at *1.  A state court had previously held that the plaintiff could
19   enforce the Stock Redemption Agreement but that payments to the plaintiff from
20   the MRW Group were limited to years in which a surplus was available.  Id.  In a
21   subsequent suit, plaintiff alleged that defendant had not complied with the state
22   court judgment because it had not made any payments to the plaintiff despite what
23   plaintiff contended was evidence of a surplus.  Id. at *1-2.  Defendants moved to
24   dismiss the claim based on res judicata and collateral estoppel.  Id. at *2.  The
25   court denied the motion, holding that a declaratory judgment action as to the
26   availability of this specific surplus had not been (and could not have been) asserted
27   in the prior state proceeding.  Therefore, the plaintiff raised issues that had yet to
28   be decided.  Id. at *3.

LATHAM&WATKINS LLP   SD\621649.2
ATTORNEYS AT LAW
SAN DIEGO

3    CASE NO. 07 CV 2383 JM (LSP)
     DEFENDANT'S CONSOLIDATED REPLY ISO MOTIONS FOR
     SANCTIONS AND FOR PRE-FILING ORDER

1          Here, plaintiff is not seeking to enforce a past judgment or agreement
2   regarding his right to payment.  Instead, plaintiff seeks to relitigate his rights as an
3   HBJ shareholder because he is unsatisfied with the result of his first lawsuit.
4   Unlike Rehberger, plaintiff is not asserting that he has a post-merger stock
5   redemption agreement with HBJ or a prior judgment that he seeks to enforce.
6   Plaintiff relies instead upon "the 1987 HBJ promise codified in its amended
7   Certificate of Incorporation." Sanctions Opposition at 3.  However, the courts
8   have repeatedly informed plaintiff that he has no right to redemption under the
9   shareholder agreement because, under New York Business and Corporation Law
10  § 623, his rights as a shareholder, except for his right to an appraisal, were
11  extinguished by the merger.  Plaintiff previously sued because his right to
12  redemption, along with his right to dividends, were extinguished by the merger.
13  He himself alleged as much.[1]  It is frivolous for him to argue now that his claim is
14  somehow different, or that his rights as a shareholder somehow survived the
15  merger that inspired his first lawsuit.
16      C.  **Plaintiff's Decision to Sue Was Objectively Unreasonable.**
17          In contending that he has a reasonable basis for his claims, and in
18  opposing the dismissal of his case, plaintiff argues that two different lawyers

---

[1]  See Defendant's Request For Judicial Notice In Support of Motion to Dismiss ("RFN"), Exh. C (Amended Complaint) at 5:6-10 ("HBJ Preferred Stock has been liquidated, as it no longer trades on the NY Stock Exchange, and cannot be redeemed to anyone but GCC.  In effect HBJ as an independent financial entity ceased to exist, i.e., it has been liquidated." ); RFN, Exh. E (Fifth Amended Complaint) at 3:5-7 ("Plaintiffs' right to receive $13.50 per share with accrued dividends on June 30, 2003, or 'at any time', was a valuable vested property right, and HBJ-GCC two-step merger did not have the authority of equity or of the U.S. Constitution to take away those vested rights without the plaintiffs' consent."); id. at 4:24-5:2 ("the merger culminating in the act of liquidation of the HBJ 12% preferred stock without any regard for plaintiff's vested property rights leads to a conclusion that the HBJ-GCC merger was fraudulent and unlawful"); id. at 5:24 ("defendants breached their fiduciary duty . . . by unlawfully divesting the 12% preferred stock); id. at 6:12-15 ("Defendants broke the **CONTRACT** with the plaintiffs and deprived them of those vested property rights") (emphasis in original).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\621649.2

4

CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S CONSOLIDATED REPLY ISO MOTIONS FOR SANCTIONS AND FOR PRE-FILING ORDER

1  believed in his case. Yet the correspondence from these lawyers, attached to
2  plaintiff's "Additional Points and Authorities in Opposition to the Motion to
3  Dismiss" (Docket No. 14),[2] reveals at least one assessment that plaintiff's claim
4  faced a serious risk of failure. Thus, in the engagement letter between plaintiff and
5  attorney Clark Davidson, Mr. Davidson referenced prior conversations with
6  plaintiff warning him of a "significant risk" that he would lose at the pleading
7  stage, based on either res judicata or the statute of limitations. Id. at 22.
8  Mr. Davidson further advised plaintiff that he believed defendant would ask the
9  court to impose sanctions against plaintiff personally for their fees and costs in
10 defending the lawsuit. Id. Tellingly, Mr. Davidson did not subject himself to
11 Rule 11 by representing the plaintiff and filing this case.[3] Plaintiff cites another
12 letter from his lawyer, Patricia Lewis. Yet that letter was never actually sent, as
13 evidenced by the handwritten notes on it. See plaintiff's "Additional Points and
14 Authorities in Opposition to the Motion To Dismiss" (Docket No. 14) at 15-17.
15 Regardless, like Mr. Davidson who explicitly warned plaintiff of the "significant
16 risk" of "a complete and total loss" (id. at 22), Ms. Lewis apparently thought
17 enough of Rule 11 that she too chose not to file this case. Coupled with the patent
18 lack of objective merit to plaintiff's claim, the warnings and actions of attorneys
19 hired to represent plaintiff demonstrate the frivolousness of this case, and the
20 appropriateness of Rule 11 sanctions.
21           The focus of Rule 11 is to impose on counsel or unrepresented parties
22 an affirmative obligation to conduct a reasonable inquiry into the legal and factual

---

[2] This supplemental briefing was filed without leave of the Court and in violation of the Local Rules.

[3] By disclosing his attorney-client communications and relying on the supposed advice of his counsel, plaintiff has waived the attorney-client privilege. However, because discovery is not open, Reed has not been able to subpoena the complete file of Mr. Davidson or Ms. Lewis, in order to learn the full extent of their assessment of plaintiff's claim.

basis of a filing before presenting it to the court. As previously noted, the standard of conduct under Rule 11 is one of objective reasonableness. Golden Eagle Dist. Corp. v. Burroughs Corp., 801 F.2d 1531, 1538 (9th Cir. 1986). Courts have recognized that the imposition of sanctions is particularly appropriate where the doctrines of res judicata and collateral estoppel plainly preclude relitigation of the suit. See Huettig & Schromm v. Landscape Contractors Council, 582 F. Supp. 1519, 1521 (N.D. Cal. 1984). The imposition of sanctions is one of the few options available to a court to deter and punish people who relitigate cases which are hopelessly foreclosed. McLaughlin v. Bradlee, 602 F. Supp. 1412, 1417 (D.D.C. 1985). And Rule 11 is particularly appropriate when the offending party, although proceeding pro se, has shown an ability to find and understand the applicable law. See Cornett v. Bank of New York, No. 91 Civ. 0605, 1992 WL 88197, at *16 (S.D.N.Y. April 17, 1992). Applying that standard here, it is clear that plaintiff violated the Rule.

Plaintiff admonishes Reed for "poor judgment and professionalism," because defendant failed to "obtain an approval from the United States Government before making of public record, Government's Cold War covert operations behind the Iron Curtain in Warsaw Poland . . . ." Sanctions Opposition at 5. According to plaintiff, "[b]ecause of ongoing operations around the world, obtaining such a permission would show sound judgment on the part of the Defendant." Setting aside the obvious irrelevance of this bizarre argument, the fact is that plaintiff himself sent these documents to Reed, hoping to curry favor with its Polish-American General Counsel. These entreaties were followed by solicitations for recommendations for securities litigation attorneys to bring his case and interest plaintiffs' class action firms in his cause. In some cases, plaintiff did not apprise the attorneys he contacted to pursue his claims of all the prior judgments and orders of this Court and the Ninth Circuit. See Fitzgerald Decl. ¶ 9, Exh. G (e-mail from J. Czajkowski to C. J. Faruki dated September 24, 2007).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\621649.2

6

CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S CONSOLIDATED REPLY ISO MOTIONS FOR SANCTIONS AND FOR PRE-FILING ORDER

1  Despite finding no attorneys to pursue his claims, plaintiff filed suit himself, in two
2  different courts. Unfortunately, this is the culmination of a long campaign of
3  vexatious and harassing behavior.
4         As detailed in defendant's Motion for Sanctions, plaintiff has a long
5  history of making frivolous and false accusations. This has included allegations
6  that the Ninth Circuit and this Court acted illegally and deprived him of his
7  constitutional rights. He accused the District Court of obstructing justice because
8  its law clerks were "in solidarity" with defendant's counsel, who clerked in the
9  same court many years earlier. Plaintiff pestered defendant's executives with his
10 demands, and ignored directives to cease and desist from doing so. This pattern of
11 conduct, along with plaintiff's five amended complaints in the prior litigation, and
12 his submissions in this one, demonstrate the need for sanctions and a pre-filing
13 order requirement.
14        "District courts do have the power to reinforce the effects of
15 [collateral estoppel and res judicata] by issuing an injunction against repetitive
16 litigation." Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515,
17 1524 (9th Cir. 1983), cert. denied, 465 U.S. 1081 (1984). Accordingly, defendant
18 requests the Court enter a narrowly-tailored pre-filing order, barring plaintiff from
19 initiating further litigation over his HBJ preferred stock absent leave of court. In
20 addition, defendant requests that plaintiff be ordered to stop communicating with
21 defendant or its successors regarding his HBJ preferred shares.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\621649.2

7

CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S CONSOLIDATED REPLY ISO MOTIONS FOR
SANCTIONS AND FOR PRE-FILING ORDER

## III.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests the Court to assess Rule 11 sanctions against plaintiff and issue an order prohibiting plaintiff from filing any further litigation related to his HBJ shares without pre-filing approval, or from communicating with Reed or its successors regarding his HBJ stock.

Dated: February 29, 2008

LATHAM & WATKINS LLP
Kenneth M. Fitzgerald
Hassan Elrakabawy


By   s/Kenneth M. Fitzgerald
     Kenneth M. Fitzgerald
     Attorneys for Defendant Reed Elsevier, Inc.

LATHAM&WATKINSᴸᴾ
ATTORNEYS AT LAW
SAN DIEGO

SD\621649.2

8

CASE NO. 07 CV 2383 JM (LSP)
DEFENDANT'S CONSOLIDATED REPLY ISO MOTIONS FOR SANCTIONS AND FOR PRE-FILING ORDER

## TABLE OF CONTENTS

PAGE

I. INTRODUCTION .................................................................................................1

II. ARGUMENT .......................................................................................................1

    A. Plaintiff Had One Exclusive Remedy Arising From One Transactional Nucleus Of Facts. ..........................................................1

    B. Plaintiff's Interests Were Eliminated By Merger. ................................2

    C. Plaintiff's Decision to Sue Was Objectively Unreasonable. ...............4

III. CONCLUSION ....................................................................................................8

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\621649.2

i

CASE NO. 07 CV 2383 JM (LSP)
DEF'S CONSOLIDATED REPLY ISO MOTIONS
FOR SANCTIONS AND FOR PRE-FILING ORDER
AGAINST VEXATIOUS LITIGANT