1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY CZAJKOWSKI, | CASE NO. 07 CV 2383 JM (LSP) |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE, DENYING MOTION FOR SANCTIONS, AND DENYING MOTION FOR PRE-FILING ORDER AGAINST VEXATIOUS LITIGANT** |
| vs. | |
| REED ELSEVIER, INC., | |
| Defendant. | **(Doc. Nos. 4, 9, 10)** |

Plaintiff, a California resident, sued defendant Reed Elsevier in propia persona for breach of contract. This claim arises out of stock held by Plaintiff and his mother (now deceased) in the late-1980s and early-1990s. Defendant filed a motion to dismiss on January 3, 2008, arguing that Plaintiff's complaint is barred by res judicata, collateral estoppel, and the statute of limitations. (Doc. no. 4.) Defendant subsequently filed motions for Rule 11 sanctions and for a pre-filing order based on vexatious conduct. (Doc. nos. 9, 10.) Plaintiff opposed all three motions. The court deemed the motion to dismiss appropriate for decision without oral argument, see Civ. L.R. 7.1(d)(1), and heard oral argument on the other motions on March 19, 2008. For the reasons set forth below, the court hereby grants the motion to dismiss with prejudice, denies the motion for sanctions, and denies the motion for a pre-filing order.

//

## I.    BACKGROUND

### A.    Plaintiff's HBJ Preferred Shares

The following facts related to Plaintiff's HBJ stock have been taken from his complaint.  In 1991, Harcourt Brace Jovanovich, Inc. ("HBJ"), a New York corporation, merged with General Cinema Corporation ("GCC").  (Compl. at 3-4 ¶ 14.)  Plaintiff and his mother held preferred stock in HBJ at the time of the merger.  (See Compl. at 12-13 ¶ 53.)  As stated in a merger prospectus, the preferred shares contained the following terms:

> HBJ may, at its option, redeem shares of HBJ Preferred Stock in whole at any time, or from time to time in part, at a redemption price equal to the $13.50 per share liquidation preference plus accrued and unpaid dividends, if any, to the date fixed for redemption.  HBJ is required to redeem, on June 30, 3003, and on each June 30 thereafter through June 30, 2006, 20% of all shares of HBJ Preferred Stock then outstanding and on June 30, 2007 all remaining shares of outstanding HBJ Preferred Stock, in each case at the redemption price of $13.50 per share, plus accrued interest and unpaid dividends, if any, to the date of redemption.

(Compl. at 5-6 ¶ 22.)  Plaintiff objected to the merger.  (Compl. at 7 ¶ 30.)  HBJ purchased 5,083 preferred shares from Plaintiff at $0.69 per share, making an 80 percent cash advance of the full $3,507.27 and requesting surrender of the stock certificate in exchange for the remaining 20 percent payment.  (Compl. at 7-8 ¶ 31.)  Plaintiff and his mother rejected HBJ's "offer" and made a counteroffer of $65,809.60, to which HBJ did not respond.  (Compl. at 8 ¶33, 16 ¶ 59.)  Plaintiff claims that the 5,083 shares constituted only a fraction of the total number of shares he owned.  (See Compl. at 12 ¶ 53.)

### B.    The 1992 Litigation: First Round

Proceeding in propia persona, Plaintiff and his mother sued Peter Jovanovich and HBJ in California state court in February 1992 (the "1992 litigation").  The defendants removed the case to the United States District Court for the Southern District of California.  See Czajkowski v. Jovanovich, No. 92CIV0431 B (AJB) (S.D. Cal.).  Plaintiff and his mother claimed that HBJ violated a contract by purchasing their preferred shares at $0.69 per share rather than $13.50 per share plus unpaid dividends and interest.  The district court ultimately granted the defendants' motion to dismiss.

On appeal, the Ninth Circuit reversed the order of dismissal and remanded the case. Czajkowski v. Jovanovich, No. 92-55787, 1994 WL 247089 (9th Cir. Jun. 8, 1994) ("Czajkowski I")

1   (Compl., Exh. 4).  The circuit court determined that "the Czajkowskis' action is in essence a claim that

2   they were not paid enough for their shares[.]"   Id. at **3 (indicating that plaintiffs received

3   compensation for all their shares).  The court held that New York law governed and, under New York

4   law, the plaintiffs' exclusive remedy was an appraisal proceeding.  Id. at **2.  This sole remedy

5   foreclosed the plaintiffs' request for "equitable relief."  The court remanded to allow the plaintiffs to

6   amend their complaint to seek appraisal of the fair value of their shares.

7           **C.      The 1992 Litigation: Second Round**

8           On remand, the district court granted leave to file a fifth amended complaint.  The plaintiffs

9   filed the fifth amended complaint in December 1995, alleging claims for breach of contract, breach

10  of fiduciary duty, and fraud, and requesting appraisal of the fair value of the plaintiffs' HBJ preferred

11  shares.  (Def.'s Request for Judicial Notice ("RJN"), Exh. E (Fifth Amended Compl.).[1])  Instead of

12  pursuing an appraisal proceeding, the plaintiffs then moved for summary judgment.  The district court

13  denied the motion on November 4, 1997.  The court also denied the plaintiffs' subsequent motion for

14  reconsideration of that order.  (See RJN, Exh. F (Denial of Pls.' Mot. for Recon.).)  The defendants

15  then filed their own motion for summary judgment, which the court granted.  The court denied the

16  plaintiffs' motion for reconsideration on April 24, 1998.

17          The plaintiffs then appealed the grant of summary judgment for the defendants and the April

18  24, 1998 order denying reconsideration.  Because the plaintiffs filed their notice of appeal almost three

19  months after the summary judgment order, the Ninth Circuit dismissed that portion of the appeal for

20  lack of jurisdiction.  The circuit court affirmed the order denying reconsideration, concluding that

21  "plaintiff essentially only sought to relitigate issues that were previously rejected by this court in

22  [Czajkowski I], and plaintiffs have failed to demonstrate a sufficient basis" for reconsideration.

23  Czajkowski v. Jovanovich, No. 98-55904, Mem. Op. at 2-3 (9th Cir. Apr. 15, 1999) ("Czajkowski II").

24  //

25  //

26

27          [1]Plaintiff objects to Defendant's RJN.  Plaintiff argues that, under the doctrine of res judicata,
    the Ninth Circuit's denial of the defendant's request for judicial notice in Czajkowski II forecloses
28  Defendant from seeking judicial notice here.  This argument misconstrues the concept of res judicata,
    which is not appropriately applied to issues unrelated to the merits of a case.

1  **D.    The Current Case**

2        Plaintiff initiated the instant action against Reed Elsevier on December 19, 2007.[2]  In addition

3  to diversity jurisdiction, he asserts federal question jurisdiction based on Defendant's alleged violation

4  of his rights under the United States Constitution.  (<u>See</u> Compl. at 1 (federal question arising under

5  U.S. Const. Art. I, § 10, and Amendment XIV, § 1).)

6        In his complaint, Plaintiff alleges a sole claim for breach of contract.  He claims that he

7  purchased 4,710 shares of the HBJ preferred stock between October 1989 and November 1990.

8  (Compl. at 12.)  He also alleges that his stock had grown to 83,165.50 shares by November 25, 1991

9  because the dividends on the preferred shares were to be paid in kind.  Plaintiff alleges that Defendant

10  breached its contractual promise to redeem Plaintiff's preferred shares on each June 30 from 2003-

11  2007.  (Compl. at 23.)  Based on his own calculations, Plaintiff alleges that he owned 525,920.02

12  shares as of June 30, 2007, and that Defendant now owes him a total of $7,084,923.58 due to the

13  breach of contract in 2003-2007.  (Compl. at 24.)

14  **II.    DISCUSSION**

15      **A.    Motion to Dismiss**

16        Defendant argues that the court should dismiss the complaint under Rule 12(b)(6) for failure

17  to state a claim upon which relief may be granted.

18          **1.    Legal Standards**

19        Rule 12(b)(6) dismissal is proper only in "extraordinary" cases.  <u>United States v. Redwood</u>

20  <u>City</u>, 640 F.2d 963, 966 (9th Cir. 1981).  In evaluating a 12(b)(6) motion, the court must accept the

21  complaint's allegations as true and construe them in the light most favorable to Plaintiff.  <u>See, e.g.</u>,

22  <u>Concha v. London</u>, 62 F.3d 1493, 1500 (9th Cir. 1995), <u>cert. dismissed</u>, 116 S. Ct. 1710 (1996).  The

23  complaint's "factual allegations must be enough to raise a right to relief above the speculative level

24  . . . ."  <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1965 (U.S. May 21, 2007) (allegations must

25  provide "plausible grounds to infer" that plaintiff is entitled to relief).  The court should grant 12(b)(6)

26  relief only where the complaint lacks either a "cognizable legal theory" or facts sufficient to support

27  ─────────────

28        [2]Reed Elsevier acquired Harcourt General, the company formed by the 1991 HBJ/GCC merger, in 2001.  (<u>See</u> Compl. at 20 ¶ 78; Mot. to Dismiss at 1-2.)

a cognizable legal theory.  <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990).  In

testing the complaint's legal adequacy, the court may consider material properly submitted as part of

the complaint or subject to judicial notice.  <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 763 (9th Cir. 2007).

Courts hold the allegations of a <u>pro se</u> complaint to less rigid standards than pleadings drafted

by lawyers.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  Dismissal of a <u>pro se</u> complaint without

leave to amend "is proper only if it is absolutely clear that the deficiencies of the complaint could not

be cured by amendment."  <u>Broughton v. Cutter Laboratories</u>, 622 F.2d 458, 461 (9th Cir. 1980) (per

curiam).

### 2.     Analysis

The dispute in this case boils down to one fundamental disagreement over how to characterize

the 1992 litigation and the present complaint.

Defendant argues that the current breach of contract claim repeats the allegations and claims

made by Plaintiff, and rejected by the district and appellate courts, in the 1992 litigation.  Defendant

explains that the complaints in the first round of the 1992 case sought an order compelling the

defendants to "'comply with the terms of the CONTRACT [by paying] in full the liquidation/maturity

price of the HBJ Preferred Stock of $13.50 per share, and unpaid dividends and interest . . . .'"  (Mot.

to Dismiss at 3-4 (quoting First Amended Compl., RJN Exh. C, at 13.)  Defendant also claims that

"the gravamen of plaintiff's [Fifth Amended Complaint in the 1992 case] was that his preferred shares

were being unlawfully divested, since they were being redeemed <u>and extinguished</u>, in exchange for

$.69 per share, as a result of the merger." (Mot. to Dismiss at 6.)  Accordingly, Defendant argues that

the Ninth Circuit's two opinions had the cumulative impact of fully and finally adjudicating <u>all</u> of

Plaintiff's rights related to his preferred shares.

Plaintiff argues that the current breach of contract claim differs from the 1992 claims because

each case addresses a separate set of rights related to the preferred shares.  He claims that the 1992

case addressed two issues: (1) the alleged breach of his "Liquidation Preference Contract," which

refers to the provision allowing shareholders to redeem the preferred stock upon liquidation; and (2)

his right of appraisal of the preferred shares, triggered by the 1991 merger.  In contrast, he argues that

the current case addresses the alleged breach of "the year 2003-07 Mandatory Redemption" contract

1    or contract provision.    Accordingly, Plaintiff believes that the Ninth Circuit's two opinions

2    conclusively resolved issues not raised in the current litigation.

3                            **a.    Res Judicata (Claim Preclusion)**

4        Defendant first argues that, as a result of the 1992 litigation, Plaintiff's current claim is barred

5    by res judicata.

6        The doctrine of res judicata prohibits a party from bringing a claim when a court of competent

7    jurisdiction has rendered a final judgment on the merits of the same claim in a prior action involving

8    the same parties or those in privity.    Hells Canyon Pres. Council v. United States Forest Serv., 403.

9    F.3d 683, 686 (9th Cir. 2005); International Nutronics, Inc. v. Isomediz, Inc., 28 F.3d 965, 969 (9th

10   Cir. 1994).    "Res judicata bars all grounds for recovery which could have been asserted, whether they

11   were or not, in a prior suit between the same parties on the same cause of action."    Clark v. Bear

12   Stearns & Co., 966 F.2d 1318, 1320 (9th Cir. 1992).

13       To determine whether claims in successive lawsuits involve the same cause of action, courts

14   consider: (1) whether rights or interests would be destroyed or impaired by prosecution of the later

15   filed action; (2) whether substantially the same evidence is presented in the actions; (3) whether the

16   suits involve infringement of the same right; and (4) whether the suits arise out of the same nucleus

17   of facts.    See A.V. Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982); see

18   also Jacobs v. CBS Broad., Inc., 291 F.3d 1173, 1177 (9th Cir. 2002) (federal court sitting in diversity

19   applies preclusion law of forum state, and "[u]nder California law, the preclusive effect of a prior

20   federal judgment is a matter governed by federal law").

21       **(1) Whether Rights or Interests Established in the Prior Judgment Would Be Destroyed**

22   **or Impaired**.  The 1992 litigation established that the merger extinguished Plaintiff's preferred shares

23   and that Plaintiff's only remedy arising out of the merger was an appraisal proceeding.    Critically, as

24   Defendant emphasizes, the 1991 merger extinguished Plaintiff's rights as an HBJ shareholder.    See

25   Czajkowski I (explaining New York Bus. Corp. Law § 623(e), under which dissenting shareholder

26   ceases to have any shareholder rights other than payment of fair value of shares).  If the current action

27   proceeded and resulted in a finding that Plaintiff had a right to mandatory redemption in 2003-2007,

28   this would eviscerate the rights and interests established in the 1992 case.  The first factor thus weighs

1    heavily in favor of preclusion.

2           **(2) Whether Substantially the Same Evidence is Presented in Both Actions**.  The court

3    does not have before it the full evidentiary record from the first action.  Because both actions arise out

4    of the same preferred HBJ shares, the evidence would substantially overlap.  The only new evidence

5    likely would relate to the non-redemption of shares in 2003-2007.  The second factor thus weighs in

6    favor of preclusion.

7           **(3) Whether the Suits Involved Infringement of the Same Right**.  Plaintiff contends that

8    the 1992 case involved infringement of his "Liquidation Preference" rights, whereas the current case

9    involves infringement of his "year 2003-07 Mandatory Redemption" rights.  (See, e.g., Compl. at 16.)

10   Despite his substantial efforts, Plaintiff has drawn an untenable distinction.

11          First, the allegations in the two cases are largely the same.  In the 1992 litigation, Plaintiff

12   alleged deprivation of his vested property rights in the HBJ preferred stock.  (See, e.g., RJN, Exh. E

13   (Fifth Amended Compl.) at 3 (alleging that merger took away Plaintiff's "valuable vested property

14   right" to "receive $13.50 per share with accrued dividends on June 30, 2003, or 'at any time'"); id.

15   at 8 (alleging that defendants destroyed Plaintiff's vested property rights, "i.e., [his] ownership of the

16   noncallable HBJ vested stock was impaired before its maturity date of June 30, 2003").)  In the current

17   case, Plaintiff also claims that Defendant deprived him of his vested property rights in the HBJ

18   preferred stock.

19          Second, the district and appellate courts' rulings clearly identified the nature of the issues

20   adjudicated in the 1992 case.  The Ninth Circuit unequivocally held that the merger extinguished

21   Plaintiff's shareholder rights, and that an appraisal proceeding was Plaintiff's only remaining remedy.

22   See Czajkowski I.[3]  Plaintiff had another chance to seek his one available remedy in the district court,

23   and the Ninth Circuit ultimately upheld the judgment against him.  Czajkowski II thus constitutes a

24   final resolution of all claims arising out of Plaintiff's HBJ preferred shares.  Plaintiff's attempt to cast

25

26   _____

27          [3]Plaintiff claims that his preferred shares are still outstanding.  He cites an HBJ expert
     witness's 1998 opinion that the 1991 merger did not trigger the redemption clause of the preferred

28   shares.  (See Compl., Exh. 3 (Decl. of P. Pfleiderer) at 2-3.)  The language in this declaration does not
     support Plaintiff's interpretation because the expert does not state that the preferred shares survived
     the merger.

1   his claims as separate breaches does not change this result.[4]

2          Therefore, the third factor weighs heavily in favor of preclusion.

3          **(4) Whether the Suits Arise Out of the Same Nucleus of Facts**.  Defendant relies most

4   heavily on this factor, claiming that this issue is dispositive.  This issue, like the others, leads back to

5   the fundamental disagreement over the nature of the previous and present cases.  Plaintiff argues that

6   the cases cannot share a nucleus of facts because the current case relates to alleged breaches in 2003-

7   2007.  Defendant responds that both cases share the same central facts: "the HBJ-GCC merger's effect

8   on plaintiff's 'vested property rights' to $13.50 per share and 12% dividends for his HBJ preferred

9   stock."  (Mot. to Dismiss at 11.)  As discussed above, the 1992 case and the current case arise out of

10  the same core set of events occurring in the late-1980s and early-1990s.  The alleged non-redemption

11  of shares in 2003-2007 does not alter these central events.  Accordingly, this factor weighs in favor

12  of preemption.

13         In sum, the court finds the current action barred by the res judicata doctrine.

14                          **b.         Collateral Estoppel (Issue Preclusion)**

15         Defendant also argues that, due to the 1992 case, Plaintiff's claim is barred by the doctrine of

16  collateral estoppel.

17         Similar to res judicata, collateral estoppel bars a party from relitigating an issue "that has been

18  <u>actually</u> litigated and <u>necessarily</u> decided" in a prior action.  <u>Clements v. Airport Auth. of Washoe</u>

19  <u>County</u>, 69 F.3d 321, 330 (9th Cir. 1995).  Collateral estoppel forecloses relitigation if "(1) there was

20  a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated

21  in that action; (3) the issue was lost as a result of a final judgment in that action; and (4) the person

22  against whom collateral estoppel is asserted was a party or in privity with a party in the previous

23  action."  <u>Kendall v. Visa U.S.A., Inc.</u>, ___ F.3d ___, 2008 U.S. App. LEXIS 5032, at *19 (9th Cir.

24  2008) (citation omitted).

25         Here, the collateral estoppel and res judicata analyses are very similar.  Plaintiff seeks to

26  relitigate the issue of his right to compensation arising out of his HBJ preferred stock.  Plaintiff had

27  _____

28         [4]The court agrees with Defendant's contention that the present complaint's characterization
    of the HBJ preferred shares as "debt" also does not constitute a material departure from the 1992
    claims.

1    a full and fair opportunity to litigate this issue in the 1992 litigation.  The issue was actually litigated

2    in a process that included two trips to the Ninth Circuit.  The district and appellate courts' decisions

3    constituted a final judgment.  Finally, Plaintiff was a party in the original action.  Accordingly,

4    Plaintiff is collaterally estopped from seeking payment related to his HBJ preferred stock.

5         In sum, the court finds the current action barred by the collateral estoppel doctrine.

6                          **c.     Statute of Limitations**

7         Defendant argues in the alternative that, even if res judicata and collateral estoppel principles

8    do not bar Plaintiff's complaint, the applicable statute of limitations does.

9         Under New York law, a contract claim must commence within six years of accrual.  New

10   York. Civ. Prac. Law & R. § 213(2).  Defendant contends that Plaintiff's claim for breach of the 2003-

11   2007 "mandatory redemption" provision accrued when HBJ merged into GCC in 1991.  Plaintiff

12   argues that the claim accrued when Defendant failed to redeem his preferred shares in 2003-2007.

13   Because the court dismisses the complaint based on both res judicata and collateral estoppel, however,

14   the court need not reach the statute of limitations issue.

15        In sum, the court denies the motion to dismiss with prejudice, as Plaintiff cannot cure the

16   complaint's deficiencies by amendment.

17                     **B.     Rule 11 Sanctions**

18        Defendant seeks Rule 11 sanctions, in the form of attorneys' fees and costs, on the grounds

19   that Plaintiff "persists in his vexatious and frivolous effort to obtain compensation for his HBJ

20   preferred stock" and that Plaintiff's complaint lacks a factual or legal basis.  (Mot. for Sanctions at

21   5.)

22                          **1.     Legal Standards**

23        Pursuant to Rule 11(b), the filing of a complaint is a representation to the court that,

24        to the best of the person's knowledge, information, and belief, formed
          after an inquiry reasonable under the circumstances,—

25        (1) it is not being presented for any improper purpose, such as to harass or to
26        cause unnecessary delay or needless increase in the cost of litigation;

27        (2) the claims, defenses, and other legal contentions therein are warranted by
          existing law or by a nonfrivolous argument for the extension, modification, or
28        reversal of existing law or the establishment of new law;

1    //

2          (3) the allegations and other factual contentions have evidentiary support or,
      if specifically so identified, are likely to have evidentiary support after a
3    reasonable opportunity for further investigation or discovery[.]

4    FRCP 11(b). Rule 11(c) authorizes sanctions where Rule 11(b) has been violated. Courts reserve the

5    imposition of sanctions "for the rare and exceptional case where the action is clearly frivolous, legally

6    unreasonable or without legal foundation." <u>Operating Eng'rs Pension Trust v. A-C Co.</u>, 859 F.2d

7    1336, 1344 (9th Cir. 1988). In appropriate cases, courts may enter Rule 11 sanctions against litigants

8    proceeding <u>in propia persona</u>. <u>See</u> <u>Cook v. Peter Kiewit Sons, Co.</u>, 775 F.2d 1030, 1036-37 (9th Cir.

9    1985).

10              **2.    Analysis**

11         Although Defendant does not cite specific subsections of Rule 11(b) allegedly violated,

12   Defendant appears to assert violations of Rule 11(b)(2) and (3). Defendant argues that Plaintiff could

13   not have made a reasonable inquiry because such an inquiry clearly would have revealed that the claim

14   was barred by res judicata, collateral estoppel, and the statute of limitations. (Mot. for Sanctions at

15   6.) Defendant claims that the futility of Plaintiff's claim "was made clear to several lawyers

16   representing plaintiff, who apparently agreed, since they did not choose to file the suit plaintiff chose

17   to file himself." (<u>Id.</u>) Defendant further argues that Plaintiff knew and understood that the 1991

18   merger extinguished all of his rights in the HBJ preferred stock and that the Ninth Circuit found

19   appraisal to be the only remedy. (<u>Id.</u> at 7.) Thus, Defendant seeks sanctions to deter Plaintiff from

20   pursuing a similar action in the future. Plaintiff's opposition brief largely fails to address the motion

21   for sanctions and essentially contains a continuation of his argument against dismissal. At oral

22   argument, Plaintiff reasserted the position that his claim has merit.

23         The court declines to award Rule 11 sanctions in this case. This is not a "rare and exceptional

24   case." Defendant has successfully demonstrated the claim- and issue-preclusive effect of the earlier

25   litigation on Plaintiff's current complaint. Nevertheless, Defendant has not shown that Plaintiff failed

26   to make a reasonable inquiry under the circumstances. Plaintiff appeared to retain at least two lawyers

27   in the hopes of pursuing his claim. He ultimately filed the complaint <u>in propia persona</u>. Letters

28   written by Plaintiff's former counsel show that both attorneys at some point suggested that Plaintiff

1    may have a viable claim.  (See Oppo. to Mot. to Dismiss, Exhs. 10, 11 (letters from C. Davidson to

2    K. Fitzgerald), Exh. 13 (letter from P. Lewis to K. Fitzgerald).[5])  This undermines Defendant's

3    argument that Plaintiff knew and understood that his claim was "hopelessly foreclosed." (Mot. for

4    Sanctions at 6.)

5            The court therefore denies the motion to award sanctions against this pro se litigant.

6                    **C.    Pre-Filing Order Against Vexatious Litigant**

7            Finally, Defendant argues that the court should enter a pre-filing order against Plaintiff based

8    on vexatious conduct.  Defendant specifically asks the court to enter a "narrowly tailored pre-filing

9    order, barring plaintiff from initiating further litigation over his HBJ preferred stock absent leave of

10   court" and ordering Plaintiff "to stop communicating with defendant or its successors regarding his

11   HBJ preferred shares."  (Mot. for Pre-Filing Order at 8.)

12                        **1.    Legal Standards**

13           District courts may restrict the activities of vexatious litigants under the All Writs Act, 28

14   U.S.C. § 1651(a).  De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990).  Nevertheless, pre-

15   filing orders against such litigants should rarely be entered.  Id.  The court must follow four guidelines

16   before issuing a pre-filing order: "(1) a plaintiff must be given adequate notice to oppose a restrictive

17   pre-filing order before it is entered; (2) a trial court must present an adequate record for review by

18   listing the case filings that support its order; (3) the trial court must further make substantive findings

19   as to the frivolousness or harassing nature of the plaintiff's filings; and (4) the order must be narrowly

20   tailored to remedy only the plaintiff's particular abuses." O'Loughlin v. Doe, 920 F.2d 614, 617 (9th

21   Cir. 1990) (citing De Long, 912 F.2d at 1147-49).

22                        **2.    Analysis**

23           Here, Defendant has given Plaintiff adequate notice to oppose a pre-filing order.  Plaintiff's

24   opposition again fails to respond to any of Defendant's arguments and focuses instead on the motion

25   to dismiss.

26   _____

27       [5]Defendant objects to these letters on hearsay and relevance grounds.  Although the exhibits
     are hearsay in regard to the motion to dismiss because Plaintiff offers them for the truth of their
28   contents, the exhibits are not hearsay as to the motion for sanctions because they would be admissible
     to show what Plaintiff's attorneys told him about his case.  The letters bear relevance to the motion
     for sanctions for the same reason.

1   The court declines to enter the requested pre-filing order.  As Plaintiff noted at oral argument,

2   Plaintiff has filed two lawsuits related to his HBJ preferred shares in this district and one in the

3   Northern District of Illinois.[6]  Despite his improper allegations of law-clerk bias in the 1992 litigation

4   and his apparent belief that the district and circuit courts erred, this record does not support a finding

5   that his activities were substantially numerous or abusive.  See De Long, 912 F.2d at 1147 (citing

6   cases in which litigants had filed 35 related complaints, Wood v. Santa Barbara Chamber of

7   Commerce, 705 F.2d 1515, 1523, 1526 (9th Cir. 1983), more than 50 frivolous cases, In re Oliver, 682

8   F.3d 443, 444 (3d Cir. 1982), and more than 600 complaints, In re Green, 669 F.2d 779, 781 (D.C. Cir.

9   1981)).  Furthermore, Plaintiff's argument indicates that he believes that the 2003-2007 time frame

10  represented his last chance to seek redemption of the preferred shares.  This suggests a lesser

11  likelihood of future claims arising out of his ownership of the stock.  Thus, despite the court's power

12  to reinforce the effects of claim and issue preclusion by enjoining repetitive litigation, see Wood, 705

13  F.2d at 1524, the court denies the request to impose a pre-filing order for failure to demonstrate

14  sufficiently vexatious conduct.[7]

15      **III.    CONCLUSION**

16      Based on the foregoing, the court hereby **GRANTS** the motion to dismiss with prejudice,

17  **DENIES** the motion for sanctions, and **DENIES** the motion for a pre-filing order.

18      The court intends this order to act as a clear and unequivocal holding that Plaintiff has no

19  remaining legal remedies arising out of his HBJ preferred stock.  Plaintiff is strongly cautioned to

20  //

21  //

22  //

23  _____

24      [6]The court in the Northern District of Illinois dismissed Plaintiff's action sua sponte for lack
    of subject matter jurisdiction.  See Czajkowski v. Reed Elsevier, Inc., No. 07 C 6971, Compl. (N.D.

25  Ill. Dec. 13, 2007).

26      [7]The court also has substantial concern regarding Defendant's request to enjoin Plaintiff from
    communicating with Defendant or its successor regarding Plaintiff's HBJ preferred shares.  This

27  request seeks what amounts to a restraining order governing Plaintiff's personal conduct.  Based on
    the state of the pleadings and the lack of a complaint or application seeking injunctive relief, the court

28  denies this request.  As Defendant's counsel also admitted at oral argument, the request for a
    restraining order is tied to the success of the motion for sanctions and request for a pre-filing order
    limiting future litigation.

1    //

2   recognize the legal impact of this holding, particularly as it relates to future litigation and requests for

3   sanctions or vexatious-litigant orders against Plaintiff.

4        **IT IS SO ORDERED.**

5   DATED:  March 20, 2008

6

7                                   Hon. Jeffrey T. Miller
                                   United States District Judge

8   cc:        All parties

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07cv2383