NAME AND ADDRESS OF ATTORNEY

Jerry Czajkowski
6370 Streamview Dr
San Diego, CA 92115

PHONE: (619) 287-2944



FILED

MAR 2 5 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

TRIAL JUDGE Hon. Jeffrey T. Miller           COURT REPORTER Debra Henson

JERRY CZAJKOWSKI

CIVIL NO. 07-cv-02383-JM-LSP

(Appellant/Appellee)       Plaintiff

vs

REED ELSEVIER INC.                           NOTICE OF APPEAL       (Civil)

(Appellant/Appellee)       Defendant

Notice if hereby given that  JERRY CZAJKOWSKI

   **x**   Plaintiff _____ Defendant above named, hereby appeals to the United States Court

of Appeals for the:   (check appropriate box)

   **x**   Ninth Circuit                                Federal Circuit

from the:     (check appropriate box)

_____**x**_____ Final Judgment                      Order (describe)

entered in this proceeding on the ___20___ day of   March   , 20 08   .
Transcripts required   **x**   Yes                    No.
Date civil complaint filed:    12/19/07

Date: 3/25/08

                                                  *J. Czajkowski*
                                                Signature

::ODMA\PCDOCS\WORDPERFECT\17861\1 May 5, 1999 (10:03am)

AO 450 Judgment in a Civil Case

# United States District Court
## SOUTHERN DISTRICT OF CALIFORNIA

JERRY CZAJKOWSKI

            V.                 **JUDGMENT IN A CIVIL CASE**

REED ELSEVIER, INC.,

                            **CASE NUMBER:** 07cv2383-JM(LSP)

☐ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED

the court hereby grants the motion to dismiss with prejudice, denies the motion for sanctions, and denies the motion for a pre-filing order. The court intends this order to act as a clear and unequivocal holding that Plaintiff has no remaining legal remedies arising out of his HBJ preferred stock. Plaintiff is strongly cautioned to recognize the legal impact of this holding, particularly as it relates to future litigation and requests for sanctions or vexatious-litigant orders against Plaintiff..................................................................
................................................................................................................................................................

| March 20, 2008 | W. Samuel Hamrick, Jr. |
|---|---|
| Date | Clerk |

S/ T. Lee
(By) Deputy Clerk

ENTERED ON March 20, 2008

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY CZAJKOWSKI,<br><br>              Plaintiff,<br><br>vs.<br><br>REED ELSEVIER, INC.,<br><br>              Defendant. | CASE NO. 07 CV 2383 JM (LSP)<br><br>**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE, DENYING MOTION FOR SANCTIONS, AND DENYING MOTION FOR PRE-FILING ORDER AGAINST VEXATIOUS LITIGANT**<br><br>**(Doc. Nos. 4, 9, 10)** |

   Plaintiff, a California resident, sued defendant Reed Elsevier in propia persona for breach of contract. This claim arises out of stock held by Plaintiff and his mother (now deceased) in the late-1980s and early-1990s. Defendant filed a motion to dismiss on January 3, 2008, arguing that Plaintiff's complaint is barred by res judicata, collateral estoppel, and the statute of limitations. (Doc. no. 4.) Defendant subsequently filed motions for Rule 11 sanctions and for a pre-filing order based on vexatious conduct. (Doc. nos. 9, 10.) Plaintiff opposed all three motions. The court deemed the motion to dismiss appropriate for decision without oral argument, see Civ. L.R. 7.1(d)(1), and heard oral argument on the other motions on March 19, 2008. For the reasons set forth below, the court hereby grants the motion to dismiss with prejudice, denies the motion for sanctions, and denies the motion for a pre-filing order.

//

I.  **BACKGROUND**

A.  **Plaintiff's HBJ Preferred Shares**

The following facts related to Plaintiff's HBJ stock have been taken from his complaint. In 1991, Harcourt Brace Jovanovich, Inc. ("HBJ"), a New York corporation, merged with General Cinema Corporation ("GCC"). (Compl. at 3-4 ¶ 14.) Plaintiff and his mother held preferred stock in HBJ at the time of the merger. (See Compl. at 12-13 ¶ 53.) As stated in a merger prospectus, the preferred shares contained the following terms:

> HBJ may, at its option, redeem shares of HBJ Preferred Stock in whole at any time, or from time to time in part, at a redemption price equal to the $13.50 per share liquidation preference plus accrued and unpaid dividends, if any, to the date fixed for redemption. HBJ is required to redeem, on June 30, 3003, and on each June 30 thereafter through June 30, 2006, 20% of all shares of HBJ Preferred Stock then outstanding and on June 30, 2007 all remaining shares of outstanding HBJ Preferred Stock, in each case at the redemption price of $13.50 per share, plus accrued interest and unpaid dividends, if any, to the date of redemption.

(Compl. at 5-6 ¶ 22.) Plaintiff objected to the merger. (Compl. at 7 ¶ 30.) HBJ purchased 5,083 preferred shares from Plaintiff at $0.69 per share, making an 80 percent cash advance of the full $3,507.27 and requesting surrender of the stock certificate in exchange for the remaining 20 percent payment. (Compl. at 7-8 ¶ 31.) Plaintiff and his mother rejected HBJ's "offer" and made a counteroffer of $65,809.60, to which HBJ did not respond. (Compl. at 8 ¶33, 16 ¶ 59.) Plaintiff claims that the 5,083 shares constituted only a fraction of the total number of shares he owned. (See Compl. at 12 ¶ 53.)

B.  **The 1992 Litigation: First Round**

Proceeding in propia persona, Plaintiff and his mother sued Peter Jovanovich and HBJ in California state court in February 1992 (the "1992 litigation"). The defendants removed the case to the United States District Court for the Southern District of California. See Czajkowski v. Jovanovich, No. 92CIV0431 B (AJB) (S.D. Cal.). Plaintiff and his mother claimed that HBJ violated a contract by purchasing their preferred shares at $0.69 per share rather than $13.50 per share plus unpaid dividends and interest. The district court ultimately granted the defendants' motion to dismiss.

On appeal, the Ninth Circuit reversed the order of dismissal and remanded the case. Czajkowski v. Jovanovich, No. 92-55787, 1994 WL 247089 (9th Cir. Jun. 8, 1994) ("Czajkowski I")

(Compl., Exh. 4). The circuit court determined that "the Czajkowskis' action is in essence a claim that they were not paid enough for their shares[.]" Id. at **3 (indicating that plaintiffs received compensation for all their shares). The court held that New York law governed and, under New York law, the plaintiffs' exclusive remedy was an appraisal proceeding. Id. at **2. This sole remedy foreclosed the plaintiffs' request for "equitable relief." The court remanded to allow the plaintiffs to amend their complaint to seek appraisal of the fair value of their shares.

### C.   The 1992 Litigation: Second Round

On remand, the district court granted leave to file a fifth amended complaint. The plaintiffs filed the fifth amended complaint in December 1995, alleging claims for breach of contract, breach of fiduciary duty, and fraud, and requesting appraisal of the fair value of the plaintiffs' HBJ preferred shares. (Def.'s Request for Judicial Notice ("RJN"), Exh. E (Fifth Amended Compl.).[1]) Instead of pursuing an appraisal proceeding, the plaintiffs then moved for summary judgment. The district court denied the motion on November 4, 1997. The court also denied the plaintiffs' subsequent motion for reconsideration of that order. (See RJN, Exh. F (Denial of Pls.' Mot. for Recon.).) The defendants then filed their own motion for summary judgment, which the court granted. The court denied the plaintiffs' motion for reconsideration on April 24, 1998.

The plaintiffs then appealed the grant of summary judgment for the defendants and the April 24, 1998 order denying reconsideration. Because the plaintiffs filed their notice of appeal almost three months after the summary judgment order, the Ninth Circuit dismissed that portion of the appeal for lack of jurisdiction. The circuit court affirmed the order denying reconsideration, concluding that "plaintiff essentially only sought to relitigate issues that were previously rejected by this court in [Czajkowski I], and plaintiffs have failed to demonstrate a sufficient basis" for reconsideration. Czajkowski v. Jovanovich, No. 98-55904, Mem. Op. at 2-3 (9th Cir. Apr. 15, 1999) ("Czajkowski II").

//
//

---

[1] Plaintiff objects to Defendant's RJN. Plaintiff argues that, under the doctrine of res judicata, the Ninth Circuit's denial of the defendant's request for judicial notice in Czajkowski II forecloses Defendant from seeking judicial notice here. This argument misconstrues the concept of res judicata, which is not appropriately applied to issues unrelated to the merits of a case.

D.     **The Current Case**

Plaintiff initiated the instant action against Reed Elsevier on December 19, 2007.[2] In addition to diversity jurisdiction, he asserts federal question jurisdiction based on Defendant's alleged violation of his rights under the United States Constitution. (See Compl. at 1 (federal question arising under U.S. Const. Art. I, § 10, and Amendment XIV, § 1).)

In his complaint, Plaintiff alleges a sole claim for breach of contract. He claims that he purchased 4,710 shares of the HBJ preferred stock between October 1989 and November 1990. (Compl. at 12.) He also alleges that his stock had grown to 83,165.50 shares by November 25, 1991 because the dividends on the preferred shares were to be paid in kind. Plaintiff alleges that Defendant breached its contractual promise to redeem Plaintiff's preferred shares on each June 30 from 2003-2007. (Compl. at 23.) Based on his own calculations, Plaintiff alleges that he owned 525,920.02 shares as of June 30, 2007, and that Defendant now owes him a total of $7,084,923.58 due to the breach of contract in 2003-2007. (Compl. at 24.)

II.    **DISCUSSION**

A.     **Motion to Dismiss**

Defendant argues that the court should dismiss the complaint under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

1.     **Legal Standards**

Rule 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). In evaluating a 12(b)(6) motion, the court must accept the complaint's allegations as true and construe them in the light most favorable to Plaintiff. See, e.g., Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (U.S. May 21, 2007) (allegations must provide "plausible grounds to infer" that plaintiff is entitled to relief). The court should grant 12(b)(6) relief only where the complaint lacks either a "cognizable legal theory" or facts sufficient to support

---

[2] Reed Elsevier acquired Harcourt General, the company formed by the 1991 HBJ/GCC merger, in 2001. (See Compl. at 20 ¶ 78; Mot. to Dismiss at 1-2.)

1  a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). In
2  testing the complaint's legal adequacy, the court may consider material properly submitted as part of
3  the complaint or subject to judicial notice. Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007).
4    Courts hold the allegations of a pro se complaint to less rigid standards than pleadings drafted
5  by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Dismissal of a pro se complaint without
6  leave to amend "is proper only if it is absolutely clear that the deficiencies of the complaint could not
7  be cured by amendment." Broughton v. Cutter Laboratories, 622 F.2d 458, 461 (9th Cir. 1980) (per
8  curiam).

9    **2. Analysis**

10    The dispute in this case boils down to one fundamental disagreement over how to characterize
11  the 1992 litigation and the present complaint.
12    Defendant argues that the current breach of contract claim repeats the allegations and claims
13  made by Plaintiff, and rejected by the district and appellate courts, in the 1992 litigation. Defendant
14  explains that the complaints in the first round of the 1992 case sought an order compelling the
15  defendants to "'comply with the terms of the CONTRACT [by paying] in full the liquidation/maturity
16  price of the HBJ Preferred Stock of $13.50 per share, and unpaid dividends and interest . . . .'" (Mot.
17  to Dismiss at 3-4 (quoting First Amended Compl., RJN Exh. C, at 13.) Defendant also claims that
18  "the gravamen of plaintiff's [Fifth Amended Complaint in the 1992 case] was that his preferred shares
19  were being unlawfully divested, since they were being redeemed and extinguished, in exchange for
20  $.69 per share, as a result of the merger." (Mot. to Dismiss at 6.) Accordingly, Defendant argues that
21  the Ninth Circuit's two opinions had the cumulative impact of fully and finally adjudicating all of
22  Plaintiff's rights related to his preferred shares.
23    Plaintiff argues that the current breach of contract claim differs from the 1992 claims because
24  each case addresses a separate set of rights related to the preferred shares. He claims that the 1992
25  case addressed two issues: (1) the alleged breach of his "Liquidation Preference Contract," which
26  refers to the provision allowing shareholders to redeem the preferred stock upon liquidation; and (2)
27  his right of appraisal of the preferred shares, triggered by the 1991 merger. In contrast, he argues that
28  the current case addresses the alleged breach of "the year 2003-07 Mandatory Redemption" contract

1 or contract provision. Accordingly, Plaintiff believes that the Ninth Circuit's two opinions
2 conclusively resolved issues not raised in the current litigation.

### a. Res Judicata (Claim Preclusion)

Defendant first argues that, as a result of the 1992 litigation, Plaintiff's current claim is barred by res judicata.

The doctrine of res judicata prohibits a party from bringing a claim when a court of competent jurisdiction has rendered a final judgment on the merits of the same claim in a prior action involving the same parties or those in privity. Hells Canyon Pres. Council v. United States Forest Serv., 403. F.3d 683, 686 (9th Cir. 2005); International Nutronics, Inc. v. Isomediz, Inc., 28 F.3d 965, 969 (9th Cir. 1994). "Res judicata bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action." Clark v. Bear Stearns & Co., 966 F.2d 1318, 1320 (9th Cir. 1992).

To determine whether claims in successive lawsuits involve the same cause of action, courts consider: (1) whether rights or interests would be destroyed or impaired by prosecution of the later filed action; (2) whether substantially the same evidence is presented in the actions; (3) whether the suits involve infringement of the same right; and (4) whether the suits arise out of the same nucleus of facts. See A.V. Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982); see also Jacobs v. CBS Broad., Inc., 291 F.3d 1173, 1177 (9th Cir. 2002) (federal court sitting in diversity applies preclusion law of forum state, and "[u]nder California law, the preclusive effect of a prior federal judgment is a matter governed by federal law").

**(1) Whether Rights or Interests Established in the Prior Judgment Would Be Destroyed or Impaired.** The 1992 litigation established that the merger extinguished Plaintiff's preferred shares and that Plaintiff's only remedy arising out of the merger was an appraisal proceeding. Critically, as Defendant emphasizes, the 1991 merger extinguished Plaintiff's rights as an HBJ shareholder. See Czajkowski I (explaining New York Bus. Corp. Law § 623(e), under which dissenting shareholder ceases to have any shareholder rights other than payment of fair value of shares). If the current action proceeded and resulted in a finding that Plaintiff had a right to mandatory redemption in 2003-2007, this would eviscerate the rights and interests established in the 1992 case. The first factor thus weighs

heavily in favor of preclusion.

**(2) Whether Substantially the Same Evidence is Presented in Both Actions.** The court does not have before it the full evidentiary record from the first action. Because both actions arise out of the same preferred HBJ shares, the evidence would substantially overlap. The only new evidence likely would relate to the non-redemption of shares in 2003-2007. The second factor thus weighs in favor of preclusion.

**(3) Whether the Suits Involved Infringement of the Same Right.** Plaintiff contends that the 1992 case involved infringement of his "Liquidation Preference" rights, whereas the current case involves infringement of his "year 2003-07 Mandatory Redemption" rights. (See, e.g., Compl. at 16.) Despite his substantial efforts, Plaintiff has drawn an untenable distinction.

First, the allegations in the two cases are largely the same. In the 1992 litigation, Plaintiff alleged deprivation of his vested property rights in the HBJ preferred stock. (See, e.g., RJN, Exh. E (Fifth Amended Compl.) at 3 (alleging that merger took away Plaintiff's "valuable vested property right" to "receive $13.50 per share with accrued dividends on June 30, 2003, or 'at any time'"); id. at 8 (alleging that defendants destroyed Plaintiff's vested property rights, "i.e., [his] ownership of the noncallable HBJ vested stock was impaired before its maturity date of June 30, 2003").) In the current case, Plaintiff also claims that Defendant deprived him of his vested property rights in the HBJ preferred stock.

Second, the district and appellate courts' rulings clearly identified the nature of the issues adjudicated in the 1992 case. The Ninth Circuit unequivocally held that the merger extinguished Plaintiff's shareholder rights, and that an appraisal proceeding was Plaintiff's only remaining remedy. See Czajkowski I.[3] Plaintiff had another chance to seek his one available remedy in the district court, and the Ninth Circuit ultimately upheld the judgment against him. Czajkowski II thus constitutes a final resolution of all claims arising out of Plaintiff's HBJ preferred shares. Plaintiff's attempt to cast

---

[3]Plaintiff claims that his preferred shares are still outstanding. He cites an HBJ expert witness's 1998 opinion that the 1991 merger did not trigger the redemption clause of the preferred shares. (See Compl., Exh. 3 (Decl. of P. Pfleiderer) at 2-3.) The language in this declaration does not support Plaintiff's interpretation because the expert does not state that the preferred shares survived the merger.

his claims as separate breaches does not change this result.[4]

Therefore, the third factor weighs heavily in favor of preclusion.

**(4) Whether the Suits Arise Out of the Same Nucleus of Facts.** Defendant relies most heavily on this factor, claiming that this issue is dispositive. This issue, like the others, leads back to the fundamental disagreement over the nature of the previous and present cases. Plaintiff argues that the cases cannot share a nucleus of facts because the current case relates to alleged breaches in 2003-2007. Defendant responds that both cases share the same central facts: "the HBJ-GCC merger's effect on plaintiff's 'vested property rights' to $13.50 per share and 12% dividends for his HBJ preferred stock." (Mot. to Dismiss at 11.) As discussed above, the 1992 case and the current case arise out of the same core set of events occurring in the late-1980s and early-1990s. The alleged non-redemption of shares in 2003-2007 does not alter these central events. Accordingly, this factor weighs in favor of preemption.

In sum, the court finds the current action barred by the res judicata doctrine.

**b.    Collateral Estoppel (Issue Preclusion)**

Defendant also argues that, due to the 1992 case, Plaintiff's claim is barred by the doctrine of collateral estoppel.

Similar to res judicata, collateral estoppel bars a party from relitigating an issue "that has been <u>actually</u> litigated and <u>necessarily</u> decided" in a prior action. <u>Clements v. Airport Auth. of Washoe County</u>, 69 F.3d 321, 330 (9th Cir. 1995). Collateral estoppel forecloses relitigation if "(1) there was a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated in that action; (3) the issue was lost as a result of a final judgment in that action; and (4) the person against whom collateral estoppel is asserted was a party or in privity with a party in the previous action." <u>Kendall v. Visa U.S.A., Inc.</u>, ___ F.3d ___, 2008 U.S. App. LEXIS 5032, at *19 (9th Cir. 2008) (citation omitted).

Here, the collateral estoppel and res judicata analyses are very similar. Plaintiff seeks to relitigate the issue of his right to compensation arising out of his HBJ preferred stock. Plaintiff had

---

[4] The court agrees with Defendant's contention that the present complaint's characterization of the HBJ preferred shares as "debt" also does not constitute a material departure from the 1992 claims.

- 8 -

07cv2383

a full and fair opportunity to litigate this issue in the 1992 litigation. The issue was actually litigated in a process that included two trips to the Ninth Circuit. The district and appellate courts' decisions constituted a final judgment. Finally, Plaintiff was a party in the original action. Accordingly, Plaintiff is collaterally estopped from seeking payment related to his HBJ preferred stock.

In sum, the court finds the current action barred by the collateral estoppel doctrine.

### c. Statute of Limitations

Defendant argues in the alternative that, even if res judicata and collateral estoppel principles do not bar Plaintiff's complaint, the applicable statute of limitations does.

Under New York law, a contract claim must commence within six years of accrual. New York. Civ. Prac. Law & R. § 213(2). Defendant contends that Plaintiff's claim for breach of the 2003-2007 "mandatory redemption" provision accrued when HBJ merged into GCC in 1991. Plaintiff argues that the claim accrued when Defendant failed to redeem his preferred shares in 2003-2007. Because the court dismisses the complaint based on both res judicata and collateral estoppel, however, the court need not reach the statute of limitations issue.

In sum, the court denies the motion to dismiss with prejudice, as Plaintiff cannot cure the complaint's deficiencies by amendment.

### B. Rule 11 Sanctions

Defendant seeks Rule 11 sanctions, in the form of attorneys' fees and costs, on the grounds that Plaintiff "persists in his vexatious and frivolous effort to obtain compensation for his HBJ preferred stock" and that Plaintiff's complaint lacks a factual or legal basis. (Mot. for Sanctions at 5.)

#### 1. Legal Standards

Pursuant to Rule 11(b), the filing of a complaint is a representation to the court that,

> to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

1  //

2      (3) the allegations and other factual contentions have evidentiary support or,
if specifically so identified, are likely to have evidentiary support after a
3      reasonable opportunity for further investigation or discovery[.]

4  FRCP 11(b). Rule 11(c) authorizes sanctions where Rule 11(b) has been violated. Courts reserve the

5  imposition of sanctions "for the rare and exceptional case where the action is clearly frivolous, legally

6  unreasonable or without legal foundation." Operating Eng'rs Pension Trust v. A-C Co., 859 F.2d

7  1336, 1344 (9th Cir. 1988). In appropriate cases, courts may enter Rule 11 sanctions against litigants

8  proceeding in propia persona. See Cook v. Peter Kiewit Sons, Co., 775 F.2d 1030, 1036-37 (9th Cir.

9  1985).

10      **2.   Analysis**

11      Although Defendant does not cite specific subsections of Rule 11(b) allegedly violated,

12  Defendant appears to assert violations of Rule 11(b)(2) and (3). Defendant argues that Plaintiff could

13  not have made a reasonable inquiry because such an inquiry clearly would have revealed that the claim

14  was barred by res judicata, collateral estoppel, and the statute of limitations. (Mot. for Sanctions at

15  6.) Defendant claims that the futility of Plaintiff's claim "was made clear to several lawyers

16  representing plaintiff, who apparently agreed, since they did not choose to file the suit plaintiff chose

17  to file himself." (Id.) Defendant further argues that Plaintiff knew and understood that the 1991

18  merger extinguished all of his rights in the HBJ preferred stock and that the Ninth Circuit found

19  appraisal to be the only remedy. (Id. at 7.) Thus, Defendant seeks sanctions to deter Plaintiff from

20  pursuing a similar action in the future. Plaintiff's opposition brief largely fails to address the motion

21  for sanctions and essentially contains a continuation of his argument against dismissal. At oral

22  argument, Plaintiff reasserted the position that his claim has merit.

23      The court declines to award Rule 11 sanctions in this case. This is not a "rare and exceptional

24  case." Defendant has successfully demonstrated the claim- and issue-preclusive effect of the earlier

25  litigation on Plaintiff's current complaint. Nevertheless, Defendant has not shown that Plaintiff failed

26  to make a reasonable inquiry under the circumstances. Plaintiff appeared to retain at least two lawyers

27  in the hopes of pursuing his claim. He ultimately filed the complaint in propia persona. Letters

28  written by Plaintiff's former counsel show that both attorneys at some point suggested that Plaintiff

1  may have a viable claim. (See Oppo. to Mot. to Dismiss, Exhs. 10, 11 (letters from C. Davidson to
2  K. Fitzgerald), Exh. 13 (letter from P. Lewis to K. Fitzgerald).[5]) This undermines Defendant's
3  argument that Plaintiff knew and understood that his claim was "hopelessly foreclosed." (Mot. for
4  Sanctions at 6.)
5       The court therefore denies the motion to award sanctions against this pro se litigant.
6            C.      **Pre-Filing Order Against Vexatious Litigant**
7       Finally, Defendant argues that the court should enter a pre-filing order against Plaintiff based
8  on vexatious conduct. Defendant specifically asks the court to enter a "narrowly tailored pre-filing
9  order, barring plaintiff from initiating further litigation over his HBJ preferred stock absent leave of
10 court" and ordering Plaintiff "to stop communicating with defendant or its successors regarding his
11 HBJ preferred shares." (Mot. for Pre-Filing Order at 8.)
12           1.      **Legal Standards**
13      District courts may restrict the activities of vexatious litigants under the All Writs Act, 28
14 U.S.C. § 1651(a). De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990). Nevertheless, pre-
15 filing orders against such litigants should rarely be entered. Id. The court must follow four guidelines
16 before issuing a pre-filing order: "(1) a plaintiff must be given adequate notice to oppose a restrictive
17 pre-filing order before it is entered; (2) a trial court must present an adequate record for review by
18 listing the case filings that support its order; (3) the trial court must further make substantive findings
19 as to the frivolousness or harassing nature of the plaintiff's filings; and (4) the order must be narrowly
20 tailored to remedy only the plaintiff's particular abuses." O'Loughlin v. Doe, 920 F.2d 614, 617 (9th
21 Cir. 1990) (citing De Long, 912 F.2d at 1147-49).
22           2.      **Analysis**
23      Here, Defendant has given Plaintiff adequate notice to oppose a pre-filing order. Plaintiff's
24 opposition again fails to respond to any of Defendant's arguments and focuses instead on the motion
25 to dismiss.

---

[5]Defendant objects to these letters on hearsay and relevance grounds. Although the exhibits are hearsay in regard to the motion to dismiss because Plaintiff offers them for the truth of their contents, the exhibits are not hearsay as to the motion for sanctions because they would be admissible to show what Plaintiff's attorneys told him about his case. The letters bear relevance to the motion for sanctions for the same reason.

The court declines to enter the requested pre-filing order. As Plaintiff noted at oral argument, Plaintiff has filed two lawsuits related to his HBJ preferred shares in this district and one in the Northern District of Illinois.[6] Despite his improper allegations of law-clerk bias in the 1992 litigation and his apparent belief that the district and circuit courts erred, this record does not support a finding that his activities were substantially numerous or abusive. See De Long, 912 F.2d at 1147 (citing cases in which litigants had filed 35 related complaints, Wood v. Santa Barbara Chamber of Commerce, 705 F.2d 1515, 1523, 1526 (9th Cir. 1983), more than 50 frivolous cases, In re Oliver, 682 F.3d 443, 444 (3d Cir. 1982), and more than 600 complaints, In re Green, 669 F.2d 779, 781 (D.C. Cir. 1981)). Furthermore, Plaintiff's argument indicates that he believes that the 2003-2007 time frame represented his last chance to seek redemption of the preferred shares. This suggests a lesser likelihood of future claims arising out of his ownership of the stock. Thus, despite the court's power to reinforce the effects of claim and issue preclusion by enjoining repetitive litigation, see Wood, 705 F.2d at 1524, the court denies the request to impose a pre-filing order for failure to demonstrate sufficiently vexatious conduct.[7]

### III.   CONCLUSION

Based on the foregoing, the court hereby **GRANTS** the motion to dismiss with prejudice, **DENIES** the motion for sanctions, and **DENIES** the motion for a pre-filing order.

The court intends this order to act as a clear and unequivocal holding that Plaintiff has no remaining legal remedies arising out of his HBJ preferred stock. Plaintiff is strongly cautioned to

//
//
//

---

[6] The court in the Northern District of Illinois dismissed Plaintiff's action sua sponte for lack of subject matter jurisdiction. See Czajkowski v. Reed Elsevier, Inc., No. 07 C 6971, Compl. (N.D. Ill. Dec. 13, 2007).

[7] The court also has substantial concern regarding Defendant's request to enjoin Plaintiff from communicating with Defendant or its successor regarding Plaintiff's HBJ preferred shares. This request seeks what amounts to a restraining order governing Plaintiff's personal conduct. Based on the state of the pleadings and the lack of a complaint or application seeking injunctive relief, the court denies this request. As Defendant's counsel also admitted at oral argument, the request for a restraining order is tied to the success of the motion for sanctions and request for a pre-filing order limiting future litigation.

1  //

2  recognize the legal impact of this holding, particularly as it relates to future litigation and requests for

3  sanctions or vexatious-litigant orders against Plaintiff.

4  **IT IS SO ORDERED.**

5  DATED: March 20, 2008

6  
_____
Hon. Jeffrey T. Miller
United States District Judge

7  cc:        All parties

# Notice of Appeal Notification Form

**To:** Clerk, U.S. Court of Appeals  
**From:** U.S. District Court, Southern District of California  
**Subject:** New Appeals Case Information & Docket Fee Notification  
**Date:** 03/26/08

## Case Information

Case Title: Czajkowski v. Reed Elsevier, Inc.

U.S.D.C. No.: 07cv2383 JM (LSP)   U.S.D.C. Judge: Jeffrey T. Miller

Complaint/Indictment/Petition Filed: Complaint

Appealed Order Entered: 03/20/08

Notice of Appeal Filed: 03/25/08

Court Reporter: N/A

COA Status: [ ] Granted in full/part (appeal only)   [ ] Denied (send clerk's file)

## Docket Fee Notification

Docket Fee: [x] Paid   [ ] Not Paid   [ ] No Fee Required

USA/GOVT. APPEAL: [ ] Yes   [x] No

Date F/P granted (Show Date and Attach Copy of Order): _____

Was F/P Status Revoked?   [ ] Yes   [ ] No

Companion Case(s): (Please list consolidated cases, if applicable) _____

## Counsel Information

**Appellant Counsel:**

Jerry Czajkowski

6370 Steamview Drive  
San Diego, CA 92115

(619)287-2944

**Appellee Counsel:**

Kenneth Moore Fitzgerald  
Latham and Watkins

600 West Broadway  
Suite 1800  
San Diego, CA 92101

(619)236-1234

Counsel Status: [ ] Retained   [ ] Appointed   [x] Pro Se  
Appointed by: _____  
(Attach copy of order/minutes)

## Defendant Information

Prisoner ID Number: _____

# UNITED STATES DISTRICT COURT
Southern District Of California
Office Of The Clerk
880 Front Street, Room 4290
San Diego, California 92101-8900
Phone: (619) 557-5600
Fax: (619) 702-9900

W. Samuel Hamrick, Jr.
Clerk of Court

To:    Clerk, U.S. Court of Appeals
P.O. Box 193939
San Francisco, CA 94119-3939

Re:    **USCA No:**
    **USDC No:**    07cv2383 JM (LSP)
    **Czajkowski v. Reed Elsevier, Inc.**

Clerk, U.S. Court of Appeals, enclosed herewith you will please find:

| | | | |
|---|---|---|---|
| x | Copy of the Notice of Appeal | x | Docket Entries |
| x | Case Information/Docket Fee Payment Notification Form | | |
| | Order for Time Schedule (Criminal) | | |
| | Original Clerk's Record in ___ set(s) of ___ volume(s). | | |
| | Reporter's transcript's transcripts in ___ set(s) of ___ volume(s). | | |
| | Exhibits in ___ envelope(s) ___ box(es) ___ folders(s) | | |
| x | Judgement Order | | F/P Order |
| | CJA Form 20 | | Minute Order |
| | Certificate of Record | | Mandate Return |
| | Magistrate Judge's Report and Recommendation | | |
| | COA Order | | |
| | Amended docket fee notification form | | |
| | Order Appointing Counsel for Appeal | | |
| x | Order granting Motion to Dismiss entered 3/20/08 | | |
| x | Please acknowledge on the enclosed copy of this transmittal | | |

Sincerely yours,

W. Samuel Hamrick, Jr.
Clerk of Court

Date: 03/26/08    By: **M. Zvers**
Marisa Zvers, **Deputy**